Robert Alan Jones, Esq.
*Pro hac vice*
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

CHRIS DIETRICH, Bar No. 092592
11300 West Olympic Boulevard
Suite 800
Los Angeles, California 90064
(310) 312-6888

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE**

| | |
|---|---|
| **VICKI R. SEIDEL**, Plaintiff, v. **UNITED STATES OF AMERICA,** Defendant. | CASE NO: 5:07-CV-03141 - JF Honorable Judge Jeremy Fogel Reference Docket No. 7 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR PARTIAL RECONSIDERATION OF COURT'S ORDER**

**FACTS**

The Internal Revenue Service (IRS) alleges that Thomas E. Seidel, the plaintiff's husband, was individually assessed a trust fund recovery penalty for failure to collect and pay over payroll taxes on his business, the T. E. Seidel, Inc. corporation in the amount in the excess of one million dollars ($1,007,918.53), including the accrued interest on the 100% penalty. It is undisputed that the IRS alleges that this personal penalty was assessed against Mr. Seidel on October 23, 1996. It is further undisputed that no assessment was ever made against Mrs.Vicki R. Seidel, the plaintiff herein.

The underlying complaint in the instant case states that the alleged assessment against Mr. Seidel was false, fraudulent, and never made, and therefore, the IRS has never in the past, and does not now, have any cause or claims to collect their proposed penalty against anyone, including specifically, the Seidels.

However, for purposes of this Motion for Partial Reconsideration only, it is assumed *arguendo* that there is an existing, legitimate claim of assessment against Mr. Seidel. That being the case, the facts continue as follows.

On or about April 10, 2007, there was delivered to Thomas E. Seidel and his representative, an IRS <u>Summary of Taxpayer Contact</u> (See Exhibit 1.) in which revenue officer Joe Smith threatened to take collection action against the personal residence owned jointly by Thomas E. and Vicki R. Seidel to collect the outstanding, alleged debt. Then on May 29, 2007 the revenue officer levied the bank accounts of Thomas E. Seidel and Vicki R. Seidel without notice. (See Exhibit 2 - Levies against bank accounts.) Included among the levies was a levy against plaintiff's personal bank account (See Exhibit 2c - Washington Mutual account no. 1881979373 1486), on and for which Mr. Thomas Seidel was neither an authorized signatory nor depositor into the account.

Then, on May 29, 2007, a levy and garnishment on the wages of Thomas E. and Vicki R. Seidel was issued to Mrs. Vicki R. Seidel's employer, Marc Goodwin, Inc., although Thomas Seidel has no connection with Marc Goodwin, Inc., the insurance agency which employs Mrs. Seidel. (See Exhibit 3 - Notice of Levy on Wages.)  Contained in this notice is the statement, "THIS LEVY ATTACHES TO 100% OF ALL COMPENSATION FOR THE MONTH OF JUNE. NO EXEMPTION AMOUNT."

Because this levy identifies the type of tax as civil penalty, the tax period as the one ended 9/30/96, and the total due as $1,007,918.53, it is not in dispute that this is an attempt of collection of trust fund recovery penalty allegedly owed by Thomas Seidel, not Vicki Seidel.

## **THE LAW**

In spite of the levy directions of the revenue officer**,** by statute certain exemptions apply as set out in IRC §6334, property exempt from levy (See Exhibit 4 - Copy of IRC §6334) including the IRS table for figuring exempt amounts (See Exhibit 5 - Publication 1494).   You will note that

the status of a taxpayer married and filing separate returns, as the plaintiff has done here, and claiming her three minor children as exemptions results in a monthly exemption of $1579.17, an amount which the IRS revenue officer illegally attempted to deprive her of.

Next, the Internal Revenue Manual Part 25 Special Topic, Chapter 18. Community Property, §4 Collection of Taxes in Community Property States (See Exhibit 6) provides in §25.18.4.1 sub-paragraph 2 the following language: "Thus, for example, if a husband incurs a separate tax liability, **a lien would attach to half of the wife's wages, which are community property**." (Emphasis added). Once again, the proposed levy ignores the rights of the wife, who was not assessed, to have her 50% interest in the property excluded from any levy on the husband's interests.

In summary, the proposed levy, Exhibit 3, attempted to attach 100% of all compensation, illegally violated the Internal Revenue Code and the Internal Revenue Manual by ignoring exemptions and the wife's community property interests. It frustrates the express will of Congress and the regulations of the Secretary of the Treasury, by trying to claim 100% of $4,485.66 (plaintiff's monthly salary), (See Exhibit 7- Levy as properly applied) when in fact even a proper legal levy, after taking into account exemptions and her personal interest, would have amounted to only about $785.12, not $4,485.66. In other words, in total violation of the law, the IRS revenue officer is attempting to starve Mrs. Seidel and her children, and turn her out of her home.

Therefore, because the amount of the proposed illegal levy is draconian and will deprive Mrs. Seidel of her ability to feed, clothe, and house her children, it indeed constitutes irreparable harm from which she may not recover, and should be enjoined immediately, and prior to other issues being heard in the proceedings in this case.

//
//
//
//
//

1 | Respectfully submitted June 22, 2007.

/s/ Robert Alan Jones
Robert Alan Jones, Esq.
*Pro hac vice*
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

/S/ Chris Dietrich
CHRIS DIETRICH, Bar No. 092592
11300 West Olympic Boulevard
Suite 800
Los Angeles, California 90064
(310) 312-6888

# CERTIFICATE OF SERVICE

This is to certify that on June 22, 2007, I caused to be served the foregoing **MEMORANDUM OF POINTS & AUTHORITIES,** using the electronic court filing system, and will be distributed to all parties shortly after its filing.

United States Attorney
Scott N. Schools, USA
United States Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
(415-436-7200)

Attorney General Alberto Gonzales
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
(202-353-1555)

Commissioner of Internal Revenue
Mark W. Everson
1111 Constitution Avenue NW
Washington, DC 20224-0002

Additionally:
by fax:

AUSA David L. Denier
9TH FLOOR
FEDERAL BUILDING
450 Golden Gate Ave.
Box 36055
San Francisco, CA 94102
(408) 535-5163
Fax: (415) 436-6748
david.denier@usdoj.gov

Dated this 22nd day of June, 2007.

_____

*/s/ Stephanie Burton*
Office of Robert Alan Jones