**EXHIBIT 6**



**Part 25. Special Topics**
**Chapter 18. Community Property**
**Section 4. Collection of Taxes in Community Property States**

## 25.18.4 Collection of Taxes in Community Property States

- 25.18.4.1  Context of Collection Issues
- 25.18.4.2  Process for Determining Collection Options
- 25.18.4.3  Management and Control and Collection
- 25.18.4.4  Premarital v. Post-Marital Obligations
- 25.18.4.5  Collecting Premarital Liabilities
- 25.18.4.6  Collecting Post-Marital Liabilities
- 25.18.4.7  Effect of Spouse's Death on Collection
- 25.18.4.8  Effect of Dissolution of the Community Property Regime on Collection
- 25.18.4.9  Effect of Marital Agreements on Collection
- 25.18.4.10  Effect of Community Property on Offers In Compromise
- 25.18.4.11  Community Property and Bankruptcy

### 25.18.4.1  (02-15-2005)
### Context of Collection Issues

1. Where spouses are jointly and severally liable for federal taxes on account of having filed a joint federal income tax return, the taxes may be collected from the separate property of either spouse or any of their community property. Community property collection issues rarely arise in this context. Community property collection issues typically arise where only one spouse owes a tax liability. This can come up in many contexts, but the most frequent examples are where spouses do not file returns, where they file separate returns, where one spouse is given innocent spouse relief, or where one spouse incurs employment taxes or is assessed a trust fund recovery penalty. The issue in these contexts is what assets are available to satisfy the obligations.

2. If a taxpayer neglects or refuses to pay assessed taxes after notice and demand, a federal tax lien arises against the taxpayer. IRC § 6321. The lien attaches to all of the taxpayer's property and rights to property. Id. Under federal law, the Service steps into the shoes of the taxpayer. United States v. Rodgers, 461 U.S. 677 (1983). State law determines a taxpayer's property and rights to property. Id. Because a federal tax lien against one spouse (but not the other spouse) attaches to "all of the taxpayer's property and rights to property," in a community property state the lien would attach to the liable spouse's one-half ownership interest in all items of community property. This gives the Service a collection right against this property. Thus, for example, if a husband incurs a separate tax liability, a lien would attach to half of the wife's wages, which are community property. This could not happen in a state that does not have community property. 

3. Under the laws of all community property states, under certain circumstances a private creditor has the right to collect a debt from all or part of both spouses' interests in community property. The Service can also rely on these state law remedies in collecting taxes. The Service's rights as a creditor under federal law may be supplemented by state law remedies, and the Service may satisfy delinquent tax obligations from more than one-half of community property. See Medaris v. United States, 884 F.2d 832 (5th Cir. 1989). Thus, in some states a levy for the husband's separate tax liability would attach to all of the wife's wages, or a levy on the husband's wages for the same liability would attach to all of the husband's wages, even though the wife has a half interest in them.

### 25.18.4.2  (02-15-2005)
### Process for Determining Collection Options

1. In the community property states, a federal tax lien will always attach to all of a liable spouse's