1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2  JAY R. WEILL (CSBN 75434)
   Assistant United States Attorney
3  Chief, Tax Division
   DAVID L. DENIER (CSBN 95024)
4  Assistant United States Attorney

5  9th Floor Federal Building
   450 Golden Gate Avenue, Box 36055
6  San Francisco, CA 94102
   Telephone:   (415) 436-6888
7  Fax:            (415) 436-6748

8  Attorneys for the United States of America

9          **IN THE UNITED STATES DISTRICT COURT FOR THE**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN JOSE DIVISION**

12 **VICKI R. SEIDEL,**                    )
                                           )  **NO. C-07-3141-JF**
13        **Plaintiff,**                   )
                                           )
14        **v.**                           )  **UNITED STATES' OPPOSITION**
                                           )  **TO PLAINTIFF'S MOTION FOR**
15 **UNITED STATES OF AMERICA,**           )  **PRELIMINARY INJUNCTION**
                                           )
16        **Defendant.**                   )  **DATE:      JULY 6, 2007**
                                           )  **TIME:       9:00 A.M.**
17

18 I.    PRELIMINARY STATEMENT

19        This is an action for injunctive relief brought by plaintiff pursuant to I.R.C. §§ 7421(a)

20 and 7426(b) and Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff seeks a

21 preliminary injunction ordering the Internal Revenue Service to return $321.30 allegedly seized

22 from Washington Mutual Bank, account no. 0980711488 on or about May 29, 2007, ordering the

23 Internal Revenue Service to return any monies seized pursuant to a levy of plaintiff's salary and

24 restraining the Internal Revenue Service from further levies on plaintiff's salary.

25 II.   STATEMENT OF FACTS

26        On October 23, 1996, Thomas E. Seidel, plaintiff's husband, was assessed $601,251.24

27 as a trust fund recovery penalty under I.R.C. § 6672 for the tax periods ending September 30,

28 1996. (Smith Decl. ¶ 3) This penalty was assessed on account of his failure to collect and pay

1    over employment taxes in his capacity as the president of T.E. Seidel Electric, Inc. (Smith Decl.
2    ¶ 3) The balance due on the trust fund recovery penalty assessment against Thomas E. Seidel as
3    of June 28, 2007, was $1,007,918.53. (Smith Decl. ¶ 5) Plaintiff was married to Thomas E.
4    Seidel at the time the tax debt was incurred and the Seidel's resided within the state of
5    California. (Smith Decl. ¶¶ 4 and 6)

6        On August 24, 2000, the IRS, by certified mail-return receipt, sent Thomas E. Seidel a
7    Final Notice, Notice of Intent To Levy and Notice of Your Right to a Hearing with respect to the
8    trust fund recovery penalty assessed against him. (Smith Decl. ¶ 8; Ex. 3) Thomas E. Seidel did
9    not respond to the Final Notice, Notice of Intent To Levy and Notice of Your Right to a Hearing;
10   he did not make a timely request for a Collection Due Process hearing. (Smith Decl. ¶ 9)

11       Pursuant to the IRS' policy to pursue collection against other sources prior to taking
12   action against a personal residence, on May 29, 2007, Revenue Officer Joe Smith issued six
13   levies with respect to the trust fund recovery penalty to the following entities: (1) Union Bank of
14   California; (2) Marc Goodwin, Inc.; (3) Comerica Bank; (4) Cool Pacific Land Company; (5)
15   Community Bank; and (6) Washington Mutual Bank. (Smith Decl. ¶ 10; Ex. 4) Union Bank of
16   California, Comerica Bank, Cool Pacific Land Company and Community Bank responded
17   negatively. Revenue Officer Smith has not received a response from Washington Mutual Bank
18   or Marc Goodwin, Inc. (Smith Decl. ¶ 11) On June 25, 2007, Revenue Officer Smith issued a
19   new levy to Marc Goodwin, Inc. attaching all compensation for the month of July 2007. The
20   previous levy to Marc Goodwin, Inc. attached all compensation for the month of June 2007.
21   (Smith Decl. ¶ 11)

