1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2  JAY R. WEILL (CSBN 75434)
   Assistant United States Attorney
3  Chief, Tax Division
   DAVID L. DENIER (CSBN 95024)
4  Assistant United States Attorney

5  9th Floor Federal Building
   450 Golden Gate Avenue, Box 36055
6  San Francisco, CA 94102
   Telephone:   (415) 436-6888
7  Fax:         (415) 436-6748

8  Attorneys for the United States of America

9            IN THE UNITED STATES DISTRICT COURT FOR THE

10              NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12  VICKI R. SEIDEL,                    )
                                        )   NO.  C-07-3141-JF
13          Plaintiff,                  )
                                        )
14      v.                              )   DECLARATION OF
                                        )   JOE SMITH
15  UNITED STATES OF AMERICA,           )
                                        )
16          Defendant.                  )
                                        )
17  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

18      I JOE SMITH, pursuant to 28 U.S.C. § 1746, declare and state as follows:

19      1.    I am a duly employed revenue officer of the Internal Revenue Service with post of

20  duty in Santa Cruz, California, and performing my duties under the Area Director of Internal

21  Revenue, Oakland, California.

22      2.    In my capacity as a revenue officer, in the Fall of 2006, I was assigned the case of

23  Thomas E. Seidel for collection of the trust fund recovery penalty assessment under 26 U.S.C. §

24  6672 for the tax period ending September 30, 1996.

25      3.    On October 23, 1996, Thomas E. Seidel was assessed $601,251.24 as a trust fund

26  recovery penalty with respect to the unpaid employment taxes of T.E. Seidel Electric, Inc. for the

27  tax periods ending September 30, 1996.  Thomas E. Seidel was assessed the trust fund recovery

28  penalty on account of his failure to collect and pay over employment taxes in his capacity as

1  president of T.E. Seidel Electric, Inc.

2  4.    Thomas E. Seidel and Vicki R. Seidel have been married since at least 1993. For
3  1993, Thomas E. Seidel and Vicki R. Seidel filed a joint U.S. Individual Income Tax Return
4  (Form 1040).

5  5.    The balance due on the trust fund recovery penalty assessment against Thomas E.
6  Seidel as of June 28, 2007, was $1,007,918.53.

7  6.    The Seidels own two separate real properties which they hold in nominee entities.
8  The first real property which is their principal residence is located at 25360 Boots Road,
9  Monterey, California 93940. The property is held in the name of the Seidel Family Trust. That
10 property was transferred by Thomas E. Seidel and Vicki R. Seidel to the Seidel Family Trust by
11 Grand Deed on January 29, 2003. Attached hereto as Exhibit 1 is a true and correct copy of the
12 Grant Deed To A Revocable Trust. No consideration was paid for the real property. That real
13 property was acquired by Thomas E. Seidel and Vicki R. Seidel on August 7, 1993. Attached
14 hereto as Exhibit 2 is a true and correct copy of the Grant Deed transferring the property to
15 Thomas E. Seidel, an unmarried man, and Vicki R. Ficken, a single woman, as joint tenants.

16 7.    The second real property is located at 617, 619, 621, and 623 Sherwood Drive,
17 Salinas, California 93906. That real property is held in the name of Four Rivers Investments,
18 Inc. Four Rivers Investments, Inc. was incorporated in the State of Nevada in November 1998.
19 Vicki R. Seidel is listed in a number of documents as the owner and President of Four Rivers.
20 While the Seidels have attempted to keep Thomas's name off of documents related to Four
21 Rivers, his name has appeared on some, e.g. a termite report and an application for a P.O. Box.
22 The Internal Revenue Service has determined that Four Rivers is a nominee employed by the
23 Seidels to hold assets to avoid efforts by the IRS to collect  Thomas E. Seidel's unpaid tax
24 liabilities.

25 8.    On August 24, 2000, the IRS, by certified mail-return receipt, sent Thomas E.
26 Seidel a Final Notice, Notice of Intent To Levy and Notice of Your Right to a Hearing with
27 respect to the trust fund recovery penalty assessed against him. Attached hereto as Exhibit 3 is a
28 true and correct copy of the Notice.

1    9.    Thomas E. Seidel did not respond to the Final Notice, Notice of Intent To Levy

2  and Notice of Your Right to a Hearing, i.e., Thomas E. Seidel did not make a timely request for a

3  Collection Due Process hearing.

4    10.    Pursuant to the IRS' policy to pursue collection against other sources prior to

5  taking action against a personal residence, on May 29, 2007, I issued six levies with respect to

6  the trust fund recovery penalty to the following entities: (1) Union Bank of California; (2) Marc

7  Goodwin, Inc.; (3) Comerica Bank; (4) Cool Pacific Land Company; (5) Community Bank; and

8  (6) Washington Mutual Bank. Attached hereto as Exhibit 4 are true and correct copies of the

9  levies.

10    11.    Union Bank of California, Comerica Bank, Cool Pacific Land Company and

11  Community Bank responded negatively. I have not received a response from Washington

12  Mutual Bank or Marc Goodwin, Inc.

13    12.    On June 25, 2007, I issued a new levy to Marc Goodwin, Inc. attaching all

14  compensation for the month of July 2007. The previous levy to Marc Goodwin, Inc. attached all

15  compensation for the month of June 2007. Attached hereto as Exhibit 5 is a true and correct

16  copy of that levy.

17    13.    The levies to Marc Goodwin, Inc. attach the salary of Vicki R. Seidel. No

18  exemption was given pursuant to IRC § 6334(a)(9) because the Seidels have other sources of

19  income at least as much as the exempt amount. The Seidels receive rental income from real

20  property located at 617, 619, 621, and 623 Sherwood Drive, Salinas, California 93906, which

21  property is held in the name of the nominee Four Rivers Investment, Inc. In addition, Thomas E.

22  Seidel is presently doing business as Seidel Electrical and receiving income from that business.

23  Attached hereto as Exhibit 6 is a true and correct copy of the Washington Mutual Bank account

24  statement for account no. 315-214476-8, in the name of Thomas E. Seidel, DBA, Seidel

25  Electrical for the period from March 7, 2007 through March 31, 2007, which shows deposits in

26  the total amount of $16,429.11

27    14.    Internal Revenue Manual 25.18.4.1(2) states: "if a husband incurs a separate tax

28  liability, a lien would attach to half of the wife's wages, which are community property."

1  However, Internal Revenue Manual 25.18.4.1(3) provides where state law allows a creditor to

2  collect a separate debt from both spouses' interests in community property, "the husband's

3  separate tax liability would attach to all of the wife's wages . . . " It is my understanding that

4  California Law allows a creditor to collect a husband's separate debt from both the husband's and

5  wife's interests in community property.

6      15.      The trust fund recovery penalty was assessed against Thomas E. Seidel on

7  October 23, 1996. Therefore, the ten year statute of limitations on collection ordinarily would

8  have expired on October 23, 2006. However, the taxpayer filed an offer in compromise with the

9  IRS on October 19, 2000, which was returned to the taxpayer on April 2, 2003. Attached hereto

10  as Exhibit 7 are copies of the Offer in Compromise and the letter returning the Offer in

11  Compromise to the taxpayer. The pending offer in compromise extended the statute of

12  limitations to January 18, 2008. In addition, the Seidels filed a Chapter 7 bankruptcy on October

13  25, 1996. A Chapter 7 Discharge of Debtor was filed on February 23, 1997. Thomas E. Seidel

14  was in bankruptcy for 121 days. That extends the statute of limitations an additional 301 days

15  (121 days + 180 days). Attached hereto as Exhibit 8 are copies of the Notice of Commencement

16  of Case under Chapter 7 of Bankruptcy Code and Chapter 7 Discharge of Debtor.

17      I declare under penalty of perjury that the foregoing is true and correct.

18      Executed June 28, 2007, at San Francisco, California.

JOE SMITH

APN: 416-194-015

RECORDING REQUESTED BY:
**DENNIS W. FOX**
Attorney at Law

WHEN RECORDED MAIL TO:
Mr. and Mrs. Thomas E. Seidel, Co-Trustees
25360 Boots Road
Monterey, California 93940

Stephen L. Vagnini                           CRLISA
Monterey County Recorder             2/07/2003
Recorded at the request of              14:08:21
**Attorney**

DOCUMENT: **2003015419**   Titles: 1/ Pages:

Fees .... 20.00
Taxes ...
Other ...
AMT PAID   $20.00

*THIS SPACE FOR RECORDER'S USE ONLY*

*This Conveyance Transfers the Grantors' Interest
to their Revocable Living Trust and is exempt
from the Documentary Transfer Tax pursuant to R & T §11911.*

# GRANT DEED TO A REVOCABLE TRUST

THOMAS E. SEIDEL and VICKI R. SEIDEL (who took title under her maiden name of
VICKI R. FICKEN),

HEREBY GRANT TO

THOMAS E. SEIDEL and VICKI R. SEIDEL, or their successors, as trustees of THE SEIDEL
FAMILY TRUST, U/A dated January 29, 2003,

ALL INTEREST IN AND TO THAT PROPERTY situated in the County of Monterey, State of
California, bounded and described as set forth in Exhibit "A" (attached hereto and incorporated herein
by reference).

