Robert Alan Jones, Esq.
*Pro hac vice*
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

CHRIS DIETRICH, Bar No. 092592
11300 West Olympic Boulevard
Suite 800
Los Angeles, California 90064
(310) 312-6888

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE**

**VICKI R. SEIDEL**

      Plaintiff,

      v.

**UNITED STATES OF AMERICA,**
      Defendant.

CASE NO: 5:07-CV-03141 - JF
Honorable Judge Jeremy Fogel
Reference Docket No. 7

BRIEF IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION

     The underlying motion for the instant Brief is brought pursuant Rule 65 of the Federal Rules of Civil Procedure. There are set out in case law a set of factors that if satisfied may be grounds for the granting of injunctive relief.

> A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Seigel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

The instant Brief will show that all the factors set forth in *Klay* are satisfied and therefore, the moving party, Vicki Seidel, is entitled to injunctive relief.

### Jurisdiction

On June 14, 2007, the plaintiff herein filed a complaint in this Honorable Court pursuant to 26 U.S.C. § 7426 for injunctive relief and damages due to wrongful levies against Vicki Seidel's property authorized by the Commissioner of the Internal Revenue Service. The United States has waived sovereign immunity for the underlying action under 26 U.S.C. § 7426 which provides if a levy has been made on property of any person other than the person against whom is assessed the tax out of which such levy arose, that person who claims an interest in or lien on such property may bring a civil action against the United States ...in a district court of the United States. Further, the United States has further waived its rights under the Anti-Injunction Act pursuant 26 U.S.C. § 7426(b)(1).

### Statement of the Case

The instant brief is in support of a motion for temporary restraining order and preliminary injunction which has been converted by the Court into a motion for preliminary injunction. It has been scheduled for hearing on July 6, 2007. It is brought pursuant Federal Rules of Civil Procedure 65(a), (b), and also according to 26 U.S.C. § 7426(b)(1) which states in pertinent part: "If a levy or sale would irreparably injure rights in property [of a third party taxpayer] which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy ... ."

### Facts

The underlying claim herein is for damages and injunctive relief against the United States for its levy of the property, and wages of the plaintiff, Vicki Seidel. The plaintiff, Mrs. Seidel is an unassessed third party taxpayer who wishes to recover a refund of penalties seized from her but assessed against and attributable to her husband, Mr. Thomas E. Seidel.

It is also an equitable claim to prevent the Internal Revenue Service from seizing additional amounts of the payroll taxes they allege are due during the pendency of the lawsuit. At heart of the

1 issues in the underlying claim is the actual validity of the assessment itself against anyone.

2 The plaintiff herein, Mrs. Vicki Seidel, neither has an assessment against her, nor has she
3 been afforded a mandatory collection due process hearing.

**The Government Cannot Prevail**

The seizures as set out in the motion for temporary restraining order and subsequently filed supplement were in the absence of notice, demand, assessment or allowing Plaintiff a right to a due process hearing pursuant to IRC Sec. 6330, and the United States may not prevail as a matter of law. Further, Vicki Seidel was absolved of responsibility for any of the underlying payroll taxes in a letter from Steven Penrod of the IRS dated May 13, 1999. (See Exhibit 1, copy of letter from Mr. Penrod).

Further, we submit that the statutory ten year collections period following alleged assessment of the 100% penalty against Mr. Thomas E. Seidel has expired, and the penalty is no longer collectible against anyone as a matter of law.

Additionally, the form of the levy on Mrs. Seidel's wages upon its face is illegal in that it attempts to collect 100% of her salary in violation of the Internal Revenue Code, the Internal Revenue Manual and current IRS regulations.(see Exhibit 2). Specifically, the allegations by the IRS revenue agent as filed this date in the Declaration of Joe Smith (IRS revenue officer) are factually incorrect and legally incompetent.

1. Although their principal residence at 25360 Boots Road, Monterey, California is in a family trust that is not a nominee entity, produces no revenue, and is already subject to an IRS lien.

2. The second piece of real property as referred to in paragraph 7, page 2 of Mr. Smith's declaration is owned by a C corporation, is subject to a mortgage, taxes, and other rental expenses, and does not provide consistent available cash flow for the personal support of Mrs. Seidel, and her minor children, and

3. The Four Rivers Investment Inc., Corporation has also been the object of IRS liens and levies, the validity of which is currently being challenged (in the United States Court of Federal Claims, case number 06-598). Additionally,

        there are tax liens against Four Rivers based on its own Form 1120 filings therefore, it is disingenuous of the IRS to attempt to use the Four Rivers property as an excuse for disallowing the exemptions to which the taxpayer levied is legally entitled.

