Robert Alan Jones, Esq.
*Pro hac vice*
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

CHRIS DIETRICH, Bar No. 092592
11300 West Olympic Boulevard
Suite 800
Los Angeles, California 90064
(310) 312-6888

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE**

| | |
|---|---|
| **VICKI R. SEIDEL** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO: 5:07-CV-03141 - JF |
| | ) Honorable Judge Jeremy Fogel |
| | ) Reference Docket No. 7 |
| **UNITED STATES OF AMERICA,** | ) REPLY TO GOVERNMENT'S |
| | ) OPPOSITION TO MOTION |
| Defendant. | ) FOR PRELIMINARY INJUNCTION |
| | ) |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION**

Vicki R. Seidel, by and through counsel, Robert Alan Jones, hereby files her Reply to the Government's Opposition to Plaintiff's Motion for Preliminary Injunction.

First, the plaintiff disputes the government's version of the question presented with respect to the preliminary injunction hearing. Although the government is correct that the underlying complaint takes issue with the legality of the assessment against Thomas E. Seidel who is not a party to this action, that issue can only be resolved at a full evidentiary hearing or trial where disputed

issues of fact can be resolved. However, the presently scheduled hearing is limited to resolving the legal issue of the propriety of, and the extent of, the levy against the plaintiff, Mrs. Vicki R. Seidel's separate community interest in her own wages and property. In this regard, the government's reliance on *Commissioner v. Shapiro*, 424 U.S. 614, 628 (1976) is misplaced. The taxpayer prevailed in that case.

The government also relies on *Babb v. Schmidt,* 496 F. 2d 957, 959-60 (9th Cir. 1974), but the community property laws in the State of California were amended after that case. The amendment carved out an exception to levies on community property for the earnings (wages) of a non-liable spouse for debts of the other spouse where the non-liable spouse raises the issue of his or her earnings. He or she must also maintain a separate, segregated account into which wages are deposited on which account the liable spouse has no authority to remove funds. That is the case here.

Vicki Seidel does not contest for purposes of the preliminary injunction the validity of an apparently legal penalty assessment against her husband (although it is actually fraudulent which will be proved at a later hearing or trial). She contests 1) the right of the United States to levy against her community estate a portion of her wages under these particular circumstances, 2) the right of the United States through misleading and apparently false declarations to deprive her of the exemptions to the levy to which she is entitled, and 3) Vicki Seidel as Plaintiff asserts her rights under IRC § 7426(b)(1) and IRC § 6331(i) to injunctive relief pending resolution of the underlying claim.

As stated in plaintiff's opening brief, there are no readily available alternative sources of income with which to satisfy the exemptions. (See Exhibit 1, Declaration of Vicki Seidel.) It is certainly disingenuous to claim that a C Corporation from which the United States has levied more than $200,000, and which, therefore, cannot pay its current income taxes is a source of funds to pay the exemptions.[1] Neither are the bank accounts which Revenue Officer Joe Smith has wiped out

---

[1] Note, the above referred to seizure is currently subject to a third-party wrongful recovery suit by the corporation in the Unites States Court of Claims 06-598 in which the legitimacy of the underlying assessment is also being litigated.

Case No. C 07-3141 JF
REPLY TO GOVT. OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1    100%, an alternative source of funds which allows the IRS to ignore the legal exemption amounts
2    when attempting to levy Mrs. Seidel's bank accounts.

3        The defendant United States also claims that because it afforded Mr. Thomas E. Seidel a
4    collection due process hearing under IRC §6330, it can collect against any other party it so chooses
5    without giving said party, whether it is a corporation or a spouse, any rights to a hearing.  This is
6    clearly against public policy.

7        Finally, with respect to the expiration of the collections statute, it appears that the time has
8    never been legally extended.  If, as is set out in the civil penalty individual master file
9    specific, the assessment occurred on October 23, 1996 and the extension of the collection
10   statute expiration date (CSED) also occurred on October 23, 1996, the extension was illegal
11   and unauthorized.  (See Exhibit 2, Declaration of Victoria Osborn.)  On that date no bankruptcy
12   petition had been filed, and no voluntary waiver appears in the files.

13       Further, inasmuch as Title 11 the Bankruptcy Code did not in October of 1996 provide for
14   an automatic stay for the IRS issuance of notices of deficiency, and notices and demands of payment
15   which are clear collections actions, the filing of a petition in bankruptcy at that time did not
16   automatically extend the CSED for the period of the bankruptcy and six months beyond.

