SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
JAY R. WEILL (CSBN 75434)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER  (CSBN 95024)
Assistant United States Attorney

9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone:   (415) 436-6888
Fax:              (415) 436-6748

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **VICKI R. SEIDEL,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant.** | NO.  C-07-3141-JF <br><br> **UNITED STATES' REPLY TO PLAINTIFF'S MEMORANDA IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> DATE:     JULY 6, 2007 <br> TIME:      9:00 A.M. |

Plaintiff makes the following arguments: (1) notwithstanding that the IRS afforded Thomas E. Seidel a collection due process hearing under I.R.C. § 6330, it may not take collection action against the community property of Thomas and Vicki Seidel without affording Vicki Seidel a collection due process hearing: (2) inasmuch as the Bankruptcy Code did not in October 1996 provide for an automatic stay, the filing of the bankruptcy petition did not automatically extend the collection statute of limitations; (3) amendments to the I.R.C. § 6331 effective December 21, 2000, deleted suspension of the limitations period for offers in compromise during the pendency of the offer in compromise; and (4) I.R.C. § 6331(i) precludes levy action by the IRS during the pendency of this action.  Each of plaintiff's arguments is incorrect.

///

///

### A. The IRS Is Only Required To Afford One Opportunity For A Collection Due Process Hearing To The Taxpayer

As part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. No. 105-206, Sec. 3401, 112 Stat. 685, 746, Congress enacted sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Sections 6320 and 6330 generally provide that the IRS cannot proceed with collection until the taxpayer has been given notice of and the opportunity for an administrative review of the matter, in the form of an Appeals Office hearing, and if dissatisfied, the taxpayer may seek judicial review of the administrative determination. *See Davis v. Commissioner*, 115 T.C. 35, 37 (2000); *Goza v. Commissioner*, 114 T.C. 176, 179 (2000).

Sections 6320(a) and 6330(a) provide in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding the Secretary's filing of a notice of lien under section 6323 or the Secretary's intent to levy, respectively, by mailing the notice required by section 6320(a) or section 6330(a), as the case may be, by certified or registered mail to such person at his or her last known address.

Section 6330(C) prescribes the matters that may be raised by the taxpayer at an Appeals Office hearing. If a taxpayer timely requests a CDP Hearing, the Appeals Officer must: (1) verify that the requirements of any applicable law or administrative procedure with respect to the underlying taxes have been met, 26 U.S.C. § 6330(c)(1); (2) consider any issues raised by the taxpayer at the hearing, including appropriate spousal defenses, challenges to the appropriateness of the collection actions, offers of collection alternatives, and challenges to the existence or amount of the underlying tax liability (if appropriate), 26 U.S.C. § 6330(c)(2); and (3) determine whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary, 26 U.S.C. § 6330(c)(3)(C). In sum, section 6330(C) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the IRS's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the taxpayer did not receive a notice of deficiency for the taxes in question

or did not otherwise have an earlier opportunity to dispute the tax liability. *See Sego v. Commissioner*, 114 T.C. 604, 609 (2000).

A CDP hearing is "informal in nature." The Appeals Officer is not required to hold a face-to-face meeting. A transcript is not required. The taxpayer does not have the right to subpoena and examine witnesses. Indeed, if the time and location of a meeting is not satisfactory to the taxpayer, the Appeals officer's review of the request for hearing, the case file, and any other written or oral communications "will constitute the CDP hearing for the purposes of section 6330(b)." Treas. Reg. § 301.6330-1(d)(2)(Q&A, A-D6 and A-D7). A taxpayer is entitled to only one hearing under section 6330 with respect to a specific taxable period to which an unpaid tax relates. I.R.C. § 6330(b)(2).

Thomas E. Seidel was given notice of his right to a Collection Due Process hearing on August 24, 2000. (Smith Decl. ¶ 8; Ex. 3). He did not make a timely request for a Collection Due Process hearing. (Smith Decl. ¶ 9) Since the IRS satisfied all procedural prerequisites, it was entitled to levy upon all property and rights to property of Thomas E. Seidel for payment of the trust fund recovery penalty.

As a third party who contends that the IRS is wrongfully levying upon her property, Vicki Seidel's exclusive remedy is a wrongful levy action. *EC Term of Years Trust v. United States*, __ U.S. __, 127 S.Ct. 1763 (2007).

B.  The Bankruptcy Code Does Provide For An Automatic Stay, Therefore, The Collection Statute Was Suspended During The Pendency Of The Seidels' Bankruptcy

Section 362 of the Bankruptcy Code (11 U.S.C.) provides that a petition for bankruptcy acts as a stay to any collection action by the IRS for unpaid tax debts. 11 U.S.C. § 362 (a). The automatic stay has been codified since the enactment of the Bankruptcy Code in 1978. It is simply nonsense to contend that the Bankruptcy Code did not provide for an automatic stay when the Seidels filed a Chapter 7 bankruptcy on October 25, 1996, for which they received a discharge on February 23, 1997. (Smith Decl. ¶ 15; Ex.8) The bankruptcy was filed two days after the IRS made its assessment against Thomas E. Seidel. (Smith Decl. ¶ 3) The statute of limitations on collection, therefore, was extended by reason of the Seidels' bankruptcy for the

period during which the IRS was prohibited from collecting plus six months thereafter. I.R.C. § 6502(h).

