1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed 7/16/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VICKI R. SEIDEL,<br><br>                      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Case Number C 07-3141 JF<br><br>ORDER[1] DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 6] |

**I. BACKGROUND**

Plaintiff filed the complaint in this action on June 14, 2007, seeking to enjoin the Government from levying against her assets to satisfy a tax debt owed by her husband Thomas Seidel arising from his failure to pay payroll taxes.[2]  The next day, Plaintiff moved for a temporary restraining order directing the Government to return funds already levied and to prohibit further levies pending the outcome of the instant action.  Plaintiff also requested a

---

[1] This disposition is not designated for publication and may not be cited.

[2] Plaintiff "does not contest for purposes of the preliminary injunction the validity of an apparently legal assessment against her husband (although it is actually fraudulent which will be proved at a later hearing or trial)."  Plaintiff Reply 2.

1   hearing regarding preliminary injunctive relief.  On June 18, 2007, this Court concluded that the

2   instant action is related to a pending criminal action for tax evasion and related offenses entitled

3   *United States v. Seidel*, CR 06-0539 JF, and denied the motion for a temporary restraining order.

4   On June 22, 2007, Plaintiff moved for leave to file a motion for partial reconsideration of that

5   denial on the asserted basis that "this Honorable Court did not fully consider and rule upon the

6   material facts and legal arguments" asserted in her motion.  On June 26, 2007, the Court

7   reassured Plaintiff that it had considered all of her arguments and the material facts, and denied

8   the motion for leave to move for reconsideration.  The Court also denied Plaintiff's request for an

9   evidentiary hearing.[3]  On June 6, 2007, after briefing by the parties,[4] the Court heard oral

10  argument on the motion for a preliminary injunction.

11                                  **II.  LEGAL STANDARD**

12          A party seeking a preliminary injunction must show either (1) a likelihood of success on

13  the merits and the possibility of irreparable injury, or (2) the existence of serious questions going

14  to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson* , 134

15  F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521,

16  523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the

17  required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134

18  F.3d at 1402.

19                                    **III.  DISCUSSION**

20

21  _____

22          [3]  At that time, the Court indicated that it would reconsider the necessity of an evidentiary
    hearing after oral argument on the motion for a preliminary injunction.  The Court now reaffirms
23  its conclusion that an evidentiary hearing is unnecessary.

24          [4]  In its order denying the motion for a temporary restraining order and setting the briefing
    schedule for the preliminary injunction motion, the Court permitted each party to submit a ten-
25  page brief not later than June 29, 2007.  Ignoring this limitation, Plaintiff filed a reply on July 4,
    2007, two days before the hearing.  The Government responded to that reply one day later.
26  Notwithstanding the fact that the reply was unsolicited and asserted arguments not raised in the
    motion for a temporary restraining order or in Plaintiff's brief in support of her motion for a
27  preliminary injunction, the Court has considered each argument contained therein.  The Court
    also has considered the arguments made by the Government in its response to the reply.
28

Case No. C 07-3141 JF
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1    1.    <u>Likelihood of Success/Questions as to the Merits</u>

2    Plaintiff argues that the Government cannot prevail because: the Government failed to

3    provide her with a due process hearing; she was absolved of responsibility for any of the

4    underlying payroll taxes; the statutory collections period has expired; and the levy is illegal

5    because it attempts to collect one hundred percent of Plaintiff's salary in violation of the Internal

6    Revenue Code.  In her reply, Plaintiff argues for the first time that 26 U.S.C. § 6331(i) prohibits

7    levy because her action is brought for the refund of a divisible tax.  For the reasons discussed

8    below, the Court concludes that each of these arguments is incorrect as a matter of law.  Plaintiff

9    also argues that the factual allegations made by the Government are false.  However, the Court

10   concludes that each of the contentions made by the Government is supported by substantial

11   evidence and that Plaintiff has failed to present contradictory evidence that suggests that she is

12   likely to prevail in this action.

13       a.    Due Process Hearing Requirement

14   In a letter sent to Thomas Seidel on August 24, 2000, the IRS provided final notice of

15   intent to levy and notice of the right to a hearing.  Smith Decl. Ex. 3.  The letter was sent via

16   certified mail and was received on August 26, 2000.  *Id.*  Thomas Seidel did not make a timely

17   request for a Collection Due Process hearing.  Smith Decl. ¶ 9.

18   Plaintiff argues that the levies at issue in this action "were in the absence of notice,

19   demand, assessment or allowing Plaintiff a right to a due process hearing due to IRC Sec. 6330."

