SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER (CSBN 95024)
Assistant United States Attorney

9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone:   (415) 436-6888
Fax:         (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICKI R. SEIDEL, ) | NO. C-07-3141-JF |
| Plaintiff, ) | |
| ) | |
| v. ) | UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DEMAND FOR JURY TRIAL |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

I.   PRELIMINARY STATEMENT

This is an action for injunctive relief brought by plaintiff pursuant to I.R.C. §§ 7421(a) and 7426(b) and Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff seeks an injunction ordering the Internal Revenue Service to return $321.30 allegedly seized from Washington Mutual Bank, account no. 0980711488 on or about May 29, 2007, ordering the Internal Revenue Service to return any monies seized pursuant to a levy of plaintiff's salary and restraining the Internal Revenue Service from further levies on plaintiff's bank accounts and salary.

II.   STATEMENT OF FACTS

On June 14, 2007, plaintiff Vicki R. Seidel filed this wrongful levy action seeking injunctive relief against the United States. The complaint did not contain a demand for jury trial. On July 12, 2007, the government filed its answer to the complaint. The government did not

file a counterclaim, nor did the government make a demand for jury trial. Five and a half months after the government filed its answer, on December 28, 2007, plaintiff filed this motion for leave to file demand for jury trial.

III. QUESTIONS PRESENTED

(1) Whether plaintiff waived her right to demand a trial by jury?

(2) Notwithstanding her untimely demand for jury trial, whether plaintiff is entitled to a trial by jury on the issues in this action?

IV. ARGUMENT

A. Plaintiff Has Waived Her Right To Demand A Trial By Jury

A party waives a jury trial unless its demand for jury trial is properly served and filed. Fed. R. Civ. P. 38(d). "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and no later than 10 days after the service of the last pleading directed to such issue. . . ." Fed. R. Civ. P. 38(b).

"Issue," as used in Rule 38(b), means an issue of fact, and such issue is not fully developed until all parties have denied, admitted or claimed a lack of knowledge relating thereto. Therefore, if defendants are jointly liable on a cause that contains any issue triable of right by a jury, then a jury demand as to the issue is timely if served within 10 days after service of the last defendant's answer. Where a defendant files with its answer a counterclaim, that involves the same factual issues as the plaintiff's complaint, a plaintiff's jury demand served within 10 days of its reply is timely as to both the counterclaim and the original claim. *Bentler v. Bank of America*, 959 F.2d 138, 141 (9th Cir. 1992)(citations omitted).

The last pleading in the present case was the government's answer which was filed and served on July 12, 2007. If there is an issue triable of right by jury in this action, plaintiff was required to serve a demand for jury trial in writing on the government no later than July 22, 2007. Plaintiff's failure to serve and file a demand as required by Rule 38(b) constitutes a waiver by her of trial by jury. Fed. R. Civ. P. 38(d).

///

B.  Plaintiff Is Not Entitled To A Trial By Jury On The Issues In This Action

Plaintiff is not entitled to jury trial for any issues raised in this action. Because there is no common law right of action against the sovereign, the Seventh Amendment right to jury trial does not apply in actions against the United States. *Glidden Co. v. Zdanok*, 370 U.S. 530, 572 (1962); *McElrath v. United States*, 102 U.S. 426, 440 (1880); *McCoy v. Commissioner*, 696 F.2d 1234, 1237 (9th Cir. 1983).

The United States, as sovereign, is immune from suit, except to the extent that it consents to be sued. The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)(upon waiver government sets terms to be sued under). Thus, if Congress waives the government's immunity from suit, the plaintiff has a right to a trial by jury only if that right is one of the terms of the government's consent to be sued.

The United States has waived its immunity from suit in the case of a wrongful levy. I.R.C. § 7426(a). However, in consenting to be sued for a wrongful levy, the United States has not consented to a trial by jury. See I.R.C. § 7426. This court has original jurisdiction of any civil action against the United States under section 7426. 28 U.S.C. § 1346(e). Any action against the United States under section 1346, shall be tried by court *without a jury*, except that an action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury. 28 U.S.C. § 2402. Thus, Congress has explicitly provided that a plaintiff in an action under I.R.C. § 7426 is not entitled to a jury trial.

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file demand for jury trial should be denied.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

DAVID L. DENIER
Assistant United States Attorney
Tax Division