JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER (CSBN 95024)
Assistant United States Attorney

9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6888
Fax: (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICKI R. SEIDEL, | ) NO. C-07-3141-JF |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) DATE: April 4, 2008 |
| | ) TIME: 9:00 A.M. |

**UNITED STATES' NOTICE AND MOTION FOR
SUMMARY JUDGMENT AND MEMORANDUM
OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES .................................. 2

I.    PRELIMINARY STATEMENT .................................. 2

II.   STATEMENT OF FACTS .................................. 2

III.  QUESTIONS PRESENTED .................................. 4

IV.  ARGUMENT .................................. 4

    A.   Summary Judgment Standard .................................. 4

    B.   The IRS Properly Assessed the Trust Fund Recovery Penalty .................................. 5

    C.   The Levies on Plaintiff's Bank Account and Salary Are Proper .................................. 7

        1.   The Collection Action Occurred Within the Statute of Limitations ..... 7
        2.   The Levies Were Procedurally Proper .................................. 7
        3.   The Levies Properly Reached the Community Property
            of the Taxpayer .................................. 9
        4.   The Amount of the Levies Is Proper .................................. 9

    D.   The United States Is Entitled to Summary Judgement on Each of
        Plaintiff's Claims .................................. 10

V.    CONCLUSION .................................. 11

**TABLE OF POINTS AND AUTHORITIES**

**CASES** **PAGE**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) .................................................... 4, 5

Babb v. Schmidt,
    496 F.2d 957 (9th Cir. 1974) ........................................... 9

First National Bank of Arizona v. Cities Service Co.,
    391 U.S. 253 (1968) ..................................................... 5

Geiselman v. United States,
    961 F.2d 1 (1st Cir. 1992) .............................................. 6

Gentry v. United States,
    962 F.2d 555 (6th Cir. 1992) ........................................... 6

Hughes v. United States,
    953 F.2d 531 (9th Cir. 1992) ........................................... 6

Melton v. Teachers Insurance & Annuity Association of America,
    114 F.3d 557 (5th Cir. 1997) .......................................... 10

Rocovich v. United States,
    933 F.2d 991 (D.C. Cir. 1991) ......................................... 6

State Bd. of Equalization v. Woo,
    82 C.A.4th 481, 484, 98 Cal. Rptr. 2d 206 (2000) ....................... 9

United States v. Chila,
    871 F.2d 1015 (11th Cir. 1989) ........................................ 6

United States v. Ryals,
    480 F.3d 1101 (11th Cir. 2007) ........................................ 10

**FEDERAL STATUTES**

United States Code (11 U.S.C.)

§ 362 .................................................................... 7

Internal Revenue Code (26 U.S.C.)

§ 6201 .................................................................. 5
§ 6203 ................................................................ 5, 6
§ 6303 .................................................................. 5
§ 6321 ................................................................ 5, 7
§ 6322 .................................................................. 7
§ 6323 .................................................................. 7
§ 6330 .................................................................. 8
§ 6330(a) ............................................................... 8
§ 6330(a)(2) ............................................................ 8
§ 6330(a)(3)(B) ......................................................... 8
§ 6330(b)(1) ............................................................ 8

# TABLE OF POINTS AND AUTHORITIES

**FEDERAL STATUTES**     PAGE

| Citation | Page |
|---|---|
| § 6330(b)(2) | 8 |
| § 6330(b)(3) | 8 |
| § 6330(e)(1) | 8 |
| § 6331 | 5, 7 |
| § 6331(a) | 8 |
| § 6331(d) | 5 |
| § 6331(d)(1) | 8 |
| § 6331(i)(5) | 7 |
| § 6331(k) | 7 |
| § 6334 | 3 |
| § 6334(a)(9) | 3, 9 |
| § 6502(a)(1) | 7 |
| § 6503(h) | 7 |
| § 6672 | 2 |
| § 7426(b) | 2 |
| § 7426(b)(1) | 10 |
| § 7426(c) | 6 |
| § 7426(h) | 11 |
| § 7433 | 11 |

