1  ROBERT L. GOLDSTEIN (SBN 184226)
   LAW OFFICES OF ROBERT L. GOLDSTEIN
2  100 Bush Street, Suite 501
   San Francisco, CA 94104
3  Tel: (415) 391-8710
   Fax: (415) 391-8701
4

5

6  Attorney for Plaintiff Vicki R. Seidel

7

8

9                  UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

11

12
   VICKI R. SEIDEL,              )   Case No. 5:07-CV-03141-JF
13                               )
          Plaintiff              )   PLAINTIFF'S NOTICE AND OPPOSITION
14                               )   TO DEFENDANT'S MOTION FOR
   v.                            )   SUMMARY JUDGMENT AND MEMORANDUM OF
15                               )   POINTS AND AUTHORITIES
                                 )
16 UNITED STATES OF AMERICA,     )   DATE:  April 4, 2008
17                               )   TIME:  9:00 A.M.
          Defendant.             )   Judge: Honorable Jeremy Fogel
18

19

20
      PLAINTIFF'S NOTICE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
21          JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES

22

23

24

25

26

27

28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................iii

MEMORANDUM OF POINTS AND AUTHORITES.............................2

INTRODUCTION...................................................2

STATEMENT OF THE FACTS.........................................2

QUESTIONS PRESENTED............................................5

ARGUMENT......................................................5

I.   SUMMARY JUDGMENT STANDARD.................................6

II.  THE IRS FAILED TO FOLLOW PROPER PROCEDURE WHEN ASSESSING THE
     TRUST FUND RECOVERY PENALTY AGAISNT VICKI'S HUSBAND..........7

III. THE LEVIES ON PLAINTIFF'S BANK ACCOUNT AND SALARY ARE IMPROPER10

   A. THE LEVY NEVER ATTACHED................................10

   B. THE POSTNUPTIAL PROPERTY AGREEMENT PRECLUDED THE LEVIES FROM
      REACHING THE PERSONAL PROPERTY AND INCOME OF PLAINTIFF......10

IV.  THE UNITED STATES IS NOT ENTITLED TO SUMMARY JUDGMENT ON EACH OF
     THE PLAINTIFF'S CLAIMS BECAUSE THERE ARE STILL GENUINE ISSUES OF
     MATERIAL FACTS...........................................13

CONCLUSION....................................................14

# TABLE OF AUTHORITIES

**CASES:**                                                                 **PAGE**

Adickes v. S.H. Kress & Co.
398 U.S. 144, 157 (1970)..........................................4,5

Anderson v. Liberty Lobby, Inc.
477 U.S. 242, 250 (1986).........................................4,5

Barham v. Barham
33 Cal. 2d 416 (1949)............................................10

Erie R. Co. v. Tompkins
58 S.Ct. 817 (1938)...............................................9

Gentry v. United States
962 F.2d at 558...................................................8

Grimm v. Grimm
26 Cal. 2d 173 (1945)............................................10

Hughes v. United States
953 F.2d 531, 535 (9th Cir. 1992)................................8

In re Marriage of Iberti
55 Cal. 4th 419 (1997)...........................................10

In re Marriage of Pendleton v. Fireman
24 Cal. 4th 39 (2000)........................................... 10

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
475 U.S. 574, 587 (1986)..........................................5

Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.
182 F.3d 157, 160 (2nd Cir. 1999)................................ 5

Roberts v. Comm'r
329 F.3d 1224, 1228 (11th Cir. 2003) .............................8

T.W. Elec. Serv. v. Pac. Elec. Constrs. Ass'n.
809 F.2d 626, 631 (9th Cir. 1987) ................................5

**FEDERAL STATUTES:**

**UNITED STATES CODE**

28 U.S.C.A. §1652...................................................................9

**INTERNAL REVENUE CODE**
I.R.C. §6203...................................................................8
I.R.C. §6321...................................................................9
I.R.C. §6322...................................................................9
I.R.C. §6672...................................................................6,7
I.R.C. §7426...................................................................12

**MISCELLANEOUS:**
*Fed. R. Civ. P. 56(c)*...................................................................4

Taxpayer Bill of Rights 2
Pub. L. No. 104-168, 110 Stat. 1465...................................................................6

I.R.M. 5.7.4.7...................................................................6
I.R.M. 8.11.1.8.8(1)...................................................................10
I.R.M. 5315.1(1)...................................................................10

Cal. Fam. Code §1500...................................................................9
Cal. Fam. Code § 850...................................................................10
Cal. Fam. Code § 852...................................................................10

1   ROBERT L. GOLDSTEIN (SBN 184226)
    LAW OFFICES OF ROBERT L. GOLDSTEIN
2   100 Bush Street, Suite 501
    San Francisco, CA 94104
3   Tel: (415) 391-8710
    Fax: (415) 391-8701
4

5

6   Attorney for Plaintiff Vicki R. Seidel

7

8

9                   UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

11

12  VICKI R. SEIDEL,              )   Case No. 5:07-CV-03141-JF
                                  )
13       Plaintiff               )   PLAINTIFF'S NOTICE AND OPPOSITION
                                  )   TO DEFENDANT'S MOTION FOR
14                                )   SUMMARY JUDGMENT AND MEMORANDUM OF
    v.                            )   POINTS AND AUTHORITIES
15                                )
                                  )
16  UNITED STATES OF AMERICA,     )   DATE:  April 4, 2008
                                  )   TIME:  9:00 A.M.
17       Defendant.              )   Judge: Honorable Jeremy Fogel

18

19  TO:  JOSEPH RUSSONIELLO, United States Attorney
         THOMAS MOORE, Assistant United States Attorney
20       DAVID L. DENEIR, Assistant United States Attorney
         9TH Floor Federal Building
21       450 Golden Gate Avenue, Box 36055
         San Francisco, CA 94102
22

23       Attorneys for Defendant

24

25       PLEASE TAKE NOTICE that on Friday, April 4, 2008, at 9:00
         a.m., or as soon thereafter as counsel may be heard, before
         the Honorable Jeremy Fogel, United States District Judge, in
26       Courtroom No. 3, 5TH Floor, 280 South First Street, San
         Jose, California, the Plaintiff will oppose Defendant's
27       motion for summary judgment pursuant to Rule 56(c) of the
         Federal Rules of Civil Procedure

28

                              1

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2                        **INTRODUCTION**

3          This is a wrongful levy action that Plaintiff Vicki Seidel

4    (herein referred to as Vicki) brings pursuant to I.R.C. § 7426(b).

5    Plaintiff seeks the return of $321.30 seized from Washington Mutual

6    Bank, account no. 0980711488 on or about May 29, 2007 (First Claim

7    for Relief), seeks the return of any monies seized pursuant to a levy

8    of Plaintiff's salary (Second Claim for Relief), seeks a permanent

9    injunction restraining the government from further collecting against

10   Vicki the trust fund penalty assessed against her husband, Thomas E.

11   Seidel (herein referred to as Thomas), by levying upon any property

12   in which Plaintiff has an interest (Third Claim for Relief), and

13   seeks damages in an amount up to $1,000,000 for reckless intentional

14   or negligent disregard of the internal revenue laws by Revenue

15   Officer Joe Smith (Fourth Claim for Relief) and/or other agents of

16   the IRS, including, but not limited to, Revenue Officer Stephen

17   Penrod.

18         On February 28, 2008 Defendant filed a motion for summary

19   judgment pursuant to Rule 56(a) of the Federal Rules of Civil

20   Procedure.  Herein Plaintiff is opposing Defendant's motion for

21   summary judgment.