22       The levies to Marc Goodwin, Inc. attach the salary of Vicki R. Seidel. No exemption was
23   given pursuant to IRC § 6334(a)(9) because the Seidels have other sources of income at least as
24   much as the exempt amount. The Seidels receive rental income from real property located at
25   617, 619, 621, and 623 Sherwood Drive, Salinas, California 93906, which property is held in the
26   name of the nominee Four Rivers Investment, Inc. In addition, Thomas E. Seidel is presently
27   doing business as Seidel Electrical and receiving income from that business. (Smith Decl. ¶¶ 7
28   and 13; Ex. 6)

**1**    Revenue Officer Smith issued levies attaching 100 percent of Vicki R. Seidel's salary in

**2**  payment of Thomas Seidel's tax debt because he understood that California Law allows a

**3**  creditor to collect a husband's separate debt from both the husband's and wife's interests in

**4**  community property.   (Smith Decl. ¶ 14)

**5**    While the ten-year statute of limitations on collection of the trust fund recovery penalty

**6**  ordinarily would have expired on October 23, 2006, the taxpayer filed an offer in compromise

**7**  with the IRS on October 19, 2000, which was returned to the taxpayer on April 2, 2003. The

**8**  pending offer in compromise extended the statute of limitations to January 18, 2008. In addition,

**9**  the Seidels filed a Chapter 7 bankruptcy on October 25, 1996. A Chapter 7 Discharge of Debtor

**10**  was filed on February 23, 1997. That bankruptcy extended the statute of limitations an additional

**11**  301 days. (Smith Decl. ¶ 15; Exs. 7 and 8)

**12**  III.    QUESTION PRESENTED

**13**    Whether the Internal Revenue Service's actions to collect the trust fund recovery penalty

**14**  assessed against Thomas E. Seidel should be enjoined.

**15**  IV.    ARGUMENT

**16**    A.    Legal Standard Governing Injunctive Relief

**17**    Section 7421(a) of the Internal Revenue Code (I.R.C.), commonly known as the Anti-

**18**  Injunction Act, prohibits any suit "for the purpose of retraining the assessment or collection of

**19**  any tax . . . by any person."   The Supreme Court has recognized that this statute must be given

**20**  an almost literal effect to accomplish its primary objective of protecting the tax collection

**21**  process from premature judicial interference pending a suit for refund. *Enochs v. Williams*

**22**  *Packing Co.*, 370 U.S. 1, 7-8 (1962); *United States v. American Friends Service Committee*, 419

**23**  U.S. 725, 736-37 (1974); *Commissioner v. "Americans United," Inc.*, 416 U.S. 752, 761-62

**24**  (1974). In addition, a collateral objective of the Act is to protect the tax collector from tax

**25**  litigation outside of the statutory scheme provided for by Congress. *Williams Packing*, 370 U.S.

**26**  at 7-8; *Commissioner v. Shapiro,* 424 U.S. 614, 628 (1976); *Rappaport v. United States*, 583

**27**  F.2d 298, 301 (7th Cir. 1979).

**28**  ///

1    An exception to the Anti-Injunction Act is provided in I.R.C. § 7426(b). I.R.C. §

2    7421(a). Section 7426(b) provides that court may grant an injunction to prohibit the enforcement

3    of a levy or to prohibit a sale where the levy or sale would irreparably injure rights in property

4    which the court determines to be superior to the rights of the United States in the property.

5    Section 7426 contains two distinct prerequisites to its application: (1) that the plaintiff

6    have an interest in or lien on the property at issue, and (2) that the levy be wrongful (*i.e.* that the

7    property not be the taxpayer's). The first of these requirements ensure standing; the second

8    focuses on the condition precedent to government seizure, a nexus between the taxpayer and the

9    property. *Flores v. United States*, 551 F.2d 1169, 1171 (9th Cir. 1977).