Said Trustee shall have the power and authority to protect, to conserve, to lease, to encumber, or otherwise to manage and
dispose of the hereinabove described real property; including, but not limited to, the power to convey.

Executed on this 29th day of January, 2003, in Monterey County, California.

THOMAS E. SEIDEL                                    VICKI R. SEIDEL

STATE OF CALIFORNIA          )
                            ) ss.
COUNTY OF MONTEREY           )

On this 29th day of January, 2003, before me (the undersigned, a Notary Public), the undersigned, personally appeared
THOMAS E. SEIDEL and VICKI R. SEIDEL, personally known to me (or proved to me on the basis of satisfactory
evidence) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they
executed the same in their authorized capacities, and that by their signature on the instrument the persons, or the entity upon
behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

NICHOLE HYDE
COMM. 1243210
NOTARY PUBLIC - CALIFORNIA
MONTEREY COUNTY
My Comm. Expires Nov. 23, 2003

NOTARY PUBLIC

**MAIL TAX STATEMENTS TO:** *Mr. and Mrs. Thomas E. Seidel, T'tees, 25360 Boots Road, Monterey, California 93940*

Exhibit 1

# EXHIBIT "A"

### PARCEL I:

Lot 15, as shown on that certain map entitled, "Tract No. 1041, Mesa Hills West", filed for record October 21, 1986 in Volume 16, Cities and Towns, at Page 4.  Reserving therefrom all that portion of Boots Road (a private road), lying within said Lot 15.

### PARCEL II:

Together with a non-exclusive easement for ingress, egress and public utilities 60 feet in width over all of that certain easement known as "Ridge Road", described in the Deed recorded in Reel 556, Official Records of Monterey County at Page 135, reserving therefrom unto Grantor, its successors and assigns, the right to dedicate the same or any thereof to the County of Monterey or other appropriate political subdivision of the State of California.

### PARCEL III:

Together with a non-exclusive easement for ingress, egress and public utilities 60 feet in width over all of that certain easement (Parcels 1-6 inclusive) described in the Deed recorded in Reel 591, Page 86, Official Records of Monterey County, reserving therefrom unto Grantor, its successors and assigns the right to dedicate the same or any thereof to the County of Monterey or other appropriate political subdivision of the State of California.

### PARCEL IV:

A non-exclusive easement for ingress, egress and public utilities over all those certain lands described in the deed from Indian Ridge Development Corp., a Massachusetts Corporation to Western Title Guaranty Company, Monterey County Division, a corporation, dated February 23, 1970 and recorded March 10, 1970 in Reel 642, page 628, Under Recorder's Series No. G05495, Monterey County Records.

Excepting therefrom all that portion of the easement described in the deed to Indian Ridge Development Corporation, dated May 3, 1968 and recorded May 6, 1968, on Reel 556, Official Records, at page 135, which was abandoned and lies between the Easterly and Westerly points of the easement described in Parcel VII, herein.

### PARCEL V:

A non-exclusive easement for ingress, egress and public utilities over all those certain lands described in the deed from Utah Construction and Mining Co., a Delaware Corporation to Western Title Guaranty Company, Monterey County Division, a California Corporation dated February 23, 1970 and recorded March 10, 1970, on Reel 642, Page 635, Official Records.

Excepting therefrom all that portion of easement I-J-L described therein which was abandoned and lies between the Easterly and Westerly points of the easement described in Parcel VII, herein.

Also excepting therefrom all that certain easement designated as "Future Easement", as set out in said instrument.

PARCEL VI:

A non-exclusive easement for road and utility purpose 84 feet wide as shown on Record of Survey of Division of 32.719 Acre Parcel in City Lands of Monterey, Tract No. 2, Monterey County, California, filed for record September 11, 1970 in Volume 9 of surveys at Page 107.

Excepting therefrom all that portion lying within the easement conveyed to Western Title Guaranty Company, Monterey County Division dated February 23, 1970 and recorded March 10, 1970 on Reel 642, Official Records at Page 635.

PARCEL VII:

Non-exclusive easements for ingress, egress and public utilities over, under and along a portion of the Lands of Utah Construction and Mining Company, described in "Parcel B-2" of the deed recorded in Reel 620, Official Records of Monterey County, Page 428; said easement being 84 feet in width and lying 42 feet on each side of the following described centerline:

EASEMENT "WEST"

Beginning at a point on the East boundary of said lands of Utah Construction and Mining Company, distant thereon North, 600.84 feet from the Southeast corner of said lands; thence E. 73° 40' 30" W., 768.82 feet to a tangent intersection of the arc of that certain 1000.00 foot radius curve described in that certain existing "Ingress, Egress and Public Utilities Easement IJL", Records of Monterey County, from which the radius thereof bears N. 16° 19' 30" W., and the Easterly terminus of said curve bears 111.11 feet along the arc thereof, through a central angle of 6° 21' 58"; herein described easement being fully contiguous at its westerly terminus to said existing "Easement IJL", and fully contiguous at its Easterly terminus to a line that bears North.

EASEMENT "EAST"

Beginning at a point on the East boundary of said Lands of Utah Construction and Mining Company, distant thereon North, 600.84 feet from the Southeast corner of said lands; thence N. 73° 40' 30" W., 199.20 feet to a tangent intersection of the arc of that certain 1000.00 foot radius curve having a central angle of 9° 03' 57" and an arc length of 158.23 feet, described in that certain deed to "60 foot wide Easement", recorded in Reel 556, Page 1235, Official Records, of Monterey County, and also in that certain "Easement to Increase Width of Saddle Road Right-of-Way to 84 Feet", described in deed recorded in Reel 642, Page 632, Official Records of Monterey County, from which intersection, the radius thereof bears N. 16° 19' 30" W., and the Westerly terminus of said curve bears 122.67 feet along the arc thereof, through a central angle of 7° 01' 42"; herein described easement being fully contiguous at its Easterly terminus to said easements described in said deeds recorded in Reel 556, Page 135, and in Reel 642, Page 632, and fully contiguous at its Westerly terminus to a line that bears North.

PARCEL VIII:

All those certain easements for natural drainage purposes, over certain real property situate in the County of Monterey, State of California, lying within the boundary of that certain 3.532 acre parcel described in the deed from Utah Construction and Mining Company to Edward F. Hogan and Margaret M. Hogan, dated May 19, 1970 and recorded July 6, 1970 in Reel 657, Page 144, Official Records of Monterey County, and also lying within the boundary of that certain 1200.020 acre parcel described in deed to Hidden Hills Land Company, recorded January 25, 1967 in Reel 491, Page 279,

Official Records of Monterey County, said easements being more particularly 20 feet in width and lying 10 feet on each side of the following described centerlines:

EASEMENT A:

Beginning at the existing outfall of an 18" storm drain within the boundary of said 1200.020 acre parcel bears S. 28° 53' W., 41.87 feet; thence along a natural drainage course

(1)    N. 24° 00' E., 85 feet; thence

(2)    N. 12° 00' E., 160 feet; thence

(3)    N. 16° 30' E., 178 feet; thence

(4)    N. 9° 00' E., 178 feet; thence

EASEMENT B:

Beginning at the existing outfall of an 18" storm drain within the boundary of said 3.532 acre parcel from which the Southerly corner of said 3.532 acre parcel bears S. 28° 16' 35" E., 441.37 feet; thence along a natural drainage course

(1)    N. 87° 00' E., 147 feet; thence

(2)    N. 46° 00' E., 86.59 feet to an intersection with the Westerly boundary of said 1200.020 acre parcel; thence entering said 1200.020 acre parcel

(3)    N. 46° 00' E., 231.41 feet to an intersection with the Northerly terminus course (4) of "Easement A", herein described; thence

(4)    N. 69° 30' E., 260 feet.

EASEMENT C:

Beginning at the existing outfall of an 18" storm drain within the boundary of said 3.532 acre parcel from which the Southerly corner of said 3.532 acre parcel bears S. 4° 54' 25" E., 860.48 feet; thence along a natural drainage course

(1)    S. 82° 30' E., 74.23 feet to an intersection with the Westerly boundary of said 1200.020 acre parcel; thence entering said 1200.020 acre parcel

(2)    S. 82° 30' E., 150.77 feet; thence

(3)    S. 75° 00' E., 130 feet; thence

(4)    S. 57° 30" E., 160 feet to an intersection with the Northeasterly terminus of course (4) of "Easement B", herein described; thence

(5)    N. 76° 30' E., 183 feet; thence

(6)    N. 55° 30' E., 262 feet; thence

(7)    N. 53° 30' E., 378 feet; thence

(8)    N. 75° 30' E., 134 feet; thence

(9)    N. 75° 00' E., 178 feet; thence

(10)    N. 1° 00' E., 366 feet; thence

(11)    N. 9° 00' E., 143 feet; thence

(12)    N. 26° 00' E., 168 feet; thence

(13)    N. 41° 00' E., 388 feet; thence

(14)    N. 30° 00' E., 513 feet; thence

(15)    N. 40° 30' E., 127.50 feet to an intersection with the boundary of said 1200.020 acre parcel, from which the Southerly right-of-way line of the Salinas-Monterey Highway (80 feet wide), described in said deed to Hidden Hills Land Company, bears N. 38° 48' 25" W., 469.02 feet.