4. Mr. Smith also alleges that the Internal Revenue Manual allows the IRS to levy against the wife's interest in her own community property. Although the plaintiff disputes the validity of the entire assessment, she does not dispute the fact that where there is a legal assessment, the IRS may levy against the husband's community interest in her wages.

        However, Revenue Officer Smith's opinion as expressed in his declaration, paragraph 14, that California law allows him to levy the wife's interest-as opposed to the husband's in her wages is without foundation and without basis in law. Even a valid levy in satisfaction of the husband's debt is not enforceable against her property interest.

5. Finally, Smith submits that the collection statute has not expired because it was tolled by Mr. Tom Seidel's Offer In Compromise. He conveniently ignores the amendment to the Internal Revenue Code in 2000 which deleted the provision tolling the running of the collection statute during the period of time the Offer In Compromise was being processed.

6. We would also note that Mr. Smith's exhibit 6, the bank statement for Mr. Seidel's electrical business is for a business account for the period of March 2007 and is subject to, as a sole proprietorship business account a 100% levy from Mr. Smith and does not provide income with which to satisfy the statutory exemption.

        In fact, Mr. Smith has successfully levied 100% of Mr. Seidel's business Washington Mutual Bank account # 315-214476-8.(see page 23 of document 19). Note that this levy was issued on May 29, 2007 and executed on about

1    June 4, earlier this month. (Exhibit 3, declaration of Vicki Seidel).

2    Thus Revenue Officer Smith has levied and continues to levy all sources for Thomas Seidel. This has deprived the plaintiff, Vicki Seidel of any community interest that she may separately have in such property, and depriving her and her children of alternate funding which may have otherwise been utilized by her to satisfy statutory exemption requirements.(Exhibit 3.).

**Irreparable Injury**

Vicki Seidel is the mother of infant children and the seizure of 100% of her compensation will irreparably injure her and her children in that she will not have the funds available to her to support her children and herself. Furthermore, this current levy is interfering with Vicki Seidel's employment relationship with her employer and her professional reputation in the employment community in which she works. Finally, levy of 100% of Vicki Seidel's salary on a continuing basis is against the intent of the Internal Revenue Code and public policy.(Exhibit 3).

**The Government will not be disadvantaged by the issuance of the preliminary injunction.**

The government has waited some eleven years to begin collection efforts against Thomas Seidel, and being unsuccessful to date are now launching an all out attack against his innocent spouse and children. The Seidels' home has been liened, their bank accounts have been seized. And now the IRS is making frontal assaults against third party tax payers not responsible for the penalties. Either the collections statute of limitations has expired, or it is not scheduled to expire until a minimum of January 2008. Moreover, the statute is probably tolled during the pendency of this action if the underlying claim is successful the government has nothing to lose; Mrs. Seidel has everything to lose. The balancing of the parties' competing interests weighs heavily in favor of Mrs. Seidel.

In conclusion, the preliminary injunction should be granted and the government should be restrained from collecting any of the assessed liability against Mr. Seidel from Mrs. Seidel's own portion of her community property, and from ignoring the statutory and regulatory exceptions in calculating any portion of Mr. Seidel's community interest to be levied upon.

/ / /

Case No. C 07-3141 JF
BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Respectfully submitted June 29, 2007.

/s/ Robert Alan Jones
Robert Alan Jones, Esq.
*Pro hac vice*
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

/S/ Chris Dietrich
CHRIS DIETRICH, Bar No. 092592
11300 West Olympic Boulevard
Suite 800
Los Angeles, California 90064
(310) 312-6888

# CERTIFICATE OF SERVICE

This is to certify that on June 29, 2007, I caused to be served the foregoing **Brief in Support of Motion for Preliminary Injunction,** using the electronic court filing system, and will be distributed to all parties shortly after its filing.

United States Attorney
Scott N. Schools, USA
United States Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
(415-436-7200)

Attorney General Alberto Gonzales
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
(202-353-1555)

Commissioner of Internal Revenue
Mark W. Everson
1111 Constitution Avenue NW
Washington, DC 20224-0002

Additionally:
by fax:

AUSA David L. Denier
9TH FLOOR
FEDERAL BUILDING
450 Golden Gate Ave.
Box 36055
San Francisco, CA 94102
(408) 535-5163
Fax: (415) 436-6748
david.denier@usdoj.gov

Dated this 29th day of June, 2007.

*/s/ Stephanie Burton*
Office of Robert Alan Jones