17       Finally, the amendments to the Internal Revenue Code 26 USCA §6331 effective
18   December 21, 2000 deleted suspension of the limitations periods for offers in compromise (OIC)
19   during the pendency of an OIC. (See  26  USCA  §6331 (k) (3), and  §6331 (I).)

20   **The Preliminary Injunction Should Be Granted Under 26 U.S.C. § 7426(b)(1) and  6331(i)**

21       This lawsuit is a taxpayer refund lawsuit by an innocent spouse who although a third party
22   has resources which are being levied by the IRS at the same time she is seeking a refund of divisible
23   payroll taxes in the United States District Court.  It should be remembered that the taxpayer here,
24   as well as her husband, Mr. Seidel separately, is contesting the validity of the underlying assessment
25   based upon concealed fraud by the IRS up to and including the present. (Exhibit 2).

26       The injunctive provisions of 26 U.S.C. § 7426(b)(1) and 26 U.S.C. § 6331(i)(1) apply
27   because this Honorable Court has subject matter jurisdiction over this Preliminary  Injunction.

28

Case No. C 07-3141 JF
REPLY TO GOVT. OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1  26 U.S.C. § 7426(b)(1) states in pertinent part:

2  > If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

5  26 U.S.C. § 6331(i)(1) states in pertinent part:

6  > No levy may be made ... on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax ... .

*Id.*

9  26 U.S.C.§ 6331(i)(4)(B) states in pertinent part:

> ... a levy or collection proceeding prohibited by this subsection may be enjoined ... by the court in which the proceeding under paragraph (1) is brought.

*Id.*

The legislative history of § 6331 indicates that the issuance of equity relief to the taxpayer is the preferred public and congressional policy.

> The legislative history of § 6331(i) makes abundantly clear that Congress only intended § 6331(i) to prohibit collection activity during the pendency of a suit for refund of a divisible tax. As explained in more detail above, the legislative history shows that Congress enacted § 6331 (i)(1) because it believed that "taxpayers who are litigating a refund action over divisible taxes should be protected from collection of the full assessed amount...." S. Rep. No. 105-174, pt. II, at 79-80 (emphasis added).

> Congress believed that a change was necessary because, under previous law, it was "possible that the taxpayer could be properly under the *refund* jurisdiction of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue." *Ibid.* (emphasis added).

> Accordingly, in describing the operation of § 6331(i), the Senate Committee Report explained that "[t]he provision requires the IRS to withhold collection by levy of liabilities that are the subject of a pending *refund* suit during the pendency of the litigation." *Ibid*

The United States Court of Claims found in *Unico Services, Inc. v. United States,* 71 Fed.

Cl. 464 (2006) as follows:

> The court finds the application of § 6331(i)(1) limited to a levy made on the unpaid portion of a divisible tax that is the subject of a proceeding (pending in a proper federal trial court) for the recovery of the portion of the divisible tax that was paid prior to the suit. *In other words*, the subsection "requires the IRS to withhold collection by levy of liabilities *that are the subject of a refund suit* during the pendency of the litigation."

*Unico*, 71 Fed. Cl. at 467-68 (quoting S. Rep. No. 105-174, pt. II, at 79-80) (emphasis added).

Therefore, it is clear that the preliminary injunction should issue insofar as Vicki Seidel is concerned irrespective of her community property rights because she is a third party taxpayer in a refund suit where the underlying liability has never been litigated to a *res judicata* conclusion either in the Tax Court or a United States District Court having jurisdiction over a refund lawsuit.

Respectfully submitted July 4, 2007.

/s/ Robert Alan Jones
Robert Alan Jones, Esq.
*Pro hac vice*
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

/s/ Chris Dietrich
Chris Dietrich, Bar No. 092592
11300 West Olympic Boulevard
Suite 800
Los Angeles, California 90064
(310) 312-6888

Case No. C 07-3141 JF
REPLY TO GOVT. OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# CERTIFICATE OF SERVICE

This is to certify that on July 4, 2007, I caused to be served the foregoing **Reply to Government's Opposition to Motion for Preliminary Injunction,** using the electronic court filing system, and will be distributed to all parties shortly after its filing.

AUSA David L. Denier<br>
9th Floor, Federal Building<br>
450 Golden Gate Ave., Box 36055<br>
San Francisco, CA 94102<br>
(408) 535-5163<br>
Fax: (415) 436-6748<br>
david.denier@usdoj.gov

Dated this 4TH day of July, 2007.

                                           */s/ Stephanie Burton*
                                           Office of Robert Alan Jones