### C. Suspension Of The Collection Statute Of Limitations During The Pendency Of The Taxpayer's Offer In Compromise

Thomas E. Seidel, the taxpayer, filed an offer in compromise with the IRS on October 19, 2000, which was returned to him on April 2, 2003. Under I.R.S. § 6331(k), which was added by Pub. L. No. 105-206, § 3462(b), 112 Stat. 685, 765-66, the IRS is prohibited from making a levy on property or the rights to property of a person with respect to an unpaid tax while an offer in compromise by such person is pending, or if the offer is rejected, during the 30 days thereafter. The period of limitations was suspended while the IRS was prohibited from making a levy. I.R.C. § 6331(k)(3). Effective December 21, 2000, The Community Renewal Tax Act of 2000, Pub. L. No. 106-554, 114 Stat. 2763 (2000), eliminated the statutory suspension of the limitations period. Therefore, the offer suspended the limitations period only from October 19, 2000 through December 20, 2000, the effective date of the Renewal Act. *See United States v. Ryals*, 480 F.3d 1101, 1106 (111th Cir. 2007). The Worker Assistance Act, Pub. L. No. 107-147, § 416(e)(1), 116 Stat. 21, 55 (2002), effective March 9, 2002, however, reinstated the statutory suspension, thereby tolling the limitations period until April 2, 2003. *Ryals*, 480 F.3d at 1106-07. Thus, it is evident that the collection statute of limitations was tolled for a time equal to the two periods, October 19, 2000 through December 20, 2000 and March 9, 2002 through April 2, 2003. The IRS determined that the statute of limitations was extended to January 18, 2008 because of the pendency of the offer in compromise.

### D. Section 6331(i) Does Not Prohibit The IRS From Levying To Collect The Trust Fund Recovery Assessment At Issue

Plaintiff contends that I.R.C. § 6331(i) prohibits the IRS from levying against the property or rights to property of Thomas E. Seidel. Plaintiff is mistaken.

Section 6331(i)(1) provides in pertinent part:

> No levy may be made . . . on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of a proceeding brought by such person in proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person.

As plaintiff correctly notes, the legislative history of section 6331(i) makes it abundantly clear

U.S.' Reply To Pltff's Mem. In Supp.
Of Mot. For Prelim. Injunct. (No. C-07-3141-JF)    4

1 | that Congress only intended that section to prohibit the collection activity during the pendency of
2 | a suit for refund of a divisible tax.  S. Rep. No. 105-174, pt. II, at 79-80.  (Plaintiff's Reply p.4)
3 |       Plaintiff, however, incorrectly concludes that her present suit constitutes a refund action
4 | for a portion of a divisible tax.  The present action is a wrongful levy action brought under I.R.C.
5 | § 7426.  A wrongful levy action is plaintiff's exclusive remedy; she may not challenge a levy
6 | through an action for tax refund under 28 U.S.C. § 1346(1).  *EC Term of Years Trust v. United*
7 | *States*, __ U.S. __, 127 S.Ct. 1763 (2007).  Since this is not a suit for refund of a divisible tax, the
8 | IRS is not prohibited from levying against the property or rights to property of Thomas E. Seidel.
9 | I.R.C. § 6331(i)(1).
10 |       For the foregoing reasons and those stated in the government's opposition memorandum,
11 | plaintiff has failed to meet her burden by demonstrating either (1) a combination of probable
12 | success on the merits and the possibility of irreparable injury or (2) that the serious questions are
13 | raised and the balance of hardships tips sharply in her favor.  The motion for preliminary
14 | injunction should be denied.

                                   Respectfully submitted,

                                   SCOTT N. SCHOOLS
                                   United States Attorney

                                    /s/
                                   DAVID L. DENIER
                                   Assistant United States Attorney
                                   Tax Division

# CERTIFICATE OF SERVICE

**Seidel v. USA**
**C 07-3141 JF**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**United States' Reply to Plaintiff's Memoranda in Support of Motion for Preliminary Injunction**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

  X    FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

 ____  CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

 ____  PERSONAL SERVICE (BY MESSENGER)

 ____  FEDERAL EXPRESS via Priority Overnight

 ____  EMAIL

 ____  FACSIMILE (FAX)  Telephone No.: See Below

to the party(ies) addressed as follows:

Chris Dietrich
11300 West Olympic Blvd., Ste. 800
Los Angeles, CA 90064

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this July 5, 2007 at San Francisco, California.

/s/
LILY HO-VUONG
Legal Assistant

U.S.' Reply To Pltff's Mem. In Supp.
Of Mot. For Prelim. Injunct. (No. C-07-3141-JF)          6