20   Motion 3.  In her reply, Plaintiff appears to acknowledge that Thomas Seidel received notice of a

21   right to a hearing, but states:

22       The defendant United States also claims that because it afforded Mr. Thomas E.
         Seidel a collection due process hearing under IRC §6330, it can collect against
23       any other party it so chooses without giving said party, whether it is a corporation
         or a spouse, any rights to a hearing.  This is clearly against public policy.
24

25   Plaintiff Reply 3.  Plaintiff does not identify the specific public policy that she believes has been

26   violated by the Government's actions or cite any authority in support of her position.  Rather, her

27   argument appears to be based upon a misunderstanding of the community property principles that

28   apply to marriages between residents of California and of the federal policy that directs the IRS

3

1    to look to state property regimes in making levies.  While Plaintiff may view the levies as being

2    directed against her personally, as a legal matter, the Government is levying against assets that

3    clearly are treated as community property under California law.  Because the community is liable

4    for either spouse's separate tax liabilities during marriage, *Babb v. Schmidt*, 496 F.2d 957, 959-

5    60 (9th Cir. 1974), a spouse's wages may be levied in their entirety to satisfy the liability of the

6    community property caused by the other spouse:

> Under the laws of all community property states, under certain circumstances a
> private creditor has the right to collect a debt from all or part of both spouses'
> interests in community property. The Service can also rely on these state law
> remedies in collecting taxes. The Service's rights as a creditor under federal law
> may be supplemented by state law remedies, and the Service may satisfy
> delinquent tax obligations from more than one-half of community property. *See*
> *Medaris v. United States*, 884 F.2d 832 (5th Cir. 1989). Thus, in some states a
> levy for the husband's separate tax liability would attach to all of the wife's
> wages, or a levy on the husband's wages for the same liability would attach to all
> of the husband's wages, even though the wife has a half interest in them.

13   I.R.M. 25.18.4.1(3).[5]  Because the Government gave Thomas Seidel appropriate notice of the

14   right to a hearing, and because Thomas Seidel only was due one such hearing, 26 U.S.C. §

15   6330(b)(2), the Government now may levy against the Seidels' community property, including

16   Plaintiff's wages.[6]

17          b.      Absolution of Responsibility for Underlying Payroll Taxes

18          Plaintiff argues that the levy is improper because she has been absolved of responsibility

19   for the underlying debt.  The Government acknowledges that the tax debt at issue in this action

---

[5]  The Court notes Plaintiff's failure to cite this part of this publication despite her
emphasis on another portion of that publication. *See* Motion Ex. 2b.

[6]  Notwithstanding the surprising and entirely unsupported argument to the contrary
asserted by Plaintiff's counsel at oral argument, wages are considered community property in
California. *See* Cal. Fam. Code § 760 ("Except as otherwise provided by statute, all property,
real or personal, wherever situated, acquired by a married person during the marriage while
domiciled in this state is community property."); *State Bd. of Equalization v. Woo*, 82
Cal.App.4th 481, 483 (Cal.Ct.App. 2000) ("It is well settled that earnings of either the husband
or the wife acquired during the marriage constitute community property.").  Plaintiff does not
allege that any special circumstances, such as a separation, exist that render her wages separate
property.

4

1   was caused by Thomas Seidel.  However, for the reasons discussed above, the Government may

2   levy against community property, which includes Plaintiff's wages.

3              c.       Statutory Collections Period

4          In her motion for a temporary restraining order, Plaintiff argued that "the ten year

5   collections period following alleged assessment of the 100% penalty against Mr. Thomas E.

6   Seidel has expired, and the penalty is no longer collectible against anyone as a matter of law."

7   TRO Motion 3.  In her brief in support of the motion for a preliminary injunction, Plaintiff

8   submits the same argument and adds the assertion that the declaration of the IRS Officer assigned

9   to the collection effort, which stated that the statutory collections period was tolled by both a

10   bankruptcy stay and an offer of compromise, "conveniently ignores the amendment to the

11   Internal Revenue Code in 2000 which deleted the provision tolling the running of the collection

12   statute during the period of the time the Offer In Compromise was being processed."  Plaintiff

13   Brief 4.  Plaintiff makes a similar assertion in her reply.  Plaintiff Reply 3.  In its reply brief, the

14   Government clarifies the history of the relevant statute.  As the Government points out, while

15   Plaintiff notes the 2000 deletion of the tolling provision for offers in compromise, she fails to

16   acknowledge that a 2002 amendment reinstated that provision.  *See U.S. v. Ryals*, 480 F.3d 1101