**MISCELLANEOUS**

| Citation | Page |
|---|---|
| Fed. R. Civ. P. 56(a) | 1 |
| Fed. R. Civ. P. 56(c) | 4 |
| Treas. Reg. § 301.6203-1 | 5 |
| Treas. Reg. § 301.6330-1(b) | 8 |
| Treas. Reg. § 301.6330-1(c)(2), A-C3 | 8 |
| Treas. Reg. § 301.6330-1(d) | 8 |
| Treas. Reg. § 301.6330-1(g) | 8 |
| Treas. Reg. § 301.6334-2(c)(1) | 10 |
| Cal. Fam. Code § 760 (West 2004) | 9 |
| Cal. Fam. Code § 903(c)(West 2004) | 9 |
| Cal. Fam. Code § 910(a)(West 2004) | 9 |
| Cal. Fam. Code § 911(a)(West 2004) | 9 |

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CSBN 44332) |
| | United States Attorney |
| 2 | THOMAS MOORE (ASBN 4305-O78T) |
| | Assistant United States Attorney |
| 3 | Chief, Tax Division |
| | DAVID L. DENIER (CSBN 95024) |
| 4 | Assistant United States Attorney |
| 5 | 9th Floor Federal Building |
| | 450 Golden Gate Avenue, Box 36055 |
| 6 | San Francisco, CA 94102 |
| | Telephone: (415) 436-6888 |
| 7 | Fax: (415) 436-6748 |
| 8 | Attorneys for the United States of America |

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICKI R. SEIDEL, | ) | NO. C-07-3141-JF |
| Plaintiff, | ) | |
| | ) | UNITED STATES' NOTICE AND |
| v. | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT AND MEMORANDUM |
| UNITED STATES OF AMERICA, | ) | OF POINTS AND AUTHORITIES |
| | ) | |
| Defendant. | ) | DATE: April 4, 2008 |
| | ) | TIME: 9:00 A.M. |

TO: ROBERT ALAN JONES
RAJ Limited, PC
1061 East Flamengo Road, Suite #7
Las Vegas, Nevada 89119

CHRIS DIETRICH
11300 West Olympic Boulevard, Suite 800
Los Angeles, California 90064

Attorneys for Plaintiff

PLEASE TAKE NOTICE that on Friday, April 4, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Jeremy Fogel, United States District Judge, in Courtroom No. 3, 5th Floor, 280 South First Street, San Jose, California, the United States will move to for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

///

This motion is supported by the accompanying memorandum, the declaration of David L. Denier and the declaration of Revenue Officer Joe Smith (filed June 29, 2007).

MEMORANDUM OF POINTS AND AUTHORITIES

I. <u>PRELIMINARY STATEMENT</u>

This is a wrongful levy action that Plaintiff brings pursuant to I.R.C. § 7426(b). Plaintiff seeks the return of $321.30 allegedly seized from Washington Mutual Bank, account no. 0980711488 on or about May 29, 2007 (First Claim for Relief), seeks the return of any monies seized pursuant to a levy of Plaintiff's salary (Second Claim for Relief), seeks a permanent injunction restraining the government from collecting the trust fund recovery penalty assessed against her husband, Thomas E. Seidel, by levying upon any property in which Plaintiff has an interest (Third Claim for Relief), and seeks damages in an amount up to $1,000,000 for reckless, intentional or negligent disregard of the internal revenue laws by Revenue Officer Joe Smith (Fourth Claim for Relief).

Plaintiff's motion for a temporary restraining order was denied on June 18, 2007. On June 26, 2007, the Court denied plaintiff's motion for leave to move for reconsideration. The Court denied plaintiff's motion for a preliminary injunction on July 16, 2007. Plaintiff filed a notice of appeal on July 26, 2007. Plaintiff filed her dismissal of that appeal on September 20, 2007.