22                       **STATEMENT OF FACTS**

23         On October 23, 1996, the IRS improperly assessed Thomas Seidel,

24   Plaintiff's husband, $601,251.2 as a trust fund penalty under I.R.C.

25   §6672 for the tax period ending September 30, 1996. On October 23,

26   1996 the IRS assessed and demanded from Thomas payment of the trust

27   fund recovery penalty. However, prior to the trust fund recovery

28   penalty ("TFRP") assessment, the IRS failed to follow required

                              2

procedure by failing to give Thomas a 60-day preliminary notice in the form of Letter 1153 prior to assessment per I.R.C. §6672. It is required that Letter 1153 be issued 60 days prior to any TFRP assessment.   In this case, the assessment was made first, and then, 5 days later, the IRS issued the required Form 1153.   Unaware of his rights as a taxpayer, on October 30, 1996, the IRS without evidence of Thomas' actual or constructive receipt of Letter 1153 providing his rights, had Thomas sign Form 2751, Proposed Assessment of Trust Fund Recovery Penalty- Agreement to Assessment and Assessment of Trust Fund Recovery Penalty.

Despite the grave error in assessment procedure, the IRS continued to pursue Thomas for the balance of $1,007,918.53 on the trust fund assessment.   On August 24, 2000, the IRS sent to Thomas a Final Notice, Notice of Intent to Levy and Notice of Your Right to Hearing with respect to the assessed trust fund recovery penalty. The fact that Thomas did not respond to the Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, nor timely request a Collection Due Process hearing does not prejudice this case as the underlying assessment itself was procedurally deficient. Further, the IRS never notified Vicki of her rights by issuing to her specifically a Notice of Intent to Levy and Notice of Your Rights to Hearing. This action, in part, is also seeking injunctive relief for current IRS actions.

The sole grounds for the IRS to collect against Vicki, the spouse of Thomas and a person the IRS has already declared not legally responsible for the tax liabilities at issue appears to be by reason of community property law which allows creditors to collect against spouses of the debtors. However, an additional fact of this

1   case Defendant does not address is that in 1997 Vicki and Thomas

2   entered into a lawful postnuptial property agreement that prevents

3   the application of California community property law to spousal

4   property and income. Due to the existence of the postnuptial property

5   agreement, a creditor may not collect a husband's separate debt from

6   the couple's community property interest.  This is a dispute of

7   genuine issue of fact that requires a determination by this Court on

8   the effectiveness of the Seidels' postnuptial property agreement

9   against the IRS' collection actions.

10          On May 29, 2007, Revenue Officer Joe Smith issued six levies

11  with respect to the trust fund recovery penalty to the following

12  entities: (1) Union Bank of California; (2) Marc Goodwin, Inc.; (3)

13  Comerica Bank; (4) Cool Pacific Land Company; (5) Community Bank; and

14  (6) Washington Mutual Bank.  Union Bank of California, Comerica Bank,

15  Cool Pacific Land Company and Community Bank responded negatively.

16  Revenue Officer Smith had not received a response from Washington

17  Mutual Bank or Marc Goodwin, Inc.  On June 25, 2007, Revenue Officer

18  Smith issued a new levy to Marc Goodwin, Inc. attaching all

19  compensation for the month of July 2007.  The previous levy to Marc

20  Goodwin, Inc. attached all compensation for the month of June 2007.

21          The levies to Marc Goodwin, Inc. attached the salary of Vicki R.

22  Seidel. Pursuant to I.R.C. §6334(a)(9), minimum exemption for wages,

23  salary and other income, the IRS gave no exemption when levying

24  Plaintiff's salary from Marc Goodwin, Inc. Vicki also receives rental

25  income from real property, located at 617, 619, 621, and 623 Sherwood

26  Drive, Salinas, California 93906, that is held in the name of her

27  corporation, the Four Rivers Investment, Inc. The levies were made in

28  disregard of the Seidel postnuptial property agreement which prevents

4

1  the IRS from collecting from any of these sources.

2      Without notice and opportunity for a hearing, the United States

3  wrongfully levied the bank account of Vicki, from Washington Mutual

4  Bank, account no. 0980711488 on or about May 29, 2007.  The levy

5  attached 100% of Vicki's salary in payment of Thomas' tax debt.

6  Furthermore, Defendant United States on June 12, 2007 wrongfully

7  attempted to levy 100% of Vicki's salary from her employment ignoring

8  statutory exemptions.  The amounts subject to levy are about $4,400

9  for June 2007.  The seizure of Vicki's property (monies) were made in

10  the absence of notice, demand, assessment or allowing Plaintiff a

11  right to a due process hearing pursuant to I.R.C. § 6330.

## QUESTIONS PRESENTED

13  (1)  Whether the IRS wrongfully levied from Plaintiff's bank account

14       on or about May 29, 2007, entitling her to return of $321.20

15       allegedly seized from Washington Mutual Bank, Account Number

16       0980711488.  (First Claim of Relief).

17  (2)  Whether the IRS wrongfully levied Plaintiff's salary, entitling

18       her to the return of any monies seized pursuant to that levy.

19       (Second Claim of Relief).

20  (3)  Whether Plaintiff is entitled to a permanent injunction

21       restraining the government from levying upon any property in

22       which Plaintiff has an interest to collect the trust fund

23       recovery assessed against her husband, Thomas. (Third Claim for

24       Relief).

25  (4)  Whether the United States is liable for damages in an amount up

26       to $1,000,000 for reckless, intentional or negligent disregard

27       of the internal revenue laws by Revenue Officer Joe Smith.

28       (Fourth Claim for Relief).

**ARGUMENT**

I.    **SUMMARY JUDGMENT STANDARD.**

This Court may grant Summary Judgment only if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250 (1986), citing *Fed. R. Civ. P. Rule 56(c)*. The burden rests on the moving party to demonstrate the lack of a genuine issue of fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Because summary judgment is a "drastic device," cutting off a party's right to present its case to the jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.* 182 F.3d 157, 160 (2nd Cir. 1999). Courts should therefore act with caution in determining the validity of a summary judgment. *Anderson*, 477 U.S. at 255. The United States must show that there is no genuine issues as to the validity of the assessment of trust fund recovery penalty against Thomas E. Seidel, the levies on Plaintiff's bank account and the postnuptial agreement between Thomas and Vicki Seidel. The record must be viewed in the light most favorable to the party opposing the motion. *Adickes*, 398 U.S. at 157. The opposing party need not establish a material issue of fact conclusively in its favor. *T.W. Elec. Serv. v. Pac. Elec. Constrs. Ass'n.*, 809 F.2d 626, 631 (9th Cir. 1987). "[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Ser.*, 809 F2d. at 631. Therefore, Plaintiff need only give sufficient evidence to require a judge or jury to decide whether to believe the United

States' version of the facts or Plaintiff's.  The evidence of the

opposing party is believed and all reasonable inferences must be

drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986).

## II. THE IRS FAILED TO FOLLOW PROPER PROCEDURE WHEN ASSESSING THE TRUST FUND RECOVERY PENALTY AGAISNT VICKI'S HUSBAND.

On October 22, 1996, IRS revenue officer, Stephen Penrod, who

had been working with Thomas E. Seidel to collect the payroll taxes

owed by TE Seidel Eletric, Inc., interviewed Thomas.  Exhibit 1, Form

4180- Report of Interview with Individual Relative to Trust Fund

Penalty.  On October 23, 1996, Penrod submitted a Request for Trust

Fund Recovery Penalty Assessment. Exhibit 2, Form 2751.  The

Government has stated and conceded that this was the assessment date

in its Certificate of Assessments. *See* Exhibit 3, Certificate of

Assessments, Payments, and other Specified Matters.

The United States submits the Certificate of Assessments to

establish that the trust fund recovery penalty was assessed against

Thomas in accordance with I.R.C. §6203 and the applicable

regulations. Plaintiff does not disagree with the contention that the

Certificate serves as presumptive proof that the assessments were

made.  In fact, Plaintiff will utilize the assessment date on

Certificate as "countervailing proof" as to the invalidity of the

assessment. *Gentry v. United States*, 962 F.2d at 558; *Hughes v.

United States*, 953 F.2d 531, 535 (9th Cir. 1992). The Government has

conceded that the certificate indicates a trust fund recovery penalty

of $601, 251.24 assessed against Thomas E. Seidel on October 23,

1996.