10    Aside from the statutory exceptions listed in Section 7421(a), the Supreme Court has

11    recognized a limited judicial exception to the prohibition contained in the statue. *Williams*

12    *Packing*, 370 U.S. at 7; *Bob Jones University v. Simon*, 416 U.S. at 736-37. Under this judicial

13    exception plaintiff has the burden of demonstrating that it is clear under no circumstances can the

14    government ultimately prevail and that he will suffer irreparable injury and lacks an adequate

15    remedy at law. *Commissioner v. Shapiro, supra*; *Schildcrout v. McKeever*, 580 F.2d 994 (9th

16    Cir. 1978).

17    The burden of showing entitlement for a preliminary injunction is on the plaintiff. In this

18    circuit, the moving party may meet its burden by demonstrating either (1) a combination of

19    probable success on the merits and the possibility of irreparable injury or (2) that the serious

20    questions are raised and the balance of hardships tips sharply in its favor. *Dr. Seuss Enters. v.*

21    *Penguin Books USA,* Inc., 109 F.3d 1394, 1397 n.1 (9th Cir. 1997); *Lydo Enterprises, Inc. v. City*

22    *of Las Vegas*, 745 F.2d 1211, 1211 (9th Cir. 1984); *Los Angeless Memorial Coliseum*

23    *Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). These standards

24    "are not separate tests but the outer reaches of a single continuum." *Intern'l Jensen. Inc. v.*

25    *Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993)(citation omitted). The continuum concept

26    means that if the district court is less certain of the likelihood of success on the merits, "the more

27    plaintiffs must convince the district court that the public interest and balance of hardships tip in

28    their favor." *Southwest Voter Registration Ed. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir.

1  2003). The court "must balance the competing claims of injury and must consider the effect on

2  each part of the granting or withholding of the requested relief" while giving the public interest in

3  the proceeding "particular regard." *Amoco Production Co. v. Village of Gambell, Alaska*, 480

4  U.S. 531 (1987).

5          B.      Plaintiff Cannot Succeed On The Merits Of Her Claims

6          Plaintiff contends that the levy action taken with respect to her bank account and her

7  salary was wrongful and should be enjoined. She contends that the United States cannot prevail

8  as a matter of law because the levy action was taken without proper notice and without affording

9  the taxpayer a due process hearing pursuant to I.R.C. § 6330. She further contends that because

10 the tax debt is her husband's, and not hers, that the IRS may not levy may not levy her bank

11 account or her salary. Plaintiff also contends that the ten-year statute of limitations on collection

12 of the trust fund recovery penalty has expired, so the tax debt is no longer collectible.

13          Plaintiff incorrectly asserts that the levy action was taken without proper notice and

14 without affording the taxpayer a collection due process hearing. The United States' rights in a

15 taxpayer's property are governed by the tax lien provisions of the Internal Revenue Code. I.R.C.

16 §§ 6312-6323. Sections 6321 and 6322 provide that a tax lien arises in favor of the United States

17 on the date of assessment and attaches to all property or rights to property belonging to a

18 taxpayer. Section 6323 is a priority granting statute as between a federal tax lien and certain

19 statutorily defined interests of third parties to the taxpayer's property. Under Section 6331, the

20 United States is authorized to collect delinquent taxes "by levy upon all property and rights to

21 property . . . on which there is a lien . . . for the payment of such tax." I.R.C. § 6331(a). The

22 taxpayer must be notified in writing of the intention to levy. I.R.C. § 6331(d)(1). On August 24,

23 2000, the IRS, by certified mail-return receipt, sent Thomas E. Seidel a Final Notice, Notice of

24 Intent To Levy and Notice of Your Right to a Hearing with respect to the trust fund recovery

25 penalty assessed against him. (Smith Decl. ¶ 8; Ex. 3)

26          As part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA

27 1998), Pub. L. No. 105-206, Sec. 3401, 112 Stat. 685, 746, Congress enacted I.R.C. § 6330 to