PARCEL IX:

An easement for sanitary sewer purposes, lying within the boundary of that certain 1200.020 acre parcel described in deed to Hidden Hills Land Company, recorded January 25, 1967 in Reel 491, Page 279, Official Records of Monterey County, said easement being more particularly 10 feet in width and lying 5 feet on each side of the following described centerline:

Beginning at a point on the Westerly boundary of said 1200.020 acre parcel, from which the Southwesterly corner thereof bears South, 3910.50 feet; thence

(1)    N. 53° 00' E., 110.00 feet; thence

(2)    North, 60.00 feet; thence

(3)    N. 43° 30' W., 127.62 feet to an intersection with said Westerly boundary of said 1200.020 acre parcel.

PARCEL X:

Non-exclusive easement for ingress and egress over roads designated as "Hidden Mesa Place", "Hidden Mesa Court" and various unnamed new roads shown on the maps as "road and utility easements", said maps filed October 21, 1986, "Tract Nos. 1040, 1041 and 1042, in Volume 16 of Maps, "Cities and Towns", at Page 3, 4, and 5.

PARCEL XI:

Non-exclusive easement for ingress, and egress over "Hidden Mesa Road", (a private road), shown on map filed for record October 21, 1986, on map entitled "Tract 1041 Mesa Hills West", in Volume 16 of Maps Cities and Towns, at Page 4.


END OF DOCUMENT

RECORDING REQUESTED BY
ORDER # Old Republic Title Company
M-154927-MHD
APN  416-194-15
WHEN RECORDED MAIL TO

Name
Street    Thomas E. Seidel & Vicki R.
Address   Ficken
City &    312 Kings St.
State     Salinas, CA.  93905

REEL **2980** PAGE **195**

| R | 8 |
|---|---|
| M | 1 |
| RF | 6 |
| TC | 5 |
| T | 20 |

Recorded at the Request of
OLD REPUBLIC TITLE CO.

AUG 11 1993

**54337**

8:00 A.M.
MONTEREY COUNTY RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Grant Deed

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 485.10
( X ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area: (   ) City of _____
(   ) Realty not sold.
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Marco Salvatore Randazzo, an unmarried man

hereby GRANT(S) to  Thomas E. Seidel, an unmarried man and Vicki R. Ficken, a single
woman, as Joint Tenants

that property in MONTEREY                                          County,
State of California, described as:
See Legal Description attached hereto and made a part hereof.

$ 485.10
TRANSFER TAX PAID
MONTEREY COUNTY

Mail tax statements to  Grantee at address above

Date  August 7, 1993

_Marco Salvatore Randazzo_
Marco Salvatore Randazzo

STATE OF CALIFORNIA
COUNTY OF Monterey
On August 10, 1893                before me, the
undersigned, a Notary Public in and for said State, personally appeared
Marco Salvatore Randazzo

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS  my hand and official seal.
Signature _____
Name  Michael A. Davi
     (typed or printed)

OFFICIAL SEAL
MICHAEL A. DAVI
Notary Public-California
Monterey County-743978
My Commission Expires
March 17, 1996

(This area for official notarial seal)

Exhibit 2

MAIL TAX STATEMENTS AS DIRECTED ABOVE

REEL **2980** PAGE **196**

OLD REPUBLIC TITLE

ORDER NO. M-154927

The land referred to in this Report is situated in the County of ___Monterey___, in the unincorporated area, State of California, and is described as follows:

PARCEL I:

Lot 15, as shown on that certain map entitled, "Tract No. 1041, Mesa Hills West", filed for record October 21, 1986 in Volume 16, Cities and Towns, at Page 4. Reserving therefrom all that portion of Boots Road (a private road), lying within said Lot 15.

PARCEL II:

Together with a non-exclusive easement for ingress, egress and public utilities 60 feet in width over all of that certain easement known as "Ridge Road", described in the Deed recorded in Reel 556, Official Records of Monterey County at Page 135, reserving therefrom unto Grantor, its successors and assigns, the right to dedicate the same or any thereof to the County of Monterey or other appropriate political subdivision of the State of California.

PARCEL III:

Together with a non-exclusive easement for ingress, egress and public utilities 60 feet in width over all of that certain easement (Parcels 1-6 inclusive) described in the Deed recorded in Reel 591, Page 86, Official Records of Monterey County, reserving therefrom unto Grantor, its successors and assigns the right to dedicate the same or any thereof to the County of Monterey or other appropriate political subdivision of the State of California.

PARCEL IV:

A non-exclusive easement for ingress, egress and public utilities over all those certain lands described in the deed from Indian Ridge Development Corp., a Massachusetts Corporation to Western Title Guaranty Company, Monterey County Division, a corporation, dated February 23, 1970 and recorded March 10, 1970 in Reel 642, page 628, Under Recorder's Series No. 005495, Monterey County Records.

Excepting therefrom all that portion of the easement described in the deed to Indian Ridge Development Corporation, dated May 3, 1968 and recorded May 6, 1968, on Reel 556, Official Records, at Page 135, which was abandoned and lies between the Easterly and Westerly points of the easement described in Parcel VII, herein.

PARCEL V:

A non-exclusive easement for ingress, egress and public utilities over all those certain lands described in the deed from Utah Construction and Mining Co., a Delaware Corporation to Western Title Guaranty Company, Monterey County

Page 3 of 11 Pages

OR 3157-4

OLD REPUBLIC TITLE

ORDER NO.  M-154927

REEL **2980** PAGE **197**

Division, a California Corporation dated February 23, 1970 and recorded March 10, 1970, on Reel 642, Page 635, Official Records.

Excepting therefrom all that portion of easement I-J-L described therein which was abandoned and lies between the Easterly and Westerly points of the easement described in Parcel VII, herein.

Also excepting therefrom all that certain easement designated as "Future Easement", as set out in said instrument.

PARCEL VI:

A non-exclusive easement for road and utility purpose 84 feet wide as shown on Record of Survey of Division of 32.719 Acre Parcel in City Lands of Monterey, Tract No. 2, Monterey County, California, filed for record September 11, 1970 in Volume 9 of Surveys at Page 107.

Excepting therefrom all that portion lying within the easement conveyed to Western Title Guaranty Company, Monterey County Division dated February 23, 1970 and recorded March 10, 1970 on Reel 642, Official Records, at Page 635.

PARCEL VII:

Non-exclusive easements for ingress, egress and public utilities over, under and along a portion of the lands of Utah Construction and Mining Company, described in "Parcel B-2" of the deed recorded in Reel 620, Official Records of Monterey County, Page 428; said easement being 84 feet in width and lying 42 feet on each side of the following described centerline:

EASEMENT "WEST"

Beginning at a point on the East boundary of said lands of Utah Construction and Mining Company, distant thereon North, 600.84 feet from the Southeast corner of said lands; thence B. 73° 40' 30" W., 768.82 feet to a tangent intersection of the arc of that certain 1000.00 foot radius curve described in that certain existing "Ingress, Egress and Public Utilities Easement IJL", Records of Monterey County, from which the radius thereof bears N. 16° 19' 30" W., and the Easterly terminus of said curve bears 111.11 feet along the arc thereof, through a central angle of 6° 21' 58"; herein described easement being fully contiguous at its westerly terminus to said existing "Easement IJL", and fully contiguous at its Easterly terminus to a line that bears North.

EASEMENT "EAST"

Beginning at a point on the East boundary of said lands of Utah Construction and Mining Company, distant thereon North, 600.84 feet from the Southeast corner of said lands; thence N. 73° 40' 30" W., 199.20 feet to a tangent intersection of

ORT 3157-4

**OLD REPUBLIC TITLE**

ORDER NO.  M-154927

REEL **2980** PAGE **198**

the arc of that certain 1000.00 foot radius curve having a central angle of 9°
03' 57" and an arc length of 158.23 feet, described in that certain deed to "60
foot Wide Easement", recorded in Reel 556, Page 1235, Official Records, of
Monterey County, and also in that certain "Easement to Increase Width of Saddle
Road Right-of-Way to 84 Feet", described in deed recorded in Reel 642, Page 632,
Official Records of Monterey County, from which intersection, the radius thereof
bears N. 16° 19' 30" W., and the Westerly terminus of said curve bears 122.67
feet along the arc thereof, through a central angle of 7° 011' 42"; herein
described easement being fully contiguous at its Easterly terminus to said
easements described in said deeds recorded in Reel 556, Page 135, and in Reel
642, Page 632, and fully contiguous at its Westerly terminus to a line that
bears North.