17   (11th Cir. 2007) (describing December 21, 2000 elimination of suspension period and March 9,

18   2002 reinstatement of that period).  Apparently as a result of this clarification – which should

19   have been unnecessary since any statutory history that included the 2000 amendment also should

20   have included the 2002 amendment – Plaintiff abandoned this argument at the hearing.[7]

21          Plaintiff also asserts for the first time in her reply that the statutory collections period in

22   this action was unaffected by a bankruptcy stay.  Plaintiff Reply 3.  This assertion is

23   unaccompanied by citations to relevant authority.  Instead, Plaintiff claims somewhat

24   enigmatically that "inasmuch as Title 11 the Bankruptcy Code did not in October of 1996

25

26         [7]  The Court notes with some concern that both in this case and in the related criminal
case, Plaintiff's counsel has vigorously asserted a number of legal arguments in his briefs only to

27   abandon them at oral argument when confronted with contrary authority.  Rule 11 requires
greater care on the part of attorneys practicing in the federal courts, and this Court will expect

28   such care from counsel in the future.

1   provide for an automatic stay for the IRS issuance of notices of deficiency, and notices and

2   demands of payment which are clear collections actions, the filing of a petition in bankruptcy at

3   that time did not automatically extend the CSED for the period of the bankruptcy and six months

4   beyond." *Id.*  The Government responds to this argument by commenting that "[i]t is simply

5   nonsense to contend that the Bankruptcy Code did not provide for an automatic stay when the

6   Seidels filed a Chapter 7 bankruptcy on October 25, 1996, for which they received a discharge on

7   February 23, 1997."  Government Reply 3.  In light of the absence of any authority to the

8   contrary, and considering the clear statutory language of 11 U.S.C. § 362(a) and 26 U.S.C. §

9   6503(h), the Court perceives no reason to doubt this assessment.

10          Accordingly, the Court concludes that Plaintiff was wise to abandon the argument that the

11  collections period has expired.  The trust fund recovery penalty was assessed against Thomas

12  Seidel on October 23, 1996.  Smith Decl. ¶ 3.  The unmodified statutory collections period is ten

13  years, 26 U.S.C. § 6502(a)(1), making the unmodified expiration date October 23, 2006.  The

14  Government has provided evidence of an offer of compromise that was pending from October

15  19, 2000 to April 2, 2003, Smith Decl. Ex. 7.  Such an offer extends the collections period.  26

16  U.S.C. § 6331(k) & (i)(5).  Because of the statutory amendments, the collection period was tolled

17  from October 19, 2000 to December 20, 2000 and from March 9, 2002 to April 2, 2003.

18  Pursuant to 26 U.S.C. § 6503(h), the filing for Chapter 7 bankruptcy on October 25, 1996, and

19  the emergence from such bankruptcy on February 23, 1997, *see* Smith Decl. Ex. 8, led to an

20  extension of the collections period for the duration of the reorganization plus 180 days.

21  Accordingly, the statutory period will not expire until late 2008.

22          d.      Scope of the Levy

23          Plaintiff argues that the Government failed to allow her permissible exemptions and

24  improperly levied one hundred percent of her salary.  However:

25          In the case of a taxpayer who has more than one source of wages, salary, or other
            income, the district director may elect to levy on only one or more sources while
26          leaving other sources of income free from levy. If the wages, salary, or other
            income that the district director leaves free from levy equal or exceed the amount
27          to which the taxpayer is entitled as an exemption from levy under section
            6334(a)(9), computed in accordance with § 301.6334-3 (and are not otherwise
28          exempt), the district director may treat no amount of the taxpayer's wages, salary,

6

1  or other income on which the district director elects to levy as exempt from levy.

2  26 C.F.R. § 301.6334-2(c)(1).  In the instant action, Agent Smith declares that he determined that

3  the Seidels had sufficient other sources of income to permit a complete levy of Plaintiff's salary.

4  Smith Decl. ¶¶ 7, 13.  This is corroborated by evidence of deposits into a bank account belonging

5  to Thomas Seidel.  Smith Decl. Ex. 6.  Plaintiff claims that the Seidels in fact do not have

6  sufficient other funds to satisfy the statutory exemptions, but they provide no meaningful

7  evidence in support of this contention.  Plaintiff's contentions as to the evidence provided by the

8  Government also are entitled to little weight.  For example, contrary to the assertion of her

9  counsel at oral argument, the bank account identified by the Government is not held in a

10  corporation's name, but rather is held in the name of "Thomas E. Seidel, DBA Seidel Electrical."