II. <u>STATEMENT OF FACTS</u>

On October 23, 1996, the IRS assessed Thomas E. Seidel, plaintiff's husband, $601,251.24 as a trust fund recovery penalty under I.R.C. § 6672 for the tax period ending September 30, 1996. (Denier Decl. ¶ 2, Ex. 9; Smith Decl. ¶ 3) Seidel incurred this penalty because he failed to collect and pay over employment taxes in his capacity as the president of T.E. Seidel Electric, Inc. (Smith Decl. ¶ 3) The IRS gave notice and demand to Thomas E. Seidel for payment of the trust fund recovery penalty assessment on October 23, 1996. (Denier Decl ¶ 2, Ex. 9) On October 30, 1996, Thomas E. Seidel consented to the assessment and collection of the trust fund recovery penalty and waived the privilege of filing a claim for abatement after assessment. (Denier Decl ¶ 2, Ex. 10) The balance due on the trust fund

1  recovery penalty assessment against Thomas E. Seidel was $1,007,918.53 as of June 28, 2007.
2  (Smith Decl. ¶ 5) Plaintiff is Thomas E. Seidel's wife and the Seidels resided in California when
3  the he incurred the tax debt. (Smith Decl. ¶¶ 4 and 6)
4        On August 24, 2000, the IRS, by certified mail-return receipt, sent Thomas E. Seidel a
5  Final Notice, Notice of Intent To Levy and Notice of Your Right to a Hearing with respect to the
6  assessed trust fund recovery penalty. (Smith Decl. ¶ 8; Ex. 3) Thomas E. Seidel did not respond
7  to the Final Notice, Notice of Intent To Levy and Notice of Your Right to a Hearing; he did not
8  timely request a Collection Due Process hearing. (Smith Decl. ¶ 9)
9        Pursuant to IRS policy to engage in collection against other sources prior to taking action
10 against a personal residence, on May 29, 2007, Revenue Officer Joe Smith issued six levies with
11 respect to the trust fund recovery penalty to the following entities: (1) Union Bank of California;
12 (2) Marc Goodwin, Inc.; (3) Comerica Bank; (4) Cool Pacific Land Company; (5) Community
13 Bank; and (6) Washington Mutual Bank. (Smith Decl. ¶ 10; Ex. 4) Union Bank of California,
14 Comerica Bank, Cool Pacific Land Company and Community Bank responded negatively.
15 Revenue Officer Smith had not received a response from Washington Mutual Bank or Marc
16 Goodwin, Inc. (Smith Decl. ¶ 11) On June 25, 2007, Revenue Officer Smith issued a new levy
17 to Marc Goodwin, Inc. attaching all compensation for the month of July 2007. The previous levy
18 to Marc Goodwin, Inc. attached all compensation for the month of June 2007. (Smith Decl. ¶ 12;
19 Ex. 5)
20       The levies to Marc Goodwin, Inc. attach the salary of Vicki R. Seidel. The Seidels
21 receive rental income from real property, located at 617, 619, 621, and 623 Sherwood Drive,
22 Salinas, California 93906, that is held in the name of the nominee Four Rivers Investment, Inc.
23 In addition, Thomas E. Seidel is presently doing business as Seidel Electrical and receiving
24 income from that business. (Smith Decl. ¶¶ 7 and 13; Ex. 6) The Seidels have other sources of
25 income at least as much as the exempt amount under I.R.C. § 6334. Pursuant to I.R.C. §
26 6334(a)(9), the IRS gave no exemption when levying Plaintiff's salary from Marc Goodwin, Inc.
27       Revenue Officer Smith issued levies attaching 100% of Vicki R. Seidel's salary in
28 payment of Thomas Seidel's tax debt because he understood that California Law allows a

U.S.' Mot. For Sum. Judgmt
(No. C-07-3141-JF)                              3

creditor to collect a husband's separate debt from both the husband's and wife's interests in community property. (Smith Decl. ¶ 14)

The ten-year statute of limitations on collection of the trust fund recovery penalty ordinarily would have expired on October 23, 2006. However, the taxpayer filed an offer in compromise with the IRS on October 19, 2000, which the IRS returned to the taxpayer on April 2, 2003. The pending offer in compromise extended the statute of limitations to January 18, 2008. (Smith Decl. ¶ 15; Ex. 7) In addition, the Seidels filed a Chapter 7 bankruptcy on October 25, 1996. A Chapter 7 Discharge of Debtor was filed on February 23, 1997. Thomas E. Seidel was in bankruptcy for 121 days. That extends the statute of limitations an additional 301 days (Smith Decl. ¶ 15; Ex. 8)

III. QUESTIONS PRESENTED

(1) Whether the IRS wrongfully levied from Plaintiff's bank account on or about May 29, 2007, entitling her to the return of $321.20 allegedly seized from Washington Mutual Bank, Account Number 0980711488. (First Claim for Relief).