However per I.R.C. §6672 and the Taxpayer's Bill of Rights 2,

1   the assessment was procedurally improper. Since July 30, 1996 the

2   Service has been statutorily required to send the taxpayer a

3   preliminary notice of the proposed assessment at least sixty days

4   **before**, not **within** as the government argues, any assessment of the

5   penalty, notice of the penalty, and demand for its payment. See

6   Taxpayer Bill of Rights 2, Pub. L. No. 104-168, 110 Stat. 1465).   The

7   Internal Revenue Manual provides procedures for Revenue Officers

8   regarding the impact of the Taxpayer Bill of Rights 2 stating:

> (1) for IRC §6672 assessments made after the enactment of
> the Taxpayer Bill of Rights 2 on June 20, 1996, a 60-day
> preliminary notice, Letter 1153 (DO), **must** be mailed to the
> potentially responsible person's last known address" (2)
> "the Service **must** wait 60 days after issuance of Letter 1153
> (DO) **before** issuing notice and demand for payment.

[Emphasis added.]

According to I.R.C. §6672(b)(1):

> No penalty **shall** be imposed under subsection (a) unless the
> Secretary notifies the taxpayer in writing by mail to an
> address as determined under I.R.C. §6212(b) or in person
> that the taxpayer shall be subject to an assessment of such
> penalty.

[Emphasis added.]

Both Letter 1153 and Form 2751 must be "properly delivered"

before the taxpayer may elect to waive the 60-day requirement prior

to the IRS making its assessment. I.R.M. 5.7.4.7. *See* Exhibit 4,

Letter 1153(DO). The government, however, in its brief incorrectly

asserts that Letter 1153 and the required 60-day notice of potential

assessment must be made **within** 60 days.   The government's assertion

is incorrect as a matter of law and its motion must therefore be

denied.

The IRS concedes October 23, 1996 as the date of assessment.

Yet, only on October 28, 1996 did the IRS issue Letter 1153. *See*

1  Exhibit 4, Letter 1153(DO). In this case the Letter 1153 was not

2  issued until five days after the assessment. The government denied

3  Thomas his rights protected under the Tax Payer Bill of Rights 2 and

4  required by the statute. Letter 1153 stated inter alia, "*our efforts*

5  *to collect these taxes [against Thomas' corporation] haven't been*

6  *successful, so we **plan to assess** a penalty against you.*" [Emphasis

7  added.] Exhibit 5, October 28, 1996 IRS Letter to Thomas. Thomas had

8  not been given the compulsory advance notice of proposed civil

9  penalty assessment, including an explanation of his rights to contest

10 the proposed assessment before the IRS made its assessment on October

11 23, 1996.

12      The usage of the language, "*no penalty **shall** be imposed,*"

13 indicates that this is a specific requirement to perfect an

14 assessment.  If the mailing of Letter 1153 before an assessment is

15 made is required to make a proper assessment, and the government were

16 to be allowed to avoid this mandate, then the language is hollow and

17 to no effect.  In order to make the statute and the Taxpayer Bill of

18 Rights 2 effective, this Court must judicially act to make it so and

19 strike the IRS' assessment as invalid.

20      Given that Letter 1153 was not mailed until 5 days after the

21 assessment date, not 60-days prior to such assessment, the

22 government's own claim reflects that the IRS improperly followed

23 procedure in making the assessment underlying this case. Further, the

24 government's reliance on internal IRS forms and records may be an

25 abuse of discretion if the taxpayer shows an irregularity in IRS

26 assessment procedures that calls into question the accuracy of such

27 records. *Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003).

28      Even if the Government were to argue that Letter 1153 was not

required because the Certificate of Assessment notes it as a "Prompt
Assessment" that would not matter. According to the relevant
provisions of the Internal Revenue Manual:

> "[a] prompt assessment is a manually processed assessment of
> a secured return where collection appears to be at risk and
> the intention is to proceed with collection action
> immediately following the period for Notice and
> Demand...[it] should only be utilized in extreme
> circumstances." IRM 5315.1(1).

A prompt assessment of a proposed TFRP will become necessary
when Form 5402 is signed and the 30-day assessment statute date
begins ticking.  This only occurs when the assessment statute date
would have expired while the TFRP appeal was under consideration had
it not been for the impact of Tax Payer Bill of Rights 2.  *See* I.R.M.
8.11.1.8.8(1). Prompt assessment for a TFRP may be made only after
the taxpayer takes one of the following actions: signs Form 2751,
fails to respond to the Letter 1153 (DO) within the appropriate time
period, or completes the appeals process.

These situations did not apply to Thomas and the government has
not provided an explanation for why he qualified for a prompt
assessment. Moreover, the government has proffered no documentation
as to why a prompt assessment was possibly made.  Prompt assessment
is not relevant because Thomas never entered the TFRP appeals
process.

## III. THE LEVIES ON PLAINTIFF'S BANK ACCOUNT AND SALARY ARE IMPROPER

### A. THE LEVY SHOULD NEVER HAVE ATTACHED.

The levy action against Plaintiff was inappropriate considering
the circumstances surrounding assessment of the trust fund recovery
penalty. I.R.C. § 6321 & 6322 provide that a tax lien arises in favor
of the United States on the date of the assessment and attaches to

all property or rights to property belonging to a taxpayer.  But as discussed *supra*, since the assessment was invalid a tax lien could never properly attach to Vicki's property and income interests for payment of the trust fund and recovery penalty.

**B. THE POSTNUPTIAL PROPERTY AGREEMENT PRECLUDED THE LEVIES FROM REACHING THE PERSONAL PROPERTY AND INCOME OF PLAINTIFF.**

The government relies on California community property law to pursue its levies against Plaintiff, as Plaintiff has not been assessed of the penalty.  But the levies are precluded in this case due to the existence of a postnuptial property agreement. The levy on Plaintiff's bank accounts and wages touch upon issues of family law which the government fails to address in its motion for summary judgment. California state law is controlling in family law issues. In federal courts, except in matters governed by Federal Constitution or by acts of Congress, law to be applied in any case is law of the state.  See 28 U.S.C.A. §1652; *Erie R. Co. v. Tompkins*, 58 S.Ct. 817 (1938). Although Thomas incurred the trust fund recovery penalty after his 1993 marriage to Plaintiff, the default community property standard under California family law does not apply here because the couple had legally entered into a "Postnuptial Property Agreement" on October 6, 1997. See Exhibit 6, Seidel Postnuptial Property Agreement. Postnuptial property agreements, also known as marital agreements, are specifically authorized under California law.  Cal. Fam. Code §1500.  Postnuptial agreements enable married couples, such as the Seidels who aren't satisfied with the community property standard under California family law to allocate their property and income as they see fit.  A copy of the Seidels' Postnuptial Property Agreement had previously been provided to Revenue Officer Joe Smith.

1    Furthermore spousal-support waivers in postnuptial agreements do

2  not offend notions of public policy. In re *Marriage of Pendleton v.*

3  *Fireman*, 24 Cal. 4th 39 (2000). The *Pendleton* court found that, "no

4  public policy is violated by permitting enforcement of a waiver of

5  spousal support executed by intelligent, well-educated persons, each

6  of whom is self-sufficient in property and earning ability, and both

7  of whom had the advice of counsel regarding their rights and

8  obligations as marital partners at the time they executed the

9  waiver." *Id.*

10    Application of a postnuptial property agreement modifies or

11  prevents the application of California community property law to the

12  spouse's property or income. It also changes the character of their

13  property from community property to separate property- transmutation

14  agreements. Cal. Fam. Code § 850 et seq. Here the Seidels in 1997,

15  years prior to the IRS' levies, properly transmuted the real and

16  personal property by, "making in writing by an express declaration

17  that is made, joined in, consented to, or accepted by the spouse

18  whose interest is adversely affect." Cal. Fam. Code § 852 (a)&(c).

19    A postnuptial property agreement is construed under the

20  statutory rules governing the interpretation of contracts generally.