28 provide due process protections for taxpayers in tax collection matters. I.R.C. § 6330. The

statute provides that prior to the issuance of an administrative tax levy, the IRS must give the taxpayer notice of an opportunity for a CDP hearing before the IRS Office of Appeals. I.R.C. § 6330(a), (b). If the taxpayer requests a CDP hearing, he or she is entitled to such a hearing before the IRS Office of Appeals "with respect to the taxable period to which the unpaid tax [listed in the notice] relates." I.R.C. § 6330(b)(1), (2); Treas. Reg. § 301.6330-1(b), (d). The hearing is to be held before an officer or employee of the IRS who has had no involvement with respect to the taxes at issue prior to the first hearing, but this requirement may be waived by the taxpayer. I.R.C. § 6330(b)(3); Treas. Reg. § 301.6330-1(d). If the taxpayer requests a hearing, any levy actions will be suspended for the period during which the hearing, and appeals therein, are pending. I.R.C. § 6330(e)(1); Treas. Reg. § 301.6330-1(g). A taxpayer must request a CDP hearing within thirty days of the date notice of the right to a hearing is given. I.R.C. §§ 6330(a)(2) and (a)(3)(B); Treas. Reg. § 301.6330-1(c)(2), A-C3. Thomas E. Seidel was given notice of his right to a Collection Due Process hearing on August 24, 2000. (Smith Decl. ¶ 8; Ex. 3). He did not make a timely request for a Collection Due Process hearing. (Smith Decl. ¶ 9) Since the IRS satisfied all procedural prerequisites, it was entitled to levy upon all property and rights to property of Thomas E. Seidel for payment of the trust fund recovery penalty.

Plaintiff's contention that the IRS may not levy upon her bank account or salary to pay her husband's separate tax debt is incorrect. The trust fund recovery penalty at issue was assessed against Thomas E. Seidel on October 23, 1996. It is his tax debt. However, at the time the debt was incurred, Thomas E. Seidel was married to Vicki R. Seidel. Moreover, at the time they were married, they both resided within the State of California and continue to reside within State of California to this date. Thomas E. And Vicki R. Seidel were married sometime in 1993. Once married, any and all income earned or assets acquired during their marriage constitute community property. Cal. Fam. Code § 760 (West 2004). It is well settled that California community property is liable for either spouse's separate tax liabilities during marriage. *Babb v. Schmidt*, 496 F.2d 957, 959-60 (9th Cir. 1974). In California, the community estate is now liable for a debt incurred by either spouse *before or during* marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are

1   parties to the debt or to the judgment for the debt. Cal. Fam. Code § 910(a)(West 2004); *see,*

2   *e.g.*, *State Bd. of Equalization v. Woo*, 82 C.A.4th 481, 484, 98 C.R.2d 206 (2000)(wife's future

3   earnings were subject to husband's tax debt). A person's earnings during marriage, however, are

4   free of liability for a debt incurred by the person's spouse before marriage. Cal. Fam. Code §

5   911(a)(West 2004).[1]  Thus, the IRS may collect Thomas Seidel's tax debt from the Washington

6   Mutual Bank account held in Vicki R. Seidel's name and from the salary she receives from Marc

7   Goodwin, Inc.[2]

8          Plaintiff complains that the IRS failed to allow her the permissible exemptions under

9   I.R.C. § 6334(a)(9). In the case of a taxpayer who has more than one source of wages, salary or

10  other income, the IRS may elect to levy on only one or more sources while leaving other sources

11  of income free from levy. If the wages, salary, or other income that the IRS leaves free from levy

12  equal or exceed the amount to which the taxpayer is entitled as an exemption from levy, the IRS

13  "may treat no amount of the taxpayer's wages, salary, or other income" on which it elects to levy

14  as exempt. Treas. Reg. § 301.6334-2 (c)(1); *see United States v. Ryals*, 480 F.3d 1101, 1110

15  (11th Cir. 2007); *Melton v. Teachers Ins. & Annuity Association of America*, 114 F.3d 557, 559-

16  60 (5th Cir. 1997). In the present case. Revenue Officer Smith made the determination that the

17  Seidels had other sources of income and, thus, Vicki Seidel's salary was subject to complete

18  levy. (Smith Decl. ¶¶ 7 and 13; Ex. 6)

19         Finally, plaintiff's contention that the statute of limitations on collection bars the IRS's

20  levy action is without merit. The trust fund recovery penalty was assessed against Thomas E.