PARCEL VIII:

All those certain easements for natural drainage purposes, over certain real
property situate in the County of Monterey, State of California, lying within
the boundary of that certain 3.532 acre parcel described in the deed from Utah
Construction and Mining Company to Edward E. Hogan and Margaret M. Hogan, dated
May 19, 1970 and recorded July 6, 1970 in Reel 657, Page 144, Official Records
of Monterey County, and also lying within the boundary of that certain 1200.020
acre parcel described in deed to Hidden Hills Land Company, recorded January 25,
1967 in Reel 491, Page 279, Official Records of Monterey County, said easements
being more particularly 20 feet in width and lying 10 feet on each side of the
following described centerlines:

EASEMENT A:

Beginning at the existing outfall of an 18" storm drain within the boundary of
said 1200.020 acre parcel bears S. 28° 53' W., 41.87 feet; thence along a
natural drainage course

(1)  N. 24° 00' E., 85 feet; thence

(2)  N. 12° 00' E., 160 feet; thence

(3)  N. 16° 30' E., 178 feet; thence

(4)  N. 9° 00' E., 178 feet.

EASEMENT B:

Beginning at the existing outfall of an 18" storm drain within the boundary of
said 3.532 acre parcel from which the Southerly corner of said 3.532 acre parcel
bears S. 28° 16' 35" E., 441.37 feet; thence along a natural drainage course

(1)  N. 87° 00' E., 147 feet; thence

OLD REPUBLIC TITLE

ORDER NO.   M-154927

## REEL 2980 PAGE 199

(2)  N. 46° 00' E., 86.59 feet to an intersection with the Westerly boundary of said 1200.020 acre parcel; thence entering said 1200.020 acre parcel

(3)  N. 46° 00' E., 231.41 feet to an intersection with the Northerly terminus course (4) of "Easement A", herein described; thence

(4)  N. 69° 30' E., 260 feet.

EASEMENT C:

Beginning at the existing outfall of an 18" storm drain within the boundary of said 3.532 acre parcel from which the Southerly corner of said 3.532 acre parcel bears S. 4° 54' 25" E., 860.48 feet; thence along a natural drainage course

(1)  S. 82° 30' E., 74.23 feet to an intersection with the Westerly boundary of said 1200.020 acre parcel; thence entering said 1200.020 acre parcel

(2)  S. 82° 30' E., 150.77 feet; thence

(3)  S. 75° 00' E., 130 feet; thence

(4)  S. 57° 30' E., 160 feet to an intersection with the Northeasterly terminus of course (4) of "Easement B", herein described; thence

(5)  N. 76° 30' E., 183 feet; thence

(6)  N. 55° 30' E., 262 feet; thence

(7)  N. 53° 30' E., 378 feet; thence

(8)  N. 75° 30' E., 134 feet; thence

(9)  N. 75° 00' E., 178 feet; thence

(10) N. 1° 00' E., 366 feet; thence

(11) N. 9° 00' E., 143 feet; thence

(12) N. 26° 00' E., 168 feet; thence

(13) N. 41° 00' E., 388 feet; thence

(14) N. 30° 00' E., 513 feet; thence

(15) N. 40° 30' E., 127.50 feet to an intersection with the boundary of said 1200.020 acre parcel, from which the Southerly right-of-way line of the

ORT 3157-L

OLD REPUBLIC TITLE

ORDER NO. M-154927

REEL 2980 PAGE 200

Salinas-Monterey Highway (80 feet wide), described in said deed to Hidden Hills Land Company, bears N. 38° 48' 25" W., 469.02 feet.

PARCEL IX:

An easement for sanitary sewer purposes, lying within the boundary of that certain 1200.020 acre parcel described in deed to Hidden Hills Land Company, recorded January 25, 1967 in Reel 491, Page 279, Official Records of Monterey County, said easement being more particularly 10 feet in width and lying 5 feet on each side of the following described centerline:

Beginning at a point on the Westerly boundary of said 1200.020 acre parcel, from which the Southwesterly corner thereof bears South, 3910.50 feet; thence

(1)  N. 53° 00' E., 110.00 feet; thence

(2)  North, 60.00 feet; thence

(3)  N. 43° 30' W., 127.62 feet to an intersection with said Westerly boundary of said 1200.020 acre parcel.

PARCEL X:

Non-exclusive easement for ingress and egress over roads designated as "Hidden Mesa Place", "Hidden Mesa Court" and various unnamed new roads shown on the maps as "road and utility easements", said maps filed October 21, 1986, Tract Nos. 1040, 1041 and 1042, in Volume 16 of Maps, "Cities and Towns", at Page 3, 4 and 5.

PARCEL XI:

Non-exclusive easement for ingress and egress over "Hidden Mesa Road", (a private road), shown on map filed for record October 21, 1986, on map entitled "Tract 1041 Mesa Hills West", in Volume 16 of Maps Cities and Towns, at Page 4.

## END OF DOCUMENT

ORT 1157-E

# Internal Revenue Service

## Department of the Treasury

55 PLAZA CIRCLE
SUITE A-200
SALINAS, CA. 93901

Letter Number:    1058 (DO)

Letter Date:    08/24/2000

Social Security Number or Employer Identification Number:
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

Person to Contact:   STEPHEN PENROD RO 7701-2616

**CERTIFIED MAIL -- RETURN RECEIPT**

Contact Telephone Number:   831-771-1240 ext. 16

To: THOMAS SEIDEL
25360 BOOTS RD
MONTEREY, CA. 93940-6667

### FINAL NOTICE
### NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
### *PLEASE RESPOND IMMEDIATELY*

Your federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. We've enclosed Publication 594 with more information, Publication 1660 explaining your right to appeal, and Form 12153 to request a Collection Due Process Hearing with Appeals.

To prevent collection action, please send your full payment today. Make your check or money order payable to U.S. Treasury. Write your Social Security Number or Employer Identification Number on your payment. Send your payment to us in the enclosed envelope with a copy of this letter. The amount you owe is:

| Form Number | Tax Period | Unpaid Assessed Amount | Accrued Penalty & Interest | Total Amount Owed |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | $602374.99 | $224642.30 | $827017.29 |
|  |  |  | Total amount due: | $827017.29 |

If you have recently paid this tax or you can't pay it, call us immediately at the telephone number shown at the top of this letter and let us know.

Exhibit 3

The unpaid amount from prior notices may include tax, penalties and interest you still owe.  It also includes any credits and payments we've received since we sent our last notice to you.

Sincerely Yours,

STEPHEN PENROD
REVENUE OFFICER

Badge # 77-01785

Enclosures:
Copy of this letter
Pub 594
Pub 1660
Form 12153
Envelope
Notice 609

Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a Notice of Federal Tax Lien Filing & Your Right to a Hearing Under IRC 6320, a Final Notice - Notice of Intent to Levy & Your Notice Of a Right To A Hearing, or a Notice of Jeopardy Levy and Right of Appeal. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

(Print) Taxpayer Name(s): _____

(Print) Address:_____

Daytime Telephone Number:_____Type of Tax/Tax Form Number(s):_____

Taxable Period(s):_____

Social Security Number/Employer Identification Number(s):_____ _____

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [  ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

____ Filed Notice of Federal Tax Lien ( Explain why you don't agree. Use extra sheets if necessary. )

____ Notice of Levy/Seizure ( Explain why you don't agree. Use extra sheets if necessary. )

I/We understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date:_____

Taxpayer's or Authorized Representative's Signature and Date:_____

IRS Use Only:

IRS Employee(Print):_____IRS Received Date:_____ _____

Employee Telephone Number:_____ _____

Form 12153(01-1999)                 Page 1
Cat. No 26685D        Department of the Treasury - Internal Revenue Service

Where to File Your Request

It's important that you file your request using the address shown on your
lien or levy notice. If you have been working with a specific IRS employee
on your case, you should file the request with that employee.

How to Complete Form 12153

1. Enter your full name and address. If the tax liability is owed jointly
   by a husband and wife, and both wish to request a Collection Due Process
   Hearing, show both names.

2. Enter a daytime telephone number where we can contact you regarding your
   request for a hearing.

3. List the type(s) of tax or the number of the tax form(s) for which you
   are requesting a hearing (e.g. Form 1040, Form 941, Trust Fund Recovery
   Penalty etc.)

4. List the taxable periods for the type(s) of tax or the tax form(s) that
   you listed for item 3 above (e.g. year ending 12-31-98, quarter ending
   3-31-98).

5. Show the social security number of the individual(s) and/or the employer
   identification number of the business(s) that are requesting a hearing.

6. Check the IRS action(s) that you do not agree with (Filed Notice of
   Federal Tax Lien and/or Notice of Levy/Seizure). You may check both
   actions if applicable.

7. Provide the specific reason(s) why you do not agree with the filing of the
   Notice of Federal Tax Lien or the proposed Notice of Levy/Seizure action.
   One specific issue that you may raise at the hearing is whether income
   taxes should be abated because you believe that your spouse or former
   spouse should be responsible for all or a portion of the tax liability
   from your tax return. You must, however, elect such relief. You can do
   this by checking the indicated box and attaching Form 8857 to this request
   for a hearing. If you previously filed Form 8857, please indicate when and
   with whom you filed the Form.