11  Smith Decl. Ex. 6.

12          e.       Nature of Action and 26 U.S.C. § 6331(i)(1)

13          Plaintiff asserts for the first time in her reply brief that "this lawsuit is a taxpayer refund

14  lawsuit by an innocent spouse who . . . is seeking a refund of divisible payroll taxes," and argues

15  that 26 U.S.C. § 6331(i)(1) prohibits levy under such circumstances.  Plaintiff Reply 3-4.  That

16  section provides that, subject to a number of exceptions, "[n]o levy may be made under

17  subsection (a) on the property or rights to property of any person with respect to any unpaid

18  divisible tax during the pendency of any proceeding brought by such person in a proper Federal

19  trial court for the recovery of any portion of such divisible tax which was paid by such person."

20  26 U.S.C. § 6331(i)(1).

21          The Government concedes that the taxes underlying the debt are divisible.  However, the

22  Government also points out correctly that Plaintiff's action is brought for wrongful levy under 26

23  U.S.C. § 7426, and is not an action for refund under 28 U.S.C. § 1346(1).[8]  As the Government

24

25          [8] The complaint makes no reference to Section 1346.  Instead, it states that "[t]he instant
26  action is brought pursuant [sic] 26 U.S.C. § 7426 which states in pertinent part: If a levy has been
   made on property . . . and any person (other than the person against whom is assessed the tax out
27  of which such levy arose) who claims an interest in or lien on such property and that such
   property was wrongfully levied upon may bring a civil against the United States in a District
28  Court of the United States . . . ."  Complaint ¶ 3.

7

1    explains, an action under 26 U.S.C. § 7426 is Plaintiff's exclusive remedy; if this were a refund

2    action it would be subject to dismissal.  *See EC Term of Years Trust v. United States*, 127 S.Ct.

3    1763 (2007) (affirming the Fifth Circuit's conclusion that section 7426 affords the exclusive

4    remedy for an innocent third party whose property is confiscated by the IRS to satisfy another

5    person's tax liability).  Accordingly, 26 U.S.C. § 6331(i)(1) does not bar the levies at issue in this

6    action.[9]

7    2.    Possibility of Irreparable Injury/Balance of Hardships

8        Plaintiff argues that the levies will cause her and her family irreparable injury by forcing

9    her to leave her job and by causing her to be unable to afford child care.  However, financial

10   hardship alone does not constitute irreparable injury.  *Elias v. Connett*, 908 F.2d 521, 526 (9th

11   Cir. 1990) (holding that a plaintiff had not established irreparable injury by failing "to show that

12   he will suffer more than mere monetary harm or financial hardship if denied relief").  Moreover,

13   the Government has provided evidence that the Seidels have sufficient other sources of income,

14   and the Government has chosen not to proceed against the Seidels's home.  The levy also is

15   unlikely to cause Plaintiff greater reputational damage than the criminal prosecution currently

16   pending against her.  While the Court is cognizant of the hardships potentially caused by these

17   levies, it also recognizes the Government's concern that it not lose an opportunity to collect a

18   small portion of a debt that has proven extraordinarily difficult to collect to date.  Accordingly,

19   the Court concludes that Plaintiff has demonstrated neither the possibility of irreparable injury

20   nor that the balance of hardships tips in her favor.

21   //

22   //

23   //

24

25        [9]  The United States Court of Claims case cited by Plaintiff does not support a contrary
26   conclusion.  *See Unico Services, Inc. v. United States*, 71 Fed. Cl. 464, 467-68 (2006)
     (explaining that section 6331(i)(1) "requires the IRS to withhold collection by levy of liabilities
27   that are the subject of a *refund* suit during the pendency of the litigation") (emphasis added).  Nor
     does the case cited in the request to supplement the record, *Swinford v. United States*, 2007 WL
28   496373 (E.D.Ky. 2007), which involved a claim for refund of paid penalties.  *Id.* at *1.

8

3.    <u>Conclusion</u>

In light of the foregoing, the motion for a preliminary injunction will be DENIED.[10]

IT IS SO ORDERED.


DATED: July 16, 2007.

_____
JEREMY FOGEL
United States District Judge

_____

[10] The Court has considered carefully all of the legal arguments and factual assertions made by Plaintiff. Accordingly, it is unlikely to look favorably upon a motion for leave to move for reconsideration of this order.

9

Case No. C 07-3141 JF
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1    This Order has been served upon the following persons:

2    David L. Denier          david.denier@usdoj.gov

3    Robert Alan Jones        rajltd@aol.com, jean@rajlv.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-3141 JF
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)