(2) Whether the IRS wrongfully levied Plaintiff's salary, entitling her to the return of any monies seized pursuant to that levy. (Second Claim for Relief).

(3) Whether plaintiff is entitled to a permanent injunction restraining the government form levying upon any property in which plaintiff has an interest to collect the trust fund recovery penalty assessed against her husband, Thomas E. Seidel. (Third Claim for Relief).

(4) Whether the United States is liable for damages in an amount up to $1,000,000 for reckless, intentional or negligent disregard of the internal revenue laws by Revenue Officer Joe Smith. (Fourth Claim for Relief).

IV. ARGUMENT

A. Summary Judgment Standard

Summary Judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings. Rather, it must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty*

1  *Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citing *First National Bank of Arizona v. Cities Service*
2  *Co.*, 391 U.S. 253, 288-89 (1968)). A mere "scintilla" of evidence supporting the opposing
3  party's position will not suffice. *Anderson*, 477 U.S. at 252. A dispute about a material fact is
4  genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving
5  party." *Id.* at 248. The substantive law identifies which facts are material. "Only disputes over
6  facts that might affect the outcome of the suit under the governing law will properly preclude the
7  entry of summary judgment." *Id.*

   B.  The IRS Properly Assessed the Trust Fund Recovery Penalty

   Plaintiff contends that the Internal Revenue Service is wrongfully levying her property to collect the separate tax liability of her husband, Thomas E. Seidel, the trust fund recovery penalty of $601,251.24 assessed on October 23, 1996. Plaintiff contends that the Federal Trust Fund Recovery Penalty was never assessed as alleged, and is therefore fraudulent, void and of no effect. Compl. ¶ 10.

   Section 6201 of the Internal Revenue Code authorizes the Secretary of the Treasury or his delegate to assess all taxes, including interest and additions to tax imposed by the Internal Revenue Code. I.R.C. § 6201. Section 6203 governs assessment procedure. I.R.C. § 6203. Regulations supply the details, which state that an "assessment" is made when an IRS assessment officer signs a summary record of assessment and through supporting records shows: (1) the taxpayer's name and address; (2) the character of his liability; (3) the taxable period; if any; and (4) the amount of the assessment. The date of the assessment is the date an assessment officer signs the summary record. Treas. Reg. § 301.6203-1.

   Within 60 days of an assessment, and before the IRS may collect the amount of any tax or penalty assessed, the taxpayer must be sent a notice of assessment and demand for payment. I.R.C. § 6303. Then, if the taxpayer neglects or refuses to pay the amount due, a lien arises in favor of the United States upon all property or rights to property belonging to the taxpayer. I.R.C. § 6321. If the liabilities remain unpaid, the IRS may satisfy them by levying upon property belonging to the taxpayer. I.R.C. § 6331. Before the IRS may levy upon property, however, it must first notify the taxpayer of its intent to do so. I.R.C. § 6331(d).

To establish that the trust fund recovery penalty was assessed against Thomas E. Seidel in accordance with I.R.C. § 6203, the United States presents a Certificate of Assessments and Payments. ( Denier Decl. ¶ 2, Ex. 9) A Certificate of Assessments and Payments specifies the amount and date of the assessments against a taxpayer. In the instant case, the certificate indicates a trust fund recovery penalty of $601,251.24 assessed against Thomas E. Seidel on October 23, 1996.