21  See *In re Marriage of Iberti*, 55 Cal. 4th 419 (1997). The language

22  of a property settlement agreement controls the construction of the

23  agreement. *Grimm v. Grimm*, 26 Cal. 2d 173 (1945). Property

24  settlement agreements will be strictly construed, so as not ot

25  enlarge their language. *Barham v. Barham*, 33 Cal. 2d 416 (1949). *In*

26  *re Marriage of Pendleton v. Fireman* (24 Cal. 4th 39) established the

27  enforceability of spousal support waivers in 2000. The Seidel

28  Postnuptial Property Agreement established the property rights of

1  Vicki's separate personal property.

2      The salary Vicki received from Marc Goodwin, Inc. and held in

3  the Washington Mutual bank account under her name was Vicki's

4  personal property.  By force of the language of the postnuptial

5  property agreement the IRS may not collect Thomas' tax debt from that

6  account.

7      The Postnuptial Agreement gives rise to an actual dispute of

8  material fact- the existence of and the legal force of the

9  postnuptial agreement.  The Government has failed to present any

10  evidence that nullifies or alters the existence of the postnuptial

11  property agreement. Plaintiff has established the existence and

12  validity of the postnuptial property agreement while the government

13  has offered no reason why the intentions of husband and wife should

14  not be honored.  Furthermore this case is not the proper vehicle for

15  the court to overturn established jurisprudence that protects the

16  ability of parties to contract.

17  **IV. THE UNITED STATES IS NOT ENTITLED TO SUMMARY JUDGMENT ON EACH**
   **OF THE PLAINTIFF'S CLAIMS BECAUSE THERE ARE STILL GENUINE ISSUES**
18  **OF MATERIAL FACTS.**

19      The levy on Plaintiff is wrongful for two reasons.  First, since

20  a proper assessment was never performed, the IRS does not have

21  authority to exert its levy power. Second, under California law the

22  IRS may not reach Plaintiff's salary and money in the bank account

23  because she entered into a postnuptial agreement with her husband

24  prior to the levies.

25      There is genuine issue of material fact concerning the

26  procedural and substantive propriety of the levies of Plaintiff's

27  bank account and salary.  The legal force of the postnuptial

28  agreement on the case at hand must be effected. As a matter of law,

1  Plaintiff is entitled to the return of levied funds or salary since

2  the levy was wrongful. Plaintiff is entitled to an injunction because

3  her rights to her personal property were and are superior to the

4  rights of the United States. I.R.C. §7426(b)(1).  The Postnuptial

5  Property Agreement not only separated the property interests between

6  Vicki and Thomas but also shields the Government from levying Vicki's

7  personal account.

8       Furthermore Plaintiff can bring suit for this wrongful levy.

9  I.R.C. §7426(a)(1).  Plaintiff may recover damages under I.R.C.

10 §7426, since the Service ignored the legal force of the Postnuptial

11 Property Agreement.  I.R.C. §7426(h).  Plaintiff is entitled to both

12 actual, direct economic damages sustained by the plaintiff as a

13 proximate result of the IRS ignoring the Postnuptial Agreement and

14 also the cost of the action. I.R.C. §7426(h)(1)(A)&(B).

15

16

17

18                              **CONCLUSION**

19       For the foregoing reasons, the defendant's motion to dismiss

20 should be denied.

21

22 Dated: March 12, 2008

23

24                              Respectfully Submitted,

25

26                              _____

27                              ROBERT L. GOLDSTEIN
                                Attorney for Plaintiff

28

1

## CERTIFICATE OF SERVICE

2

3       This is to certify that on March 13, 2008, I caused to be served

4  the foregoing **OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**,

5  using the electronic court filing system, and will be distributed to

6  all parties shortly after its filing.

7

8                          JOSEPH RUSSONIELLO
                          United States Attorney

9

10                          THOMAS MOORE
                   Assistant United States Attorney
                          Chief, Tax Division

11

12                          DAVID L. DENEIR
                   Assistant United States Attorney

13                       9TH Floor Federal Building
                   450 Golden Gate Avenue, Box 36055

14                         San Francisco, CA 94102

15

16

17  Dated this 13th day of March, 2008.

18

19

20                          _____
                            ROBERT L. GOLDSTEIN

21                          Attorney for Plaintiff

22

23

24

25

26

27

28

# EXHIBIT 1
# FORM 4180,
# TRUST FUND RECOVERY
# PENALTY INTERVIEW

**Report of Interview with Individual Relative to**
**Trust Fund Recovery Penalty — Personal Liability for Excise Tax**

Date of Interview  10-22-96

Notice 609 was furnished during the interview. (Check here)  [✓]    (See instructions below.)

Name of Interviewer  STEPHEN PENFOLD

INSTRUCTIONS TO INTERVIEWER: The questions which follow are to be used as a guide as you conduct the interview. Other questions may be asked. You must prepare this form personally, recording the interviewee's answers. Where a question is not applicable, write "N/A." Do not leave any blocks or lines blank. Attach additional sheets if necessary.

Notice 609, Privacy Act and Paperwork Reduction Act Notice, must be given to persons who haven't received notice of their right to privacy. If furnished during the interview, check the box above. If not, explain in the case history.

IRC 6672, failure to collect and pay tax from (date) 10-01-93  to (date) 08-08-96

IRC 4103, failure to pay tax from (date) _____  to (date) _____

## Section I—Background Information

| 1. | a. | Person interviewed (name)  THOMAS SEIDEL |
|---|---|---|

b. (address) 25360 BOOTS RD
MONTEREY, CA. 93940

| c. | Telephone number (home) 408-647-0507 | d. | Telephone number (work) 408-422-8173 |
|---|---|---|---|

e. Social Security number  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

| 2. | a. | Taxpayer (Corporation) (name)  T.E. SEIDEL ELECTRIC, INC. |
|---|---|---|

b. (address) 1319 BURTON AVE
SALINAS, CA. 93901

| c. | Incorporation (date) 1992 | d. State where incorporated CA. |
|---|---|---|
| e. | Has the state revoked the corporation franchise? ☐ yes ☑ no | f. | If so, when? |
| g. | Has the corporation ever filed bankruptcy? ☑ yes ☐ no | h. | If so, when? 8-8-96 |

| 3. | Was any of the property of the corporation sold, transferred, quitclaimed, donated or otherwise disposed of, for less than fair market value, since the accrual of the tax liability? ☐ yes ☑ no  What happened to the corporate assets? |
|---|---|

| 4. | a. | How were you associated with this corporation?  President |
|---|---|---|
|  | b. | Describe your duties/responsibilities.  All Operations |
|  | c. | By whom were you hired?  N/A |
|  | d. | What were the dates of your employment with the corporation?  N/A |

Form 4180 (Rev. 2-93)  Cat. No. 22710P

Department of the Treasury — Internal Revenue Service

**Page 1**

|  |  |  |  |  |  |  | ☐ yes | ☐ no |
|--|--|--|--|--|--|--|--|--|
|  |  | ☐ yes | ☑ no | f. In writing? |  |  |  |  |

| g. | When? |  | h. Is a copy of your resignation available? ☐ yes ☐ no |
|----|-------|--|--|

| i. | To whom was your resignation submitted? |  |  |
|----|--|--|--|
| j. | Did you have your name removed from the bank signature cards? ☐ yes ☑ no | k. | When? |
| h. | Do you have any money invested in the corporation? ☑ yes ☐ no | m. | Amount $ _UNDETERMined_ |

**5.**

| a. | Have you ever been involved with another company which had tax problems? ☐ yes ☑ no |
|----|--|
| b. | If so, explain. *(Corporate name, EIN, etc.)* |

**6.** With what banks or financial institutions did the corporation have transactions such as checking and other accounts, loans, financing agreements, etc.? *(attach additional sheet, if necessary)*

| Financial Institution | Transaction(s) | Address | Date(s) |
|----------------------|----------------|---------|---------|
| _First National Bank of the Central Coast_ | _Checking + Payroll_ | _S. Main St. Salinas_ |  |

**7.** Where are the financial records located?    _1319 Burton Ave  Salinas, Ca._

**8.** Please indicate the names, dates of service and percentage of ownership for the positions indicated below.

| Position | Name | Dates of Service | % Ownership |
|----------|------|------------------|-------------|
| Chairman of the board |  |  |  |
| Other Directors *(list)* |  |  |  |
|  |  |  |  |
|  |  |  |  |
| President | _Thomas E. Seidel_ | _Continuous_ | _100 %_ |
| Vice President |  |  |  |
| Secretary |  |  |  |
| Treasurer |  |  |  |
| Others *(shareholders, owners)* |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## Section II—Ability to Direct