21  Seidel on October 23, 1996, and this event triggered the ten-year statute of limitations. I.R.C. §

22

23         [1]      A tax debt is incurred at the time the obligation arises. Cal. Fam. Code §
24  903(c)(West 2004) A tax obligation arises when the tax assessment is made. In the present case,
    the trust fund recovery penalty was assessed on October 23, 1996, during the Seidel's marriage.

25         [2]      In citing the Internal Revenue Manual for the proposition that the IRS will only
26  collect a separate tax debt from the taxpayer spouse's share of community property, plaintiff
    omits to inform the court that the section of the IRM immediately following that which was cited
27  by plaintiff provides where state law allows a creditor to collect a separate debt from both
28  spouses' interests in community property, "the husband's separate tax liability would attach to all
    of the wife's wages . . . " I.R.M. 25.18.4.1(3).

U.S.' Opp. To Pltff's Mot. For Prelim. Injunct.
(No. C-07-3141-JF)                                                7

1   6502(a)(1).  Offers in compromise operate as one way to suspend the running of the ten-year

2   statute of limitations.  *See* I.R.C. § 6331(k) and (i)(5).  In the absence of any offers in

3   compromise or other statutory provisions altering the ten-year period, the statute of limitations on

4   collection of the trust fund recovery penalty would have expired on October 23, 2006.  On

5   October 19, 2000, the taxpayer filed an offer in compromise with the IRS, which was returned to

6   the taxpayer on April 2, 2003.  (Smith Decl. ¶ 15; Ex. 7)  The statute of limitations was extended

7   to January 18, 2008, because of the pendency of the offer in compromise.  (Smith Decl. ¶ 15)  In

8   addition, the statute of limitations was extended an additional 301 days because the Seidels filed

9   a Chapter 7 bankruptcy on October 25, 1996, for which they received a discharge on February 23,

10  1997.  (Smith Decl. ¶ 15; Ex.8)  I.R.C. § 6502(h).  Thus, the statute of limitations on collection

11  of the trust fund recovery penalty at issue in this case has not expired.

12          C.      Plaintiff Has Not Established That She Will Be Irreparably Harmed

13          Plaintiff contends that she will be irreparably injured by the levy on her salary because

14  she will not have funds available to support herself and her children and because it interferes

15  with her employment relationship and professional reputation in the employment community.

16  Mere financial hardship does not cause irreparable injury.  *Hughes v. United States*, 953 F.2d

17  531, 536 (9th Cir. 1992); *Elias v. Connett*, 908 F.2d 521, 526 (9th Cir. 1990)(irreparable harm

18  not established when plaintiff "has failed to show that he will suffer more than mere monetary

19  harm of financial hardship if denied relief")  Moreover, the Seidels have other sources of income.

20  The levy on Vicki Seidel's salary will not deprive the family of sufficient funds to provide the

21  statutorily prescribed support.  (Smith Decl. ¶¶ 7 and 13; Ex. 6)

22  V.      CONCLUSION

23          For the foregoing reasons, plaintiff has failed to meet her burden by demonstrating either

24  (1) a combination of probable success on the merits and the possibility of irreparable injury or (2)

25  that the serious questions are raised and the balance of hardships tips sharply in her favor.  In

26  fact, plaintiff cannot possibly succeed on the merits because the levies in question are not

27  ///

28  ///

1  wrongful as a matter of law.  The property in question is property in which the taxpayer has an

2  interest.

3

4                                                   Respectfully submitted,

5                                                   SCOTT N. SCHOOLS
                                                    United States Attorney
6

7                                                   _____
                                                    DAVID L. DENIER
8                                                   Assistant United States Attorney
                                                    Tax Division
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28