8. You, or your authorized representative, must sign the Form 12153. If the
   tax liability is joint and both spouses are requesting a hearing, both
   spouses, or their authorized representatiive(s), must sign.

9. It is important that you understand that we are required by statute to
   suspend the statutory period for collection during a Collection Due
   Process Hearing.

P 473 494 317

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | |
|---|---|
| Sent to THOMAS SEIDEL | |
| Street & Number 25360 BOOTS RD | |
| Post Office, State, & ZIP Code MONTEREY CA · 93940-6667 | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date 08/24/2000 | |

PS Form 3800, April 1995

---

SENDER:
■ Complete items 1 and/or 2 for additional services.
■ Complete items 3, 4a, and 4b.
■ Print your name and address on the reverse of this form so that we can return this card to you.
■ Attach this form to the front of the mailpiece, or on the back if space does not permit.
■ Write "Return Receipt Requested" on the mailpiece below the article number.
■ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

Is your RETURN ADDRESS completed on the reverse side?

3. Article Addressed to:

THOMAS SEIDEL
25360 BOOTS
MONTEREY, CA · 93940-6667

4a. Article Number
P-473-494-317

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise    ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-98-B-0229    Domestic Return Receipt

Thank you for using Return Receipt Service.



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

STEPHEN PINKOD, REVENUE OFFICER
INTERNAL REVENUE SERVICE
COLLECTION DIVISION
55 PLAZA CIRCLE / A-200
SALINAS, CA 93901

AUG 28

INTERNAL REVENUE SERVICE
TAXPAYER SERVICE
SAN JOSE DISTRICT

| Form **668-W(ICS)** | Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: **05/29/2007**

REPLY TO:  **Internal Revenue Service**
　　　　　　　**JOE SMITH**
　　　　　　　**303 WATER ST**
　　　　　　　**SUITE 3**
　　　　　　　**SANTA CRUZ, CA 95060-4017**

TO:　　**MARC GOODWIN INC**
　　　　　**PO BOX 2330**
　　　　　**SALINAS, CA 93902**

TELEPHONE NUMBER
OF IRS OFFICE: **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:
**THOMAS E AND VICKI R SEIDEL**
**VICKI R FICKEN**
**25360 BOOTS ROAD**
**MONTEREY, CA 93940**

IDENTIFYING NUMBER(S): **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**

**SEID**　　　　　　　　　　494-72-113 ?

### THIS LEVY ATTACHES TO 100% OF ALL COMPENSATION FOR THE MONTH OF JUNE. NO EXEMPTION AMOUNT

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 619519.18 | 1007916.53 |
| | | | **Total Amount Due**  ⟹ | 1007916.53 |

We figured the interest and late payment penalty to **06-28-2007**

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

**If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.**

**If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.**

| Signature of Service Representative | Title |
|---|---|
| **/S/ JOE SMITH** | **REVENUE OFFICER** |

**Part 6 –**　　IRS File Copy　　　　Catalog No. 35390F　　www.irs.gov　　　　Form **668-W(ICS)** (7-2002)

Exhibit 4

| Form **668-A(ICS)** | Department of the Treasury – Internal  enue S    e |
|---|---|
| (Rev. July 2002) | **Notice of Levy** |

DATE: **05/29/2007**

TELEPHONE NUMBER

REPLY TO: **Internal Revenue Service**
 **JOE SMITH**
 **303 WATER ST**
 **SUITE 3**
 **SANTA CRUZ, CA 95060-4017**

OF IRS OFFICE: **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:

**THOMAS E AND VICKI R SEIDEL**
**VICKI R FICKEN**

TO:   **WASHINGTON MUTUAL BANK**
 **PO BOX 2515**
 **CHATSWORTH, CA 91313**

**25360 BOOTS ROAD**
**MONTEREY, CA 93940**

DBA Advantage Electrical Services

IDENTIFYING NUMBER(S): **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**

**SEID**    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

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.
**possible account# 1881979373 1486.  levy attaches to all accounts**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 619519.18 | 1007916.53 |

| | | Total Amount Due | 1007916.53 |
|---|---|---|---|
| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ================================ ⟹ | | | |

We figured the interest and late payment penalty to   **06-28-2007**

 The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

 **Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code <u>must be held for 21 calendar days</u> from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

 Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number*(s)* shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
  1. Make your check or money order payable to **United States Treasury.**
  2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
  3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
  4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **/S/ JOE SMITH** | **REVENUE OFFICER** |

**Part 5 –**   IRS File Copy     Catalog No. 35389E   www.irs.gov     Form **668-A(ICS)** (7-2002)

| Form **668-A(ICS)** | Department of the Treasury – Internal Revenue Service |
| (Rev. July 2002) | **Notice of Levy** |

DATE: **05/29/2007**

REPLY TO: **Internal Revenue Service**
**JOE SMITH**
**303 WATER ST**
**SUITE 3**
**SANTA CRUZ, CA 95060-4017**

TO:    **COMMUNITY BANK**
**1915 MAIN STREET**
**WATWONVILLE, CA 95076**

TELEPHONE NUMBER
OF IRS OFFICE: **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:
**THOMAS E AND VICKI R SEIDEL**
**VICKI R FICKEN**
**25360 BOOTS ROAD**
**MONTEREY, CA 93940**

IDENTIFYING NUMBER(S):   **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**

SEID    *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*

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

**DBA Advantage electrical Services**   *DBA Seidel Electric*

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 619519.18 | 1007916.53 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ================================ ⟹ | | **Total Amount Due** | 1007916.53 |

We figured the interest and late payment penalty to   **06-28-2007**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
   1. Make your check or money order payable to **United States Treasury**.
   2. Write the taxpayer's name, identifying number*(s)*, kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
   3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
   4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
| **/S/ JOE SMITH** | **REVENUE OFFICER** |

**Part 3 –**   Complete and return to IRS       Catalog No. 35389E       www.irs.gov       Form **668-A(ICS)** (7-2002)

| Form **668-A(ICS)** | Department of the Treas Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy** |

DATE: **05/29/2007**

REPLY TO: **Internal Revenue Service**
**JOE SMITH**
**303 WATER ST**
**SUITE 3**
**SANTA CRUZ, CA 95060-4017**

TO: **COOL PACIFIC LAND CO**
**PO BOX 10147**
**SALINAS, CA 93912**

TELEPHONE NUMBER
OF IRS OFFICE: **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:
**THOMAS E AND VICKI R SEIDEL**
**VICKI R FICKEN**
**25360 BOOTS ROAD**
**MONTEREY, CA 93940**

IDENTIFYING NUMBER(S):  **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**

**SEID**

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

**DBA ADVANTAGE ELECTRICAL SERVICES, SEIDEL ELECTRIC**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 619519.18 | 1007916.53 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. =============================== ⟹ | | **Total Amount Due** | 1007916.53 |

We figured the interest and late payment penalty to  **06-28-2007**

The Internal Revenue Code provides that there is a lien for the amount that is owed.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person.  However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money.  Include any interest the person earns during the 21 days.  Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

Make a reasonable effort to identify all property and rights to property belonging to this person.  At a minimum, search your records using the taxpayer's name, address, and identifying number*(s)* shown on this form.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.  You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury.**
2. Write the taxpayer's name, identifying number*(s)*, kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.).*
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **/S/ JOE SMITH** | **REVENUE OFFICER** |

| Form **668-A(ICS)** | | Department of the Treasury    Internal Revenue Service |
| (Rev. July 2002) | | **Notice of Levy** |

DATE: 05/29/2007

REPLY TO: **Internal Revenue Service**
           **JOE SMITH**
           **303 WATER ST**
           **SUITE 3**
           **SANTA CRUZ, CA 95060-4017**

TO:   **COMERICA BANK**
      **PO BOX 2249**
      **SAN JOSE, CA 95109**

TELEPHONE NUMBER
OF IRS OFFICE: **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:
**THOMAS E AND VICKI R SEIDEL**
**VICKI R FICKEN**
**25360 BOOTS ROAD**
**MONTEREY, CA 93940**

IDENTIFYING NUMBER(S):  **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**

**SEID**                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

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

**DBA Advantage electrical Services**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 619519.18 | 1007916.53 |

NO RECORD
OF ACCOUNT

| | | | Total Amount Due | |
|---|---|---|---|---|
| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ===============⇒ | | | **Total Amount Due** | 1007916.53 |

We figured the interest and late payment penalty to   **06-28-2007**

    The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

    **Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

    Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number*(s)* shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury.**
2. Write the taxpayer's name, identifying number*(s)*, kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **/S/ JOE SMITH** | **REVENUE OFFICER** |

**Part 3 –**   Complete and return to IRS     Catalog No. 35389E     www.irs.gov     Form **668-A(ICS)** (7-2002)

| Form **668-A(ICS)** | Department of the Treasury — Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy** |