A Certificate of Assessments and Payments is sufficient evidence that the assessments were made in the manner prescribed by I.R.C. § 6203 and the applicable regulations. *Gentry v. United States*, 962 F. 2d 555, 557 (6th Cir. 1992); *Geiselman v. United States*, 961 F.2d 1, 5-6 (1st Cir. 1992); *United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989); *Rocovich v. United States*, 933 F.2d 991, 994 (D.C. Cir. 1991). The Certificate of Assessments and payments, moreover, is presumptive proof that the assessments are valid and shifts the burden to the plaintiff to overcome this presumption by countervailing proof. *Gentry*, 962 F. 2d at 558; *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992). In addition to proving that the assessment was made, the Certificate of Assessments and Payments is also sufficient to prove that notice of the assessment and demand for payment was sent to the taxpayer. *Chila*, 871 F.2d at 1019.

To the extent that Plaintiff claims that the IRS never assessed the trust fund recovery penalty against Thomas E. Seidel, she must overcome the presumption created by the United States' submission of the Certificate of Assessment and Payments. Plaintiff offers no evidence that defeats this presumption.

Moreover, Plaintiff cannot argue that the assessment was invalid, since the statute under which she sues bars such claims. When a plaintiff sues under that section 7426, "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." I.R.C. § 7426(c). As a matter of law, the assessment of the trust fund recovery penalty against Thomas E. Seidel is valid.

///

///

U.S.' Mot. For Sum. Judgmt
(No. C-07-3141-JF)                                6

1      C.    <u>The Levies on Plaintiff's Bank Account and Salary Are Proper</u>

2          1.    <u>The Collection Action Occurred Within the Statute of Limitations</u>

Plaintiff contends that the statute of limitations on collection bars the IRS's levy action. A levy that occurred outside the statute of limitations for collections would be wrongful. In the present case, the levies were issued timely.

The IRS assessed the trust fund recovery penalty against Thomas E. Seidel on October 23, 1996, triggering the ten-year statute of limitations period for collections. I.R.C. § 6502(a)(1). In the absence of any events that toll the statute, the time limit on collection of the trust fund recovery penalty would have expired on October 23, 2006. Offers in compromise suspend the running of the ten-year statute of limitations. *See* I.R.C. § 6331(k) and (i)(5). On October 19, 2000, the taxpayer filed an offer in compromise with the IRS, which was returned to the taxpayer on April 2, 2003. (Smith Decl. ¶ 15; Ex. 7) During the time the IRS considered the offer in compromise, the collection statute of limitations was tolled. This period of tolling extended the statute of limitations to January 18, 2008. (Smith Decl. ¶ 15) In addition, the Seidels filed a Chapter 7 bankruptcy on October 25, 1996, for which they received a discharge on February 23, 1997. (Smith Decl. ¶ 15; Ex.8) This petition extended the statute of limitations while it was pending plus an additional 180 days. I.R.C. § 6503(h); 11 U.S.C. § 362. Thus, the statute of limitations on collection of the trust fund recovery penalty at issue in this case has not expired, and does not bar the levies that Plaintiff challenges.

        2.    <u>The Levies Were Procedurally Proper</u>

Plaintiff incorrectly asserts that the levy action was taken without proper notice and without affording the taxpayer a collection due process hearing. The tax lien provisions of the Internal Revenue Code govern the United States' rights in a taxpayer's property. I.R.C. §§ 6321-6323. Sections 6321 and 6322 provide that a tax lien arises in favor of the United States on the date of assessment and attaches to all property or rights to property belonging to a taxpayer. Section 6323 is a priority-granting statute between a federal tax lien and certain statutorily defined interests of third parties to the taxpayer's property. Under Section 6331, the United States is authorized to collect delinquent taxes "by levy upon all property and rights to property