Interviewee

Please indicate whether you performed any of the duties/functions indicated below for the corporation and the time periods during which you performed them. If another person performed these duties, please list names and time periods.

| Did you... | Yes | No | Dates from | to | Did anyone else? (name) | Dates from | to |
|---|---|---|---|---|---|---|---|
| 1. Hire/fire employees | YES | | | | | | |
| 2. Manage employees | Yes | | | | | | |
| 3. Direct (authorize) payment of bills | YES | | | | | | |
| 4. Deal with major suppliers and customers | Yes | | | | | | |
| 5. Negotiate large corporate purchases, contracts, loans | YES | | | | | | |
| 6. Open/close corporate bank accounts | YES | | | | | | |
| 7. Sign/countersign corporate checks | YES | | | | | | |
| 8. Guarantee/co-sign corporate bank loans | YES | | | | | | |
| 9. Make/authorize bank deposits | Yes | | | | | | |
| 10. Authorize payroll checks | Yes | | | | | | |
| 11. Prepare federal payroll tax returns | Y | NO | | | | | |

Page 3

| Did you... | Yes | No | Dates | | Did anyone  e? (name) | Dates | |
|---|---|---|---|---|---|---|---|
| | | | from | to | | from | to |
| 12. Prepare federal excise tax returns | | NO | | | | | |
| 13. Sign federal excise tax returns | | No | | | | | |
| 14. Authorize payment of federal tax deposits | yes | | | | | | |
| 15. Review federal income tax returns | yes | | | | | | |
| 16. Determine Company financial policy | yes | | | | | | |

17. Please provide the information requested below for each person, other than yourself, listed for the above questions. Also, please provide any additional information indicating their knowledge and/or control over the corporation's financial affairs. *(Attach additional sheets if necessary.)*

Name _____    Address _____

Phone Number _____    Social Security number _____

Additional information _____

Name _____    Address _____

Phone Number _____    Social Security number _____

Additional information _____

Name _____    Address _____

Phone Number _____    Social Security number _____

Additional information _____

Name _____    Address _____

Phone Number _____    Social Security number _____

Additional information _____

Interviewee

## Section III—Knowledge

1. When and how did you first become aware of the delinquent taxes?

*IRS CONTACT 1995*

2. What action did you take to see that the tax liabilities were paid?

*NEGOTIATED PAYMENTS*

3. Were discussions or meetings ever held by stockholders, officers or other interested parties regarding the non-payment of the taxes?  ☐ yes  ☒ no
   Identify who attended, the dates of the meetings, and any decisions reached.
   *(Attach additional sheets, if necessary.)*

4. Are minutes available from any meetings described in question 3 above?  ☐ yes  ☒ no

5. Who maintained or has access to the books and records of the corporation? When?
   *(Please provide name, address and phone number, if possible)*

*ROBERT McBride CPA — 978-2600*

6. Were financial statements ever prepared for the corporation?  ☒ yes  ☐ no
   If so, by whom? Who reviewed them and to whom were they submitted?
   *(Please provide time periods)*  *ROBERT McBride C.P.A. 978-2600*

7. Did the corporation employ an outside accountant?  ☒ yes  ☐ no
   If so, please provide the name, address and phone number of the person or firm.

*SAME AS ABOVE*

8. Who in the corporation had the ~~responsibility~~ of dealing with the outside accountant?

*Tom Seidel*

9. Did you personally have discussions with the accountant or bookkeeper of the corporation regarding the tax liability?   ☒ yes   ☐ no

If so, when?
What was discussed?   *BALANCE OWED*

10. Who reviewed the payroll tax returns or tax payments?   *Tom Seidel*

11. Who reviewed the excise tax returns or tax payments?   ? *Tom Seidel*

12. Who handled IRS contacts, such as IRS correspondence, phone calls from IRS, or visits by IRS personnel?   *Tom Seidel*

When?
What were the results of these contacts?

13. During the time the delinquent taxes were increasing, or at any time thereafter, were any financial obligation of the corporation paid?   ☐ yes   ☐ no
If so, which ones?   ?

14. Which individual or individuals authorized or allowed any of these obligations to be paid?   *Tom Seidel*

15. During the time that the delinquent taxes were increasing, or at any time thereafter, were all or a portion of the payrolls met?   ☒ yes   ☐ no

16. When there was not enough money to pay all the bills, what decisions were made and what actions were taken to deal with the situation? Who made the decisions?   *Tom Seidel*

17. Did any person or organization provide funds to pay net corporate payrolls?   ☐ yes   ☒ no
If so, explain in detail.

## Section IV—Special Circumstances

1. Is the corporation required to file federal excise tax returns?   ? ☐ yes ☐ no
   If so, are you aware of any required excise tax returns which have not been filed?   ☐ yes ☑ no
   *(If either response is negative, do not complete remaining questions in Section IV.)*

2. With respect to excise taxes, were the patrons or customers informed that the tax was included in the sales price?   ☐ yes ☐ no

3. If the tax liability is one of the so-called "collected" taxes—transportation of persons or property and communications:

   a. Was the tax collected?   ☐ yes ☐ no

   b. Were you aware, during the period tax accrued, that the law required collection of the tax?   ☐ yes ☐ no

Continue answers from Sections I through III below. Identify by section and item number.

## Section V—Additional Comment

Is there anyone else who may have been involved or who could provide additional information regarding this matter?      ☐ yes  ☒ no

Please add any comments you may wish to make regarding this matter.

#1. THE CORP. WAS STRUGGLING FINANCIALLY, THERE WAS NO MONEY TO PAY ANY BILLS beyond THE CURRENT PAYROLL.

#2. I'm NOT SURE I KNOW WHAT THE EXCISE TAX IS

**I declare that I have examined the information given in this statement and, to the best of my knowledge and belief, it is true, correct and complete.**

| Person interviewed (signature) | Date |
|---|---|
| Interviewer (signature) | Date |
|  | 10-22-96 |

Date copy given to person interviewed

10-22-96

Form 4180 (Rev. 2-93)                    Page 8

# EXHIBIT 2
# FORM 2751,
## PROPOSED ASSESSMENT
## OF TRUST FUND
## RECOVERY PENALTY-
## AGREEMENT TO ASSESSMENT
## AND COLLECTION OF
## TRUST FUND RECOVERY PENALTY



Department of the Treasury-Internal Revenue Service

Form **2751**
(Rev. February 1993)

## Proposed Assessment of Trust Fund Recovery Penalty

(Sec. 6672 Internal Revenue Code, or corresponding provisions of prior internal revenue laws)

### Report of Business's Unpaid Tax Liability

Name and address of business  **T.E. SEIDEL ELECTRIC, INC.**
1319 BURTON AVE
SALINAS, CA. 93901

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12-31-93 | 01-31-94 | 03-21-94 | 77-0278294 | $ 37,446.36 | $ 38,136.17 |
| 941 | 03-31-94 | 04-30-94 | 06-27-94 | 77-0278294 | 50,150.00 | 42,999.98 |
| 941 | 06-30-94 | 07-31-94 | 09-26-94 | 77-0278294 | 55,251.29 | 50,000.76 |
| 941 | 09-30-94 | 10-31-94 | 12-26-94 | 77-0278294 | 31,111.49 | 23,919.30 |
| 941 | 12-31-94 | 02-23-95 | 03-27-95 | 77-0278294 | 55,634.06 | 52,988.31 |
| 941 | 03-31-95 | 04-30-95 | 07-03-95 | 77-0278294 | 91,012.63 | 79,999.98 |
| 941 | 06-30-95 | 07-31-95 | 09-18-95 | 77-0278294 | 113,676.90 | 99,999.98 |

|  |  |  |  |  | Total Penalty | $ SEE PAGE 2 |

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name, address, and social security number of person responsible