**DATE:** 05/29/2007

**REPLY TO:** **Internal Revenue Service**
**JOE SMITH**
**303 WATER ST**
**SUITE 3**
**SANTA CRUZ, CA 95060-4017**

**TO:** **UNION BANK OF CALIFORNIA**
**8071 SAN MIGUEL CANYON ROAD**
**PRUNEDALE, CA 93907**

TELEPHONE NUMBER
OF IRS OFFICE: **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:
**THOMAS E AND VICKI R SEIDEL**
**VICKI R FICKEN**
**25360 BOOTS ROAD**
**MONTEREY, CA 93940**

IDENTIFYING NUMBER(S): **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**
**SEID**          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

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

**DBA Advantage electrical Services** DBA Seidel Electric

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 619519.18 | 1007916.53 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ============================ ⇒ | Total Amount Due | 1007916.53 |
|---|---|---|

We figured the interest and late payment penalty to **06-28-2007**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury**.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **/S/ JOE SMITH** | **REVENUE OFFICER** |

| **Part 3 –** Complete and return to IRS | Catalog No. 35389E | www.irs.gov | Form **668-A(ICS)** (7-2002) |
|---|---|---|---|

| Form **668-W(ICS)** | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: **06/25/2007**

REPLY TO:  **Internal Revenue Service**
        **JOE SMITH**
        **303 WATER ST**
        **SUITE 3**
        **SANTA CRUZ, CA 95060-4017**

TO:   **MARCK GOODWIN,INC**
      **PO BOX 2330**
      **MONTEREY, CA 93940**

TELEPHONE NUMBER
OF IRS OFFICE:  **(831)426-4567x400**

NAME AND ADDRESS OF TAXPAYER:
**THOMAS E SEIDEL**
**25360 BOOTS RD**
**MONTEREY, CA 93940-6667**
Vicki Seidel
Vicki Ficker

IDENTIFYING NUMBER(S):  **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**

**SEID**

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

**This levy attaches to 100% of all compensation for the month of July.  There is no exemption amount**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 09/30/1996 | 388397.35 | 625500.87 | 1013898.22 |
| | | *Please see IRC 6332(D)(2) regarding personal liability and 50% penalty if funds not surrendered.* | | |
| | | | **Total Amount Due** ⟹ | 1013898.22 |

We figured the interest and late payment penalty to___**07-25-2007**_____

**THIS ISN'T A BILL FOR TAXES YOU OWE.  THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

*NA    attaches to 100%*
We levy this money to the extent it isn't exempt, as shown in the instructions.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

**If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form.  Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.**

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative | Title |
|---|---|
| **JOE SMITH** | **REVENUE OFFICER** |

P.O. BOX 2395
CHATSWORTH, CA 91313-2395

**This Statement Covers**
From: 03/07/07
Through: 03/31/07

THOMAS E SEIDEL,DBA
SEIDEL ELECTRICAL
25360 BOOTS RD
MONTEREY CA 93940-6667

*Need assistance?*
To reach us anytime
call **1-800-788-7000**
or visit us at **wamu.com**

Don't let a mild storm season this past year catch you off guard. Disasters are a permanent problem to all. First Protector pays your monthly mortgage payment when covered disasters occur, such as hurricanes, floods, fire or tornados. To protect your home with First Protector, call 1.800.349.9756 or visit the website at www.disastercoverage.com OFFER # DDA275055U8.

## Free Business Checking Detail Information

| THOMAS E SEIDEL,DBA | Account Number: 315-214476-8 |
|---|---|
| SEIDEL ELECTRICAL | Washington Mutual Bank, FA |

Your business is unique and should have a banking relationship built around its needs. Business Packages designed for the way you manage finances are only a phone call away at 1.800.788.7000.

### Account Summary

| | |
|---|---|
| **Beginning Balance** | **$0.00** |
| Deposits | +16,429.11 |
| Electronic & Misc. Deposits | 0.00 |
| Card Purchases/ATM Withdrawals | -4,244.27 |
| Electronic & Misc. Withdrawals | -2,292.65 |
| Checks Paid | -7,275.98 |
| Service Fees | 0.00 |
| **Ending Balance** | **$2,616.21** |

### Deposits

| Date | Amount | Description |
|---|---|---|
| 03/07 | 6,296.63 | Opening Deposit |
| 03/14 | 2,221.11 | Customer Deposit |
| 03/16 | 5,149.05 | Customer Deposit |
| 03/23 | 725.00 | Customer Deposit |
| 03/30 | 2,037.32 | Customer Deposit |
| **5 Items** | **$16,429.11** | |

Deposits are FDIC Insured

Form CS50004E 0000036507   X

Exhibit 6

**This Statement Covers**
**Account Number: 315-214476-8**
From: 03/07/07
Through: 03/31/07

| | Card Purchases/ATM Withdrawals | | |
|---|---|---|---|
| **Date** | **Amount** | **Description** | **Card Number** |
| 03/14 | 200.00 | ATM-NCHG S1E07398 425 MAIN STREET SALINAS CA | 7015 |
| 03/15 | 180.71 | POS NOB HILL #60 1320 SO. MAIN ST SALINAS CA | 7015 |
| 03/16 | 400.00 | ATM-NCHG S1B08042 27845 BERWICK DRIVE CARMEL CA | 1017 |
| 03/16 | 45.15 | POS ABBOTT STREE 1511 ABBOTT ST SALINAS CA | 7015 |
| 03/19 | 41.50 | POS ROTTEN ROBBI 807 SOUTH MAIN ST SALINAS CA | 1017 |
| 03/19 | 74.60 | POS LONGS DRUGS 686 LIGHTHOUSE AVENUE MONTEREY CA | 1017 |
| 03/19 | 20.48 | POS PACSUN 1630 DEL MONTE CENTER MONTEREY CA | 1017 |
| 03/19 | 138.74 | POS 100 DEL MONT 100 DEL MONTE CTR MOTEREY CA | 1017 |
| 03/19 | 49.05 | POS SAFEWAY STO 2370 NORTH FREMONT ST MONTEREY CA | 1017 |
| 03/19 | 23.59 | POS PETSMART 2020 CALIFORNIA AVEN SAND CITY CA | 1017 |
| 03/19 | 107.31 | POS TARGET T1062 2040 CALIFORNIA AVE. SAND CITY CA | 1017 |
| 03/19 | 129.19 | POS MARSHALLS MARSHALLS SAND CITY CA | 1017 |
| 03/19 | 146.90 | POS COSTCO WHSE 801 TIOGA AVE SAND CITY CA | 1017 |
| 03/19 | 28.69 | MC-STARBUCKS USA 00064Q48 DEL REY OAKS CA | 7015 |
| 03/19 | 289.56 | MC-SALINAS VALLEY MARINE, SALINAS CA | 7015 |
| 03/19 | 56.53 | MC-CENTRAL COAST AVIATION SALINAS CA | 7015 |
| 03/19 | 43.86 | MC-BLACKBEAR DINER MONTEREY CA | 7015 |
| 03/19 | 19.84 | MC-MACY'S WEST #0018 MONTEREY CA | 1017 |
| 03/20 | 231.09 | MC-DA GIOVANNI CARMEL CA | 7015 |
| 03/20 | 67.45 | MC-MID VALLEY CLEANERS CARMEL CA | 1017 |
| 03/21 | 29.99 | MC-OUTDOOR WORLD, INC MONTEREY CA | 7015 |
| 03/22 | 20.23 | POS THE HOME DEP 1590 CANYON DEL RAY BLSEASIDE CA | 7015 |
| 03/22 | 73.24 | MC-GOLDEN GATE PETROLEUM SALINAS CA | 7015 |
| 03/23 | 50.00 | POS USA PETROLEU 2338 DEL MONTE BLVD MONTEREY CA | 7015 |
| 03/26 | 114.98 | POS TARGET T1062 2040 CALIFORNIA AVE. SAND CITY CA | 7015 |
| 03/26 | 76.49 | POS ALBERTSONS 189 NIBLICK RD. PASO ROBLES CA | 7015 |
| 03/26 | 346.46 | POS COSTCO WHSE 801 TIOGA AVE SAND CITY CA | 7015 |
| 03/26 | 76.35 | POS THE HOME DEP 1590 CANYON DEL RAY BLSEASIDE CA | 7015 |
| 03/26 | 339.39 | POS COSTCO WHSE 1339 N. DAVIS ROAD SALINAS CA | 7015 |
| 03/26 | 36.90 | MC-TORO PLACE CAFE SALINAS CA | 7015 |
| 03/26 | 411.51 | MC-MELANGE RESTAURANT PACIFIC GROVE CA | 7015 |
| 03/26 | 35.68 | MC-TARPY'S ROADHOUSE DEL REY OAKS CA | 7015 |
| 03/27 | 87.83 | MC-SANDBARANDGRILL MONTEREY CA | 7015 |
| 03/28 | 45.79 | POS ABBOTT STREE 1511 ABBOTT ST SALINAS CA | 7015 |
| 03/29 | 53.82 | MC-ELECTRICAL DISTRIBUTOR SALINAS CA | 7015 |
| 03/30 | 65.00 | POS NOB HILL #60 1320 SO. MAIN ST SALINAS CA | 7015 |
| 03/30 | 50.00 | POS ROTTEN ROBBI 807 SOUTH MAIN ST SALINAS CA | 7015 |
| 03/30 | 35.37 | POS ROTTEN ROBBI 807 SOUTH MAIN ST SALINAS CA | 7015 |
| **38 Items** | **$4,244.27** | | |

| | Electronic & Miscellaneous Withdrawals | |
|---|---|---|
| **Date** | **Amount** | **Description** |
| 03/13 | 104.00 | DELUXE CHECK CHECK/ACC. |
| 03/19 | 2,000.00 | Customer Withdrawal |
| 03/26 | 188.65 | COMMERCE WEST INS PAYMEN CCV0389920 |
| **3 Items** | **$2,292.65** | |

| | | Checks Paid | | | |
|---|---|---|---|---|---|
| **Check Number** | **Amount** | **Date** | **Check Number** | **Amount** | **Date** |
| 93 | 5,200.00 | 03/09 | 94 | 500.00 | 03/19 |