1  . . . on which there is a lien . . . for the payment of such tax." I.R.C. § 6331(a). The taxpayer
2  must be notified in writing of the intention to levy. I.R.C. § 6331(d)(1). On August 24, 2000,
3  the IRS, by certified mail-return receipt, sent Thomas E. Seidel a Final Notice, Notice of Intent
4  To Levy and Notice of Your Right to a Hearing with respect to the trust fund recovery penalty
5  assessed against him. (Smith Decl. ¶ 8; Ex. 3) This satisfied the procedural requirement of
6  giving notice to the taxpayer.
7  　　　As part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA
8  1998), Pub. L. No. 105-206, Sec. 3401, 112 Stat. 685, 746, Congress enacted I.R.C. § 6330 to
9  provide due process protections for taxpayers in tax collection matters. The statute provides that
10 prior to the issuance of an administrative tax levy, the IRS must give the taxpayer notice of an
11 opportunity for a Collections Due Process (CDP) hearing before the IRS Office of Appeals "with
12 respect to the taxable period to which the unpaid tax [listed in the notice] relates." I.R.C. §
13 6330(a), (b)(1), (2); Treas. Reg. § 301.6330-1(b), (d). An IRS officer with no prior involvement
14 with the case holds the hearing. I.R.C. § 6330(b)(3); Treas. Reg. § 301.6330-1(d). Upon the
15 taxpayer's request for a hearing, the IRS must suspend levy actions while the CDP hearing and
16 any appeals are pending. I.R.C. § 6330(e)(1); Treas. Reg. § 301.6330-1(g). A taxpayer must
17 request a CDP hearing within thirty days of the date notice of the right to a hearing is given.
18 I.R.C. §§ 6330(a)(2) and (a)(3)(B); Treas. Reg. § 301.6330-1(c)(2), A-C3.
19 　　　Thomas E. Seidel, the taxpayer whose liability gives rise to the levies at issue in this case,
20 received notice of his right to a Collection Due Process hearing on August 24, 2000. (Smith
21 Decl. ¶ 8; Ex. 3) He did not make a timely request for a Collection Due Process hearing. (Smith
22 Decl. ¶ 9) Plaintiff does not have a right to a CDP hearing since she is not a taxpayer whose tax
23 liability gave rise to the collection.
24 　　　The IRS satisfied all procedural prerequisites. Therefore, the it was entitled to levy upon
25 all property and rights to property of Thomas E. Seidel for payment of the trust fund recovery
26 penalty.
27 ///
28 ///

3. <u>The Levies Properly Reached the Community Property of the Taxpayer</u>

Plaintiff's contention that the IRS may not levy upon her bank account or salary to pay her husband's separate tax debt is incorrect. The trust fund recovery penalty at issue was assessed against Thomas E. Seidel on October 23, 1996. The United States concedes that the tax debt is his. Thomas E. Seidel incurred the penalty after his 1993 marriage to Plaintiff. At the time the tax debt arose, they both resided in California; they continue to reside there.

Under California law, once a couple is married, any and all income earned or assets acquired during the marriage constitutes community property. Cal. Fam. Code § 760 (West 2004). California community property is liable for either spouse's separate tax liabilities during marriage. *Babb v. Schmidt*, 496 F.2d 957, 959-60 (9th Cir. 1974). In California, the community estate is liable for a debt incurred by either spouse *before or during* marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to the judgment for the debt. Cal. Fam. Code § 910(a)(West 2004); *see, e.g., State Bd. of Equalization v. Woo*, 82 C.A.4th 481, 484, 98 Cal. Rptr. 2d 206 (2000)(wife's future earnings were subject to husband's tax debt). A person's earnings during marriage, however, are free of liability for a debt incurred by the person's spouse before marriage. Cal. Fam. Code § 911(a)(West 2004).[1] Therefore, the IRS may collect Thomas Seidel's tax debt from the Washington Mutual Bank account held in Vicki R. Seidel's name and from the salary she receives from Marc Goodwin, Inc.[2]

4. <u>The Amount of the Levies Is Proper</u>

Plaintiff argues that, by levying 100% of her wages, the IRS failed to allow her the permissible exemptions under I.R.C. § 6334(a)(9). In the case of a taxpayer who has more than

---

[1] A tax debt is incurred at the time the obligation arises. Cal. Fam. Code § 903(c)(West 2004) A tax obligation arises when the tax assessment is made. In the present case, the trust fund recovery penalty was assessed on October 23, 1996, during the Seidel's marriage.