**THOMAS SEIDEL, 25360 BOOTS RD, MONTEREY, CA. 93940**      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

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above; and I waive the privilege of filing a claim for abatement after assessment.

| Signature of person responsible | Date |
|---|---|
|  |  |

Part 1-This copy to be signed and returned to Internal Revenue Service

Form **2751** (Rev. 2-93)
Cat. No. 21955U



Form **2751**
(Rev. February 1993)

Department of the Treasury–Internal Revenue Service

## Proposed Assessment of Trust Fund Recovery Penalty

(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)

### Report of Business's Unpaid Tax Liability

Name and address of business    T.E. SEIDEL ELECTRIC, INC.
1319 BIRTON AVE, SALINAS, CA. 93901

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 09-30-95 | 03-06-96 | 04-08-96 | 77-0278294 | $ 238,103.32 | $ 157,689.25 |
| 941 | 03-31-96 | 04-30-96 | 06-24-96 | 77-0278294 | 5,869.54 | 892.84 |
| 941 | 06-30-96 | 10-23-96 | 10-23-96 | 77-0278294 | 0 | 45,645.11 |
| 941 | 09-30-96 | 10-23-96 | 10-23-96 | 77-0278294 | 0 | 7,879.56 |

Total Penalty | $ 601,251.24

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

, address, and social security number of person responsible
THOMAS SEIDEL, 25360 BOOTS RD, MONTEREY, CA. 93940        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

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above; and I waive the privilege of filing a claim for abatement after assessment.

Signature of person responsible                                          | Date

Part 1–This copy to be signed and returned to Internal Revenue Service

Form **2751** (Rev. 2-93)
Cat. No. 21955U



Department of the Treasury–Internal Revenue Service

Form **2751**
rv. February 1993)

## Proposed Assessment of Trust Fund Recovery Penalty

(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)

### Report of Business's Unpaid Tax Liability

Name and address of business T.E. SEIDEL ELECTRIC, INC.
1319 BURTON AVE
SALINAS, CA. 93901

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12-31-93 | 01-31-94 | 03-21-94 | 77-0278294 | $ 37,440.36 | $ 38,136.17 |
| 941 | 03-31-94 | 04-30-94 | 06-27-94 | 77-0278294 | 50,150.00 | 42,999.98 |
| 941 | 06-30-94 | 07-31-94 | 09-26-94 | 77-0278294 | 55,251.29 | 50,000.76 |
| 941 | 09-30-94 | 10-31-94 | 12-26-94 | 77-0278294 | 31,111.49 | 25,019.30 |
| 941 | 12-31-94 | 02-23-95 | 03-27-95 | 77-0278294 | 55,634.06 | 52,988.31 |
| 941 | 03-31-95 | 04-30-95 | 07-03-95 | 77-0278294 | 91,012.63 | 79,999.98 |
| 941 | 06-30-95 | 07-31-95 | 09-18-95 | 77-0278294 | 113,676.90 | 99,999.98 |

Total Penalty $SEE PAGE 2

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name, address, and social security number of person responsible    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
THOMAS SEIDEL, 25360 BOOTS RD, MONTEREY, CA. 93940

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above; and I waive the privilege of filing a claim for abatement after assessment.

Signature of person responsible

Date 10/30/96

This copy to be signed and returned to Internal Revenue Service

Form **2751** (Rev. 2-93)
Cat. No. 21955U

00017

Department of the Treasury–Internal Revenue Service

Form **2751**
ev. February 1993)

## Proposed Assessment of Trust Fund Recovery Penalty

(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)

### Report of Business's Unpaid Tax Liability

Name and address of business   T.E. SEIDEL ELECTRIC, INC.
1319 BURTON AVE, SALINAS, CA. 93901

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 09-30-95 | 03-06-96 | 04-08-96 | 77-0278294 | $ 238,103.32 | $ 157,689.25 |
| 941 | 03-31-96 | 04-30-96 | 06-24-96 | 77-0278294 | 5,869.54 | 892.84 |
| 941 | 06-30-96 | 10-23-96 | 10-23-96 | 77-0278294 | 0 | 45,645.11 |
| 941 | 09-30-96 | 10-23-96 | 10-23-96 | 77-0278294 | 0 | 7,879.56 |
| | | | | Total Penalty | | $ 601,251.24 |

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name, address, and social security number of person responsible
THOMAS SEIDEL, 25360 BOOTS RD, MONTEREY, CA. 93940          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

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above; and I waive the privilege of filing a claim for abatement after assessment.

Signature of person responsible:

Date 10/30/9C

Part 1 This copy to be signed and returned to Internal Revenue Service

Form **2751** (Rev. 2-93)
Cat. No. 21955U

# EXHIBIT 3
# CERTIFICATE OF
# ASSESSMENT
# FORM 4340

# United States  of America

### Department of the Treasury
### Internal Revenue Service

Date:  August 9, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed:   is a true Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for Thomas E. Seidel, Social Security Number: 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, covering Civil Penalty for the period ending September 30, 1996 ⸻

under the custody of this office.



IN WITNESS WHEREOF,  I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

David R. Martin
Chief, Accounting Operations

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

THOMAS E SEIDEL                         EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: SEPT 1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 12-09-1996 | FEES AND COLLECTION COSTS | | 26.00 | |
| | PROMPT ASSESSMENT IRC 6672 - TRUST FUND RECOVERY PENALTY 77251-297-14900-6 | 601,251.24 | | 10-25-1996 |
| | PROMPT ASSESSMENT 77251-297-14900-6 | | 0.00 | 10-25-1996 |
| | INTEREST ASSESSED 19964908 | | 8,036.12 | 12-16-1996 |
| 10-23-1996 | XREF 100% PENALTY 941    199503 77-0278294 | | | |
| 10-23-1996 | XREF 100% PENALTY 941    199406 77-0278294 | | | |
| 10-23-1996 | XREF 100% PENALTY 941    199409 77-0278294 | | | |
| 10-23-1996 | XREF 100% PENALTY 941    199609 77-0278294 | | | |

FORM 4340  (REV. 01-2002)               PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

-----------------------------------------------------------------

THOMAS E SEIDEL                    EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: SEPT 1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|

-----------------------------------------------------------------

10-23-1996 XREF 100% PENALTY
           941      199606
           77-0278294

10-23-1996 XREF 100% PENALTY
           941      199603
           77-0278294

10-23-1996 XREF 100% PENALTY
           941      199312
           77-0278294

10-23-1996 XREF 100% PENALTY
           941      199506
           77-0278294

10-23-1996 XREF 100% PENALTY
           941      199412
           77-0278294

10-23-1996 XREF 100% PENALTY
           941      199403
           77-0278294

10-23-1996 XREF 100% PENALTY
           941      199509
           77-0278294

04-15-1997 OVERPAID CREDIT APPLIED                    3,981.00
           1040      199612

FORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

THOMAS E SEIDEL                      EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN     TAX PERIOD: SEPT 1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| 10-25-1996 | OVERPAID CREDIT APPLIED 1040     199512 | | 1,400.00 | |
| 10-25-1996 | INTEREST OVERPAYMENT CREDIT 1040     199512 | | 56.66 | |
| 04-30-1996 | OVERPAID CREDIT APPLIED 941     199603 77-0382210 | | 1,506.71 | |
| 07-28-2000 | FEDERAL TAX LIEN | | | |
| 08-04-2000 | FEDERAL TAX LIEN | | | |
| 08-28-2000 | FEES AND COLLECTION COSTS | | 6.00 | |
| 08-24-2000 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 08-28-2000 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 10-19-2000 | OFFER IN COMPROMISE PENDING | | | |
| 11-24-2000 | FEDERAL TAX LIEN | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

## CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

THOMAS E SEIDEL                           EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: SEPT 1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|---------------------|------------|--------------------|
| 12-18-2000 | FEES AND COLLECTION COSTS | 6.00 | | |
| 04-15-2001 | OVERPAID CREDIT APPLIED 1040    200012 | | 1,228.00 | |
| 07-23-2001 | OVERPAID CREDIT APPLIED 1040    200012 | | 300.00 | |
| 04-15-2002 | OVERPAID CREDIT APPLIED 1040    200112 | | 4,956.00 | |
| 04-14-2003 | OVERPAID CREDIT APPLIED 1040    200212 | | 996.00 | |
| 04-02-2003 | OFFER IN COMPROMISE REJECTED | | | |
| 05-05-2003 | SUBSEQUENT PAYMENT LEVY | | 4,011.87 | |
| 06-28-2003 | SUBSEQUENT PAYMENT LEVY | | 41,007.32 | |
| 11-16-2004 | SUBSEQUENT PAYMENT FEDERAL TAX LIEN | | 161,334.55 | |
| 10-25-1996 | FEDERAL TAX LIEN | | | |
| 03-07-2005 | SUBSEQUENT PAYMENT FEDERAL TAX LIEN | | 143.90 | |

FORM 4340  (REV. 01-2002)              PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

--------------------------------------------------------------

THOMAS E SEIDEL                    EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: SEPT 1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|

--------------------------------------------------------------

| 04-15-2005 | OVERPAID CREDIT APPLIED 1040      200412 | | 6.00 | |
| 06-27-2006 | RECEIVED POA/TIA | | | |
| 11-24-2006 | FEDERAL TAX LIEN | | | |
| 02-26-2007 | UPDATED POA/TIA | | | |
| 10-23-1996 | Statutory Notice of Balance Due | | | |
| 04-21-2003 | Statutory Notice of Intent to Levy | | | |

FORM 4340 (REV. 01-2002)           PAGE    5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

THOMAS E SEIDEL                        EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: SEPT 1996
--------------------------------------------------------------------


BALANCE      388,397.35

--------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.


--------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER:

PRINT NAME:_____David R. Martin_____

TITLE:_____Chief, Accounting Operations_____

                      WI-11-5
DELEGATION ORDER:_____


LOCATION: INTERNAL REVENUE SERVICE


        ACCOUNT STATUS DATE 07/20/2007

FORM 4340  (REV. 01-2002)              PAGE    6

# EXHIBIT 4,
# LETTER 1153(DO)

BEST COPY AVAILABLE

APPEALS

You may appeal your case to the office of the Regional Director of Appeals. To do this, address your request to the Group Manager, to the attention of the Person to contact and the address shown at the top of this letter. The ... amount you are ...

| If the amount is: | You should: |
|---|---|
| $2,500 or less | Verbally request an appeal conference. |
| More than $2,500 but not more than $10,000 | Submit a brief written statement of the issues you disagree with. |
| Over $10,000 | Submit a written protest. |

Include any additional information that you want the Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

A BRIEF WRITTEN STATEMENT should include:

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved; and

5. A list of the issues you disagree with. These issues could include responsibility, willfulness, and the way we applied payments to the business tax liability.

Please submit two copies of your statement.

A WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved (see Form 2751);

5. A list of the findings you disagree with;

6. A statement of fact, signed under penalty... who control over... include specific dates, names, amounts, locations...

NOTE: Usually, penalty cases like this one involve... responsibility and willfulness. Therefore, your statement... clear explanation of your duties and responsibilities with... (Responsibility in this case means possessing the status, duty or authority to collect, account for, and pay the trust fund taxes. Willfully means that an action was intentional, deliberate or voluntary and not... accident or mistake.)

To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

"Under the penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

## REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you. This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. Both forms are available from any IRS office. A properly written power of attorney or authorization is also acceptable.

## CONSIDERATION BY THE COURTS

If you and the IRS still disagree after your conference, we will send you a bill. However, you may take your case to the United States Court of Federal Claims or to United States District Court. These courts have no connection with the IRS.

Generally, the courts will hear tax cases only after you have paid the tax and filed a claim for a refund. The claim for a refund is considered an additional, informal review. To request this additional review, do the following:

1. Pay the tax for one employee for one quarter of liability if we have based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction, if we have based the amount of the penalty on unpaid excise taxes.

2. File a claim for refund of the amount you paid, using Form 843, Claim for Refund and Request for Abatement.

Page 3                    Letter 1153(DO)    (Rev. 3-93)

0012

BEST COPY AVAILABLE

DELAY IN COLLECTION

To request a delay in collection of the penalty, you must take the following additional actions within 30 days of the date of the official notice of assessment.

1. Pay a portion of the tax and file a claim for refund as explained above.

2. Post a bond with the IRS for one and one half times the amount of the penalty after you have made the payment in item 1.

You should be aware that, if IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 60 day period for submitting a protest mentioned above.

If the IRS denies your claim, you have the right to appeal the denial. You may wish to appeal before filing suit. To do this, follow the instructions above for APPEALS.

If the IRS hasn't acted on your claim within 6 months from the date you filed it, you can then file suit for a refund. You can also file suit for a refund any time within 2 years after IRS has disallowed your claim. For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the Court of Federal Claims, 717 Madison Place, N.W., Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter (or 90 days, if this letter is addressed to you outside the United States), we will begin collection action.

Sincerely yours,

SHARON NIXON
Group Manager

Enclosures:

Form 2751
Publication 1
Envelope

# EXHIBIT 5
# OCTOBER 28, 1996
# IRS LETTER TO THOMAS

Department of the Treasury
Internal Revenue Service

Date of This Letter: OCTOBER 28, 1996

Person to Contact: STEPHEN PENROD

IRS Contact Address: 55 PLAZA CIR., A-200
SALINAS, CA, 93901

THOMAS SEIDEL
25360 BOOTS RD
MONTEREY, CA. 93940

IRS Telephone Number: (408)771-1240

Employer Identification Number: 77-0278294

Business Name and Address:
T.E. SEIDEL ELECTRIC, INC.
1319 BURTON AVE
SALINAS, CA. 93901

The business named above owes Federal taxes described in the enclosed
tax bill. Proposed the amount of Trust Fund Recovery Penalty. Our
efforts to collect these taxes haven't been successful, so we plan
to assess a penalty against you.

The law provides that individuals who were required to collect, account for,
and pay taxes for the business may be personally liable for a penalty if the
business doesn't pay the taxes. These taxes, which consist of employment taxes
withheld or should have withheld from employees' wages and didn't pay or
the taxes you collected or should have collected from patrons and didn't pay.
are commonly referred to as trust fund taxes.

We plan to charge you an amount equal to the unpaid trust fund taxes which
the business still owes the government. This personal liability is called
the trust fund recovery penalty. We will assess and collect the penalty as
though it were a tax you owed.

If you agree with this penalty, please sign Part 1 of of the enclosed
form 2751 and return it to me in the enclosed envelope.

If you have additional information to support your case, and
want to try to resolve the matter informally, contact the person named at the top
of this letter within ten days from the date of this letter.

You also have the right to appeal or protest this action, and you may also
have the right to a court before we collect the taxes. You may request either of
those within 60 days from the date of this letter. If this letter is
addressed to you outside the United States. The instructions below explain how
to make the request.

55 Plaza Circle, A200, Salinas, CA 93901

Letter 1153(DO)    (Rev. 5-93)

00011

APPEALS

You may appeal your case to the office of the Regional Director of Appeals. To do this, address your request to the Group Manager, to the attention of the Person to Contact and the address shown at the top of this letter. The type of amount you are protesting determines the form your request should take.

| If the amount is: | You should: |
|---|---|
| $2,500 or less | Verbally request an Appeals conference. |
| More than $2,500 but not more than $10,000 | Submit a brief written statement of the issues you disagree with. |
| Over $10,000 | Submit a written protest. |

Include any additional information that you want the Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

A BRIEF WRITTEN STATEMENT should include:

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved; and

5. A list of the issues you disagree with. These issues could include responsibility, willfulness, and the way we applied payments to the business tax liability.

Please submit two copies of your statement.

A WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved (see Form 2751);

5. A list of the findings you disagree with;

6. A statement of the facts and copies of anything that explains why you disagree and why you believe the claim is unreasonable. Include specific dates, names, amounts, locations, etc.