Deposits are FDIC Insured
Form CS50004E 0000036508   X

**This Statement Covers**
**Account Number: 315-214476-8**
From: 03/07/07
Through: 03/31/07

| Checks Paid | | | | Check | Amount | Date |
|---|---|---|---|---|---|---|
| **Check Number** | **Amount** | **Date** | | **Check Number** | | |
| 1001* | 575.98 | 03/28 | | 1003* | 1,000.00 | 03/23 |
| **4 Items** | **$7,275.98** | | *Indicates check out of sequence | | | |

## Account Activity Summary

| | | | |
|---|---|---|---|
| Average Collected Balance | $1,877.81 | Minimum Daily Ending Balance | $729.26 |
| Checks Deposited | 8 | Cash Deposited | $0.00 |
| Number of Deposits | 5 | Cash Purchased | $0.00 |
| Checks/Debits | 5 | | |

Calendar Year-To-Date Overdraft/Non-Sufficient Funds
Charges (excluding any charges which have been waived or
refunded):

| | |
|---|---|
| Overdraft charges | $0.00 |
| Non-Sufficient Funds charges | $0.00 |

Your Overdraft Limit as of the statement end date: $100.00.
Please note that this may be changed at any time without notice (see reverse for more information).
As of the statement end date, the fee for any Non-Sufficient Funds transaction, whether paid or returned, was $27.00 per transaction.

Deposits are FDIC Insured
Form CS50004E 0000036509   X

Department of the Treasury

Internal Revenue Service
OIC Group 1600, HQ-5116
55 S. Market St., Suite 610
San Jose, CA 95113

Date of this Letter:
APR 6 2 2003
Person to Contact:
Jim Norman
Employee #: 77-01781
Phone#: (831)771-1240 EX 14
08:00am-04:30pm Mon-Fri

Taxpayer ID#: 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
Offer Number: 0770100128

THOMAS E. SEIDEL
25360 BOOTS RD.
MONTEREY, CA 93940

Dear Mr. Seidel,

    We are returning your Form 656, Offer in Compromise for the
following reason(s):

    Other investigations are pending that may affect the
liability sought to be compromised or the grounds upon which it
was submitted.

    If a deposit was made with the offer, we will mail the refund
separately in four to six weeks.

    If you have any questions, please contact the person whose
name and telephone number are shown in the upper right hand
corner of this letter.

                              Sincerely,

                              Sharon Nixon

                              Sharon Nixon, 77-01430
                              Group Manager

Letter RETURN(AOIC) (1-2000)

Exhibit 7



**Form 656**

# Offer in Compromise



Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 656 (Rev. 1-2000)
Catalog Number 16728N

**Item 1 — Taxpayer's Name and Home or Business Address**

Thomas E. Seidel
Name

INTERNAL REVENUE SERVICE
CENTRAL CALIFORNIA DISTRICT

Name
25360 Boots Rd.
Street Address

Monterey _____ Ca. _____ 93940
City                              State              ZIP Code

**Mailing Address** *(if different from above)*

_____
Street Address

_____     _____     _____
City                          State           ZIP Code

**Item 2 — Social Security Numbers**

(a) Primary  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

(b) Secondary _____

**Item 3 — Employer Identification Number** *(included in offer)*

77-0278294

**Item 4 — Other Employer Identification Numbers** *(not included in offer)*

_____
_____
_____

**Item 5 — To:  Commissioner of Internal Revenue Service**

I/We (includes all types of taxpayers) submit this offer to compromise the tax liabilities plus any interest, penalties, additions to tax, and additional amounts required by law (tax liability) for the tax type and period marked below: (Please mark an "X" in the box for the correct description and fill-in the correct tax period(s), adding additional periods if needed).

☐ **1040/1120 Income Tax — Year(s)** _____

☐ **941 Employer's Quarterly Federal Tax Return — Quarterly period(s)** _____

☐ **940 Employer's Annual Federal Unemployment (FUTA) Tax Return — Year(s)** _____

☒ Trust Fund Recovery Penalty as a responsible person of (enter corporation name) T.F. Seidel Electric Inc.

for failure to pay withholding and Federal Insurance Contributions Act Taxes (Social Security taxes), for period(s) ending 12-31-93  Thru 9-30-96

☐ Other Federal Tax(es) [specify type(s) and period(s)]

*Note: If you need more space, use another sheet titled "Attachment to Form 656 Dated _____. Sign and date the attachment following the listing of the tax periods.*

**Item 6 — I/we submit this offer for the reason(s) checked below:**

☐ **Doubt as to Liability** — "I do not believe I owe this amount." You must include a detailed explanation of the reason(s) why you believe you do not owe the tax in Item 9.

☒ **Doubt as to Collectibility** — "I have insufficient assets and income to pay the full amount." You must include a complete financial statement, Form 433-A and/or Form 433-B.

☐ **Effective Tax Administration** — "I owe this amount and have sufficient assets to pay the full amount, but due to my exceptional circumstances, requiring full payment would cause an economic hardship or would be unfair and inequitable." You must include a complete financial statement, Form 433-A and/or Form 433B and complete Item 9.

**Item 7**

I/we offer to pay $ ___10,000.00___

☐ Paid in full with this offer.

☐ Deposit of $ _____ is attached to this offer.

☒ No deposit.

*Note: Make all checks payable to: The United States Treasury*

Check one of the following:

☒ **Cash Offer** (Offered amount will be paid in 90 days or less.)

Balance to be paid in:  ✔ 10, _____ 30, _____ 60, or _____ 90 days from notice of acceptance of the offer.  If more than one payment will be made during the time frame checked, provide the amount and date of the payment on the line below.

_____

☐ **Short Term Deferred Payment Offer** (Offered amount paid in more than 90 days but within 24 months.)

Amount of monthly payment _____

Monthly payment date _____

Date offered amount will be paid in full _____

Other terms for payment _____

☐ **Deferred Payment Offer** (Offered amount will be paid over the life of the collection statute.)

Amount of monthly payment _____

Monthly payment date _____

Other terms for payment _____

AHHHAEAA

**Item 8 — By submitting this offer, I/we understand and agree to the following conditions:**

(a) I/we voluntarily submit all payments made on this offer.

(b) The IRS will apply payments made under the terms of this offer in the best interest of the government.

(c) If the IRS rejects or returns the offer or I/we withdraw the offer, the IRS will return any amount paid with the offer. If I/we agree in writing, IRS will apply the amount paid with the offer to the amount owed. If I/we agree to apply the payment, the date the IRS received the offer remittance will be considered the date of payment. I/we understand that the IRS will not pay interest on any amount I/we submit with the offer.

(d) **I/we will comply with all provisions of the Internal Revenue Code relating to filing my/our returns and paying my/our required taxes for 5 years or until the offered amount is paid in full, whichever is longer. In the case of a jointly submitted offer to compromise joint tax liabilities, I/we understand that default with respect to the compliance provisions described in this paragraph by one party to this agreement will not result in the default of the entire agreement. The default provisions described in Item 8(o) of this agreement will be applied only to the party failing to comply with the requirements of this paragraph. This provision does not apply to offers based on Doubt as to Liability.**

(e) I/we waive and agree to the suspension of any statutory periods of limitation (time limits provided for by law) for the IRS assessment of the tax liability for the tax periods identified in Item 5. I/we understand that the statute of limitations for collection will be suspended during the period an offer is considered pending by the IRS (paragraph (m) defines pending).

(f) The IRS will keep all payments and credits made, received or applied to the total original tax liability before submission of this offer. The IRS may keep any proceeds from a levy served prior to submission of the offer, but not received at the time the offer is submitted. If I/we have an installment agreement prior to submitting the offer, I/we must continue to make the payments as agreed while this offer is pending. Installment agreement payments will not be applied against the amount offered.