[2] In citing the Internal Revenue Manual for the proposition that the IRS will only collect a separate tax debt from the taxpayer spouse's share of community property, plaintiff fails to inform the court that the section of the IRM immediately following provides that where state law allows a creditor to collect a separate debt from both spouses' interests in community property, "the husband's separate tax liability would attach to all of the wife's wages . . ." I.R.M. 25.18.4.1(3).

U.S.' Mot. For Sum. Judgmt
(No. C-07-3141-JF)                             9

one source of wages, salary or other income, the IRS may elect to levy on only one or more sources while leaving other sources of income free from levy. If the wages, salary, or other income that the IRS leaves free from levy equal or exceed the amount to which the taxpayer is entitled as an exemption from levy, the IRS "may treat no amount of the taxpayer's wages, salary, or other income" on which it elects to levy as exempt. Treas. Reg. § 301.6334-2(c)(1); see *United States v. Ryals*, 480 F.3d 1101, 1110 (11th Cir. 2007); *Melton v. Teachers Ins. & Annuity Association of America*, 114 F.3d 557, 559-60 (5th Cir. 1997).

Revenue Officer Smith determined that the Seidels had other sources of income: rental income from a property in Salinas, California and business income from Seidel Electrical. (Smith Decl. ¶¶ 7 and 13; Ex. 6) Thomas E. Seidel held a bank account in the name of Seidel Electric; a corporate entity does not hold the account, as Plaintiff alleges. (Ex. 6) The account showed deposits of $16,429.11 between March 7, 2007 and March 31, 2007. *Id.* The evidence supports Revenue Officer Smith's conclusion that the Seidels had sources of income in excess of the statutory exemptions beyond Plaintiff's salary from Marc Goodwin, Inc. Thus, the levy of 100% of Vicki Seidel's salary is proper.

D.  <u>The United States Is Entitled to Summary Judgement on Each of Plaintiff's Claims</u>

The IRS made an assessment against a taxpayer according to the procedural requirements. It exerted its levy power to collect within the statute of limitations. The IRS followed the correct procedures in imposing the levy. IRS levy power extends to property belonging to taxpayer under state law, and under the relevant law, the IRS can reach Plaintiff's salary and the money in the bank account. Plaintiff and her husband had sufficient income free of levy to satisfy the exemption requirement. There is no genuine issue of material fact concerning the procedural and substantive propriety of the levies of Plaintiff's bank account and salary. As a matter of law, Plaintiff is not entitled to the return of the levied funds or salary, since the levy was not wrongful. Plaintiff is not entitled to an injunction, since the Court may enjoin a levy only after determining that the Plaintiff has "rights in property . . . superior to rights of the United States in such property." I.R.C. § 7426(b)(1). Similarly, Plaintiff may not recover damages under Section

7426, since such a recovery is available only if an IRS employee "recklessly or intentionally, or by reason of negligence, disregarded any provision" of the Internal Revenue Code. I.R.C. § 7426(h). Since Plaintiff has no evidence of any disregard of the statute, she cannot prove negligent, reckless or intentional disregard. As a matter of law, Plaintiff's claim for wrongful levy fails and she is entitled to no recovery.

The absence of evidence showing a wrongful levy also entitles the United States to summary judgment on Plaintiff's Section 7433 claim. Section 7433 provides a cause of action where "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." I.R.C. § 7433. However, the disregard of the Internal Revenue Code must be "in connection with any collection of Federal tax with respect to a taxpayer" and the statute authorizes a suit only by "such taxpayer." *Id.* Plaintiff claims, and the United States agrees, that she is not the taxpayer liable for the trust fund recovery penalty. As a matter of law, then, she may not bring suit under Section 7433. In addition, there is no evidence of negligent, reckless, or intentional disregard of the code or regulations.

V.  **CONCLUSION**

For the foregoing reasons, summary judgment should be entered in favor of the United States.

Respectfully submitted,

JOSEPH P. RUSSSONIELLO
United States Attorney

_____
DAVID L. DENIER
Assistant United States Attorney
Tax Division