NOTE: Usually, penalty cases like this one involve issues of responsibility and willfulness. Therefore, your statement should include a clear explanation of your duties and responsibilities within the business. (Responsibility in this case means possessing the status, duty and authority to collect, account for, and pay the trust fund taxes. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake.)

To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

"Under the penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you. This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. Both forms are available from any IRS office. A properly written power of attorney or authorization is also acceptable.

CONSIDERATION BY THE COURTS

If you and the IRS still disagree after your conference, we will send you a bill. However, you may take your case to the United States Court of Federal Claims or to United States District Court. These courts have no connection with the IRS.

Generally, the courts will hear tax cases only after you have paid the tax and filed a claim for a refund. The claim for a refund is considered an additional, informal review. To request this additional review, do the following:

1. Pay the tax for one employee for one quarter of liability if we have based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction, if we have based the amount of the penalty on unpaid excise taxes.

2. File a claim for refund of the amount you paid, using Form 843, Claim for Refund and Request for Abatement.

00013

DELAY IN COLLECTION .

To request a delay in collection of the penalty, you must take the following
additional actions within 30 days of the date of the official notice of assessment.

1. Pay a portion of the tax and file a claim for refund as explained above.

2. Post a bond with the IRS for one and one half times the amount of the
penalty after you have made the payment in item 1.

You should be aware that, if IRS finds that the collection of this penalty
is in jeopardy, we may take immediate action to collect it without regard to the
60 day period for submitting a protest mentioned above.

If the IRS denies your claim, you have the right to appeal the denial.  You
may wish to appeal before filing suit.  To do this, follow the instructions above
for APPEALS.

If the IRS hasn't acted on your claim within 6 months from the date you filed
it, you can then file suit for a refund.  You can also file suit for a refund any
time within 2 years after IRS has disallowed your claim.  For further information
about filing a suit you may contact the Clerk of your District Court or the Clerk
of the Court of Federal Claims, 717 Madison Place, N.W., Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter
(or 90 days, if this letter is addressed to you outside the United States),
will begin collection action.

                              Sincerely yours.


                              SHARON NIXON
                              Group Manager

Enclosures:

Form 2751
Publication 1
Envelope

# EXHIBIT 6,
# SEIDEL POSTNUPTIAL PROPERTY AGREEMENT

# POSTNUPTIAL PROPERTY AGREEMENT

THIS AGREEMENT is made between Thomas Everett Seidel, Husband, and Vicki Rene Seidel, Wife, who were married on October 30th 1993, and who reside at:

25360 Boots Road
Monterey, Ca. 93940

This agreement is made with the intent and desire to define and specify the respective and collective rights of the above-named parties in the separate, joint and community property of the parties, and without the intent of either party to obtain a divorce or a legal separation.

1. Stipulation of Parties.  The parties stipulate as follows:

a. Husband's Separate Personal Property.  Husband, owns as his separate property the following personal property :

Description:  As follows.                                    Location: Various

Any and all personal property prior to October 30th 1993, inclusive of all business assets, liabilities, debts, liens, personal or business obligations. All and any personal purchases or obligations after that date aquired by seperate funds or  agreement without the spouses consentual permission.
                        Value:  To be determined

b. Husband's Separate Real Property.  Husband, owns as his separate the following real property:
        1.        None
        2.        Any property purchased in the future by seperate funds.
        3.        Any businesses, Corporations, Partnerships or ventures operated and funded
seperately from the marriage.

c. Wife's Separate Personal Property.  Wife, owns as her separate the following personal property:
Description : As follows.                                    Location: Various
Any and all personal property prior to October 30th 1993, inclusive of all business assets, liabilities, debts, liens, personal or business obligations. All and any personal purchases or obligations after that date aquired by seperate funds or  agreement without the others consentual permission.
                        Value:  To be determined

d. Wife's Separate Real Property.  Wife, owns as her separate the following real property:
        1.        None
        2.        Any property purchased in the future by seperate funds.
        3.        Any businesses, Corporations, Partnerships or ventures operated and funded
seperately from the marriage.

e. Community Personal Property. Husband and Wife own, as husband and wife, the following community personal property:

Description : As follows                                   Location:     25360 Boots Rd. Monterey, Ca.

1.      Personal furnishings, inclusive of but not limited to: Televisions, Couches, Beds, Utinsels, Desks, Chairs, Tables, Patio equipment, Dishes, Bikes, Camping equipment.

2.      Any personal property purchases using community funds.

f. Community Real Property. Husband and Wife own, as husband and wife, the following community real property:

Description       None                                Location
Value:

g. Personal Property Held in Joint Tenancy. Husband and Wife own the following personal property in joint tenancy:

Description    None                                   Location
Value:

h. Real Property Held in Joint Tenancy. Husband and Wife own the following real property in joint tenancy:

Description : Single family dwelling                    Location    25360 Boots Rd.
Monterey, Ca.                                           Value: Purchase
price...............$600,000.00

i. Affirmation of Full Disclosure. Each party individually affirms that a complete disclosure has been made to the other of all real and personal property owned, in whole or in part, by each respective party.

2. Property Rights of Parties. The parties agree:

a. Husband's Separate Personal Property. All of the previously-described personal property, heretofore the separate property of the Wife or the community property of the parties or held by the parties in joint tenancy, shall become these separate personal property of Husband:

b. Husband's Separate Real Property. All of the previously-described real property, heretofore the separate property of the Wife or the community property of the parties or held by the parties in joint tenancy, shall become these parate real property of Husband:

c. Wife's Separate Personal Property. All of the previously-described personal property, heretofore the separate property of the Husband or the community property of the parties or held by the parties in joint tenancy, shall become the separate personal property of Wife:

d. Wife's Separate Real Property. All of the previously-described real property, heretofore the separate property of the Husband or the community property of the parties or held by the parties in joint tenancy, shall become the separate real property of Wife:

e. Community Personal Property. All of the previously-described property, heretofore the separate property of the Wife or Husband or held by the parties in joint tenancy or as community property, shall become the community personal property of the parties:

f. Community Real Property. All of the previously-described real property, heretofore the separate property of the Wife or Husband or held by the parties in joint tenancy or as community property, shall become the community real property of the parties:

g. Tenancy in Common. All of the following-described property shall be owned by Husband and Wife as tenants in common with all of the rights and incidents pertaining to such tenancy in common:

h. Joint Tenancy. All of the following-described property shall be owned by Husband, and Wife as joint tenants with all of the rights and incidents pertaining to such joint tenancy:
Description     Single family dwelling                          Location   25360 Boots Road Monterey, Ca.
Value:  Purchase price $600,000.00

i. Cooperation in Execution of Instruments. Each of the parties to this Agreement shall cooperate fully in executing and delivering all instruments necessary to carry into effect the provisions of this Agreement.

We, Husband and Wife, acknowledge that we have been represented by counsel during negotiations for this Agreement, that our rights in the real and personal property described in this agreement have been fully explained, that the legal consequences of this Agreement have been fully explained, and that we understand our legal rights in the property and the legal consequences of this Agreement.

Husband

Wife

On this 6 TH of October _____, 1997, personally appeared before me, the Parties personally known to me or proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to this instrument, and acknowledged that they executed the same.

Notary Public_____
(seal)

**Addendum to Thomas Everett Seidel, Husband, and Vicki Renee Seidel, Wife, Postnuptial Property Agreement Executed the 6th of October, 1997**

**Separate Property Earnings, Deferred Compensation and Employee Benefits:**

The parties agree that any earnings, income or benefits, no matter their nature, kind or source, from and after the marriage, including but not limited to salary, bonuses, stock options, deferred compensation, and retirement benefits, shall be the separate property of the party earning or acquiring such earnings, income or benefits as though the marriage had never occurred. There shall be no allocation made of any such earnings, income or benefits between community property and separate property, and such earnings, income or benefits shall be entirely the separate property of the party earning or acquiring the same. The parties acknowledge their understanding that in the absence of this Agreement any earnings, income or benefits resulting from the personal services, skills, investments, industry and efforts of either party during the marriage would be community property.

Dated: 2/27/08

Signed: _____
Thomas Everett Seidel

Signed: _____
Vicki Renee Seidel