(g) **The IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that the IRS accepts the offer. I/we may not designate an overpayment ordinarily subject to refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year. This condition does not apply if the offer is based on Doubt as to Liability.**

(h) I/we will return to the IRS any refund identified in (g) received after submission of this offer. This condition does not apply to offers based on Doubt as to Liability.

(i) The IRS cannot collect more than the full amount of the tax liability under this offer.

(j) I/we understand that I/we remain responsible for the full amount of the tax liability, unless and until the IRS accepts the offer in writing and I/we have met all the terms and conditions of the offer. The IRS will not remove the original amount of the tax liability from its records until I/we have met all the terms of the offer.

(k) I/we understand that the tax I/we offer to compromise is and will remain a tax liability until I/we meet all the terms and conditions

of this offer. If I/we file bankruptcy before the terms and conditions of this offer are completed, any claim the IRS files in the bankruptcy proceedings will be a tax claim.

(l)  Once the IRS accepts the offer in writing, I/we have no right to contest, in court or otherwise, the amount of the tax liability.

(m)  The offer is pending starting with the date an authorized IRS official signs this form. The offer remains pending until an authorized IRS official accepts, rejects, returns or acknowledges withdrawal of the offer in writing. If I/we appeal an IRS rejection decision on the offer, the IRS will continue to treat the offer as pending until the Appeals Office accepts or rejects the offer in writing. If I/we don't file a protest within 30 days of the date the IRS notifies me/us of the right to protest the decision, I/we waive the right to a hearing before the Appeals Office about the offer in compromise.

(n)  The waiver and suspension of any statutory periods of limitation for assessment of the tax liability described in Item 5, continue to apply:

- while the offer is pending [see (m) above]
- during the time I/we have not paid all of the amount offered
- during the time I/we have not completed all terms and conditions of the offer
- for one additional year beyond each of the time periods identified in this paragraph

(o)  If I/we fail to meet any of the terms and conditions of the offer and the offer defaults, then the IRS may:

- immediately file suit to collect the entire unpaid balance of the offer
- immediately file suit to collect an amount equal to the original amount of the tax liability as liquidating damages, minus any payment already received under the terms of this offer
- disregard the amount of the offer and apply all amounts already paid under the offer against the original amount of the tax liability
- file suit or levy to collect the original amount of the tax liability, without further notice of any kind.

(p)  The IRS generally files a Notice of Federal Tax Lien to protect the Government's interest on deferred payment offers. This tax lien will be released when the payment terms of the offer agreement have been satisfied.

(q)  I/we understand that Internal Revenue Service employees may contact third parties in order to respond to this request, and I authorize such contacts to be made. Further, by authorizing the Internal Revenue Service to contact third parties, I understand that I will not receive notice pursuant to section 7602(c) of the Internal Revenue Code of third parties contacted in connection with this request.

AHHHAEAA

**Item 9 — Explanation of Circumstances**

I am requesting an offer in compromise for the reason(s) listed below:

*Note: If you are requesting compromise based on doubt as to liability, explain why you don't believe you owe the tax.*
*If you believe you have special circumstances affecting your ability to fully pay the amount due, explain your situation.*
*You may attach additional sheets if necessary.*

Due to bankruptcy, I now work for a company, I'm no longer self employed, suffer from hyper tension, and don't earn
enough money to ever satisfy my debt to the IRS.

**Item 10**

If I/we submit this offer on a substitute form, I/we affirm that this
form is a verbatim duplicate of the official Form 656, and I/we agree
to be bound by all the terms and conditions set forth in the official
Form 656.

Under penalties of perjury, I declare that I have examined this
offer, including accompanying schedules and statements, and to
the best of my knowledge and belief, it is true, correct and complete.

10(a) Signature of Taxpayer — proponent

7/31/00
Date

10(b) Signature of Taxpayer — proponent

Date

For Official Use Only

Signature of Authorized Internal Revenue Service Official

Title

10/19/00
Date

OFFICIAL USE ONLY

AHHHAEAA

Feb-28-97    :53P                                    E    2269525                    P.02

| Case Number<br>96-58214 aswsa | United States Bankruptcy Court<br>Chapter 7 Discharge of Debtor |
|---|---|

| In re                                    Soc. Sec./Tax ID Nos. | Address of Debtor |
|---|---|
| Thomas Everett Seidel, 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<br>Vicki Renee Seidel, 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 | 25360 Boots Rd.<br>Monterey, CA  93940 |

RECEIVED

FEB 28 1997

NORMAN D. MALBIN



FILED BY THE COURT ON

02/23/97

Keenan G. Casady, Clerk,
U.S. Bankruptcy Court
Northern District of California (San Jose)

It appearing that a petition commencing a case under title 11, United States Code, was filed by or against the person named above on 10/25/96, and that an order for relief was entered under chapter 7, and that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court (or that a complaint objecting to discharge of the debtor was filed and, after due notice and hearing, the objection was not sustained);

IT IS ORDERED that:

1.  The above-named debtor is released from all dischargeable debts.

2.  Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

    a.  debts dischargeable under 11 U.S.C. § 523;

    b.  unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6), and (15) of 11 U.S.C. § 523(a);

    c.  debts determined by this court to be discharged.

3.  All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

| U.S. Bankruptcy Court<br>280 S 1st St. #3035<br>San Jose, CA  95113-3099 | By the Court:                                    Exhibit 8<br><br>Arthur Weissbrodt<br>Bankruptcy Judge                    Date  02/23/97 |
|---|---|

(2/3/95) DIS

| Case Number<br>96-58214 aswsa<br><br>Date Case Filed<br>10/25/96 | **United States Bankruptcy Court**<br>Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code,<br>Meeting of Creditors, and Fixing of Dates<br>(Individual or Joint Debtor No Asset Case) |
|---|---|

| In re               Soc. Sec./Tax ID Nos.<br>Thomas Everett Seidel, 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<br>Vicki Renee Seidel, 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 | Address of Debtor<br>25360 Boots Rd.<br>Monterey, CA  93940 |
|---|---|
| Name and Address of Attorney for Debtor<br>Jennifer Hagan<br>350 Cambridge Ave. #150<br>Palo Alto, CA  94306<br>          Telephone Number<br>          (415) 322-8498 | Name and Address of Trustee<br>John W. Richardson<br>2901 Park Ave. #C2<br>Soquel, CA  95073-2831<br>          Telephone Number<br>          (408) 475-2202 |

### DATE, TIME AND LOCATION OF MEETING OF CREDITORS

Date & Time: November 26, 1996 at 4:30 pm

Location:    The Quadrangle #214<br>1000 S Main St.<br>Salinas, CA  93901-2352

### DISCHARGE OF DEBTS

**Deadline to file a Complaint Objecting to Discharge of Debtor or to Determine Dischargeability of Certain Debts:  01/25/97**

**At this time there appear to be no assets available from which payment may be made to unsecured creditors. Do not file a proof of claim until you receive one to do so.**

**Commencement of Case.** A petition for liquidation under Chapter 7 of the Bankruptcy Code has been filed in this court by or against the person or persons named above as the debtor, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with this court, including lists of the debtor's property, debts, and property claimed as exempt are available for inspection at the office of the clerk of the bankruptcy court.

**Creditors May Not Take Certain Actions.** A creditor is anyone to whom the debtor owes money or property. Under the Bankruptcy Code, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor. A creditor who is considered taking action against the debtor or the property of the debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

**Meeting of Creditors.** The debtor (both husband and wife in a joint case) is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may elect a trustee other than the one named above, elect a committee of creditors, examine the debtor, and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to creditors.

**Liquidation of the Debtor's Property.** The trustee will collect the debtor's property and turn any that is not exempt into money. At this time, however, it appears from the schedules of the debtor that there are no assets from which any distribution can be paid to creditors. If at a later date it appears that there are assets from which a distribution may be paid, the creditors will be notified and given an opportunity to file claims.

**Exempt Property.** Under state and federal law, the debtor is permitted to keep certain money or property as exempt. If a creditor believes that an exemption of money or property is not authorized by law, the creditor may file an objection. An objection must be filed not later than 30 days after the conclusion of the meeting of creditors.

**Discharge of Debts.** The debtor is seeking a discharge of debts. A discharge means that certain debts are made unenforceable against the debtor personally. Creditors whose claims against the debtor are discharged may never take action against the debtor to collect the discharged debts. If a creditor believes that the debtor should not receive any discharge of debts under section 727 of the Bankruptcy Code or that a debt owed to the creditor is not dischargeable under section 523(a)(2), (4), (6), or (15) of the Bankruptcy Code, timely action must be taken in the bankruptcy court by the deadline set forth above labeled "Discharge of Debts." Creditors considering taking such action may wish to seek legal advice.

**Information.** There is a $15 search fee, payable in advance. No personal checks accepted. Direct all correspondence and proofs of claim to the address shown below. Please enclose a self-addressed stamped envelope.

| U.S. Bankruptcy Court<br>280 S 1st St. #3035<br>San Jose, CA  95113-3099 | For the Court:<br><br>Keenan G. Casady<br><br>Clerk of the Court          Date  11/03/96 |
|---|---|

(2/3/95) B9A