JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER  (CSBN 95024)
Assistant United States Attorney

9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone:    (415) 436-6888
Fax:          (415) 436-6748

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **VICKI R. SEIDEL,** | NO.  C-07-3141-JF |
| Plaintiff, | |
| v. | UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | DATE:    APRIL 4, 2008<br>TIME:     9:00 A.M. |

Plaintiff raises two arguments in opposition to the United States motion for summary judgment.  First, she contends that the trust fund recovery penalty assessment made against her husband, Thomas E. Seidel, was procedurally defective and invalid.  Consequently, she reasons that the IRS may not levy against her husband's property.  Second, plaintiff argues that a postnuptial property agreement precluded the levies from reaching the bank accounts and wages involved in this case.

A..    <u>The Levies Were Not Wrongful</u>.

This is a wrongful levy action.  In I.R.C. § 7426, Congress has given third parties the right to bring an action against he United States when it is shown property was wrongfully seized pursuant to a levy by the IRS.  Section 7426 contains two distinct prerequisites to its application: (1) that the plaintiff have an interest in or lien on the property at issue, and (2) that the levy be

wrongful (*i.e.*, that the property not be the taxpayer's). *Flores v. United States*, 551 F.2d 1169, 1171 (9th Cir. 1977). The first of these requirements ensures standing; the second focuses on the condition precedent to government seizure, a nexus between the taxpayer and the property. *Id*. The government has the burden of showing the connection between the assets seized and the delinquent taxpayer. *Id*. at 1174-76; *Al-Kim v. United States*, 650 F.2d 944, 948 (9th Cir. 1979).[1] Property is wrongfully levied if it does not, in whole or part, belong to the taxpayer against whom the levy originated. *Arth v. United States*, 735 F.2d 1190, 1193 (9th Cir. 1984)

More specifically, a levy is wrongful if: (1) it is upon property exempt from levy under section 6334, or (2) it is upon property in which the taxpayer had no interest at the time the lien arose or thereafter, or (3) the levy is upon property with respect to which such person is a purchaser against whom the lien is invalid under section 6323 or 6324(a)(2) or (b), or (4) the levy or sale pursuant to the levy will or does effectively destroy or otherwise irreparably injure such person's interest in the property which is senior to the Federal tax lien. Treas. Reg. § 301.7426-1(b); *Sessler v. United States*, 7 F.3d 1449, 1451 (9th Cir. 1993). Plaintiff's claim that the levy is wrongful because the IRS failed to give Thomas E. Seidel preliminary notice pursuant to I.R.C. § 6672(b) before assessing the trust fund recovery penalty against him does not fit within the definition of a wrongful levy. Under the regulations, a failure to fulfill a procedural requirement doesn't make a levy wrongful. *Sessler*, 7 F.3d at 1452.

---

[1] The government has met its burden of establishing a connection between the taxpayer, Thomas E. Seidel, and the property levied upon. Thomas E. and Vicki R. Seidel were married sometime in 1993. At the time they were married, they both resided within the State of California and continue to reside within State of California to this date. Once married, any and all income earned or assets acquired during their marriage constitute community property. Cal. Fam. Code § 760 (West 2004). It is well settled that California community property is liable for either spouse's separate tax liabilities during marriage. *Babb v. Schmidt*, 496 F.2d 957, 959-60 (9th Cir. 1974). In California, the community estate is now liable for a debt incurred by either spouse *before or during* marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to the judgment for the debt. Cal. Fam. Code § 910(a)(West 2004); *see*, *e.g.*, *State Bd. of Equalization v. Woo*, 82 Cal. App. 4th 481, 484, 98 Cal. Rptr. 2d 206 (2000)(wife's future earnings were subject to husband's tax debt). At the time the Thomas E. Seidel's tax debt was incurred, Thomas E. Seidel was married to Vicki R. Seidel.

Plaintiff, however, is not really contending that the levies are wrongful. She is really arguing that the assessment of the trust fund recovery penalty was invalid. She may not challenge the assessment. When a plaintiff sues under that section 7426, "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." I.R.C. § 7426(c); *Al-Kim, Inc. v. United States*, 610 F.2d 576, 579 (9th Cir. 1979); *Shannon v. United States*, 521 F.2d 56, 59 (9th Cir. 1975).

In *Al-Kim*, eleven Nevada Corporations sought to enjoin IRS collection action relative to delinquent taxes against property in which the corporations claimed interests. The district court invoked jurisdiction under I.R.C. § 7426 and denied the preliminary motion for injunctive relief, and granted certain motions to dismiss made by the defendants. *Al-Kim*, 610 F.2d at 578-80.

On appeal, the plaintiffs/appellants argued that they were entitled to injunctive relief under I.R.C. § 6213. Section 6213 provides that before the IRS can assess a tax deficiency, it must send a notice of deficiency to the taxpayer. The taxpayer then has 90 days in which to petition the Tax Court for redetermination of the deficiency. During the 90-day period the IRS cannot levy or proceed in court to collect the claimed deficiency. If the IRS makes "such assessment or [begins] such proceeding or levy during the time such prohibition is in force [the IRS] may be enjoined by a proceeding in the proper court." The appellants claimed that notices of deficiency were never received, and that the IRS should be enjoined from collection action pending compliance with the notice provision. *Id*. at 578-79.

The Ninth Circuit found that the appellants were in essence arguing that they were entitled to contest the merits of the tax assessment. The Ninth Circuit held that third parties do not have any right to contest the merits of a tax assessment. *Id*. at 579; *see also Graham v. United States*, 243 F.2d 919, 922 (9th Cir. 1957)("We believe that only the taxpayer may question the assessment for taxes, and assert noncompliance by the Commissioner in sending the taxpayer a notice of deficiency by registered mail.").

Similarly, in the present case, only Thomas E. Seidel may question the trust fund recovery penalty assessment, assert noncompliance with the preliminary notice requirement of I.R.C. §

U.S.' Reply To Pltff's Opp. To
Mtn. For Sum. Judgmt. (No. C-07-3141-JF)            3

6672(b), and contend that said noncompliance invalidates the assessment. Plaintiff may not.[2]

      B.      The Postnuptial Property Agreement Does Not Preclude The Levy Action.

Plaintiff submits a postnuptial property agreement which she alleges precludes the IRS levies from attaching to her bank account and wages. The document is simply attached as Exhibit 6 to plaintiff's opposition papers without any declaration or affidavit attesting to its authenticity. Fed. R. Evid. 901(b)(1). Nor is the document self-authenticating. See Fed. R. Evid. 902. While the document bears a date of October 6, 1997, with attestation language for a notary public, no notary public has signed and affixed his/her seal to the document. Finally, the only portion of the document which appears to have any bearing on this action is a purported addendum to the postnuptial property agreement by which the parties allegedly agree that the parties "earnings, income or benefits, no matter their nature, kind or source, from and after marriage, including by ut not limited to salary, bonuses, stock options, deferred compensation, and retirement benefits, shall be the separate property of the party earning or acquiring such earnings, income or benefits as though the marriage had never existed." The addendum bears the date of February 27, 2008 and the apparent signature of Vicki Renee Seidel. No signature appears for Thomas Everett Seidel. Thus, the document, even if it were authenticated, does not contain any agreement which transmutes Vicki Seidel's earnings into her separate property.

Married persons by agreement or transfer, with or without consideration, may transmute community property to separate property of either spouse, transmute separate property of either spouse to community property, and transmute separate property of one spouse to separate property of the other spouse. Cal. Fam. Code § 850 (West 2004). A transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected. Cal. Fam. Code § 852(a)(West 2004). A transmutation of real property is not effective as to third parties without notice thereof unless recorded. Cal. Fam. Code § 852(b)(West 2004). This does not affect the law governing characterization of property in which separate property

---

[2] This issue has been raised by Thomas E. Seidel in *United States v. Thomas E. Seidel*, No. C-07-04128-JF, and will be litigated in that case.

U.S.' Reply To Pltff's Opp. To
Mtn. For Sum. Judgmt. (No. C-07-3141-JF)      4

and community property are commingled or otherwise combined. Cal. Fam. Code § 852(d)(West 2004). Finally, a transmutation is subject to the laws governing fraudulent transfers. Cal. Fam. Code § 851 (West 2004); *see*, *e.g.*, *State Bd. of Equalization v. Woo*, 82 Cal. App. 4th 481, 98 Cal. Rptr. 2d 206, 208 (2000)(wife entered into marital agreement after learning that taxing authority intended to garnish her wages; wife's attempt to transmute husband's interest in her wages constituted a fraudulent transfer in violation of Cal. Fam. Code § 851 and Cal. Civ. Code § 3439.04(a)).

First, plaintiff's argument must fail because the postnuptial property agreement has not been authenticated and, therefore, is not admissible as evidence. Fed. R. Evid. 901(a). Second, even if the postnuptial property agreement were authenticated, the agreement does not do what plaintiff claims it does. The language contained in the main body of the postnuptial property agreement is confusing and inconsistent. However, there is no language that specifically transmutes Thomas E. Seidel's community property interest in bank accounts held in the name of Vicki R. Seidel into her separate property. To the contrary, the postnuptial property agreement states in paragraph 2.g.:

> Community Personal Property. All of the previously-described property, heretofore the separate property of the Wife or Husband or held by the parties in joint tenancy or as community property, shall become the community personal property of the parties.

Thus, the document appears to transmute all personal property into community personal property.

Finally, as discussed above, the addendum which purports to transmute plaintiff's wages from community property into her separate property was not fully executed. Even if Thomas E. Seidel should later execute such addendum, it would effect a fraudulent transfer in violation of Cal. Fam. Code § 851 (West 2004) and Cal. Civ. Code § 3439.04(a) (West 1997). *See State Bd. of Equalization v. Woo*, 82 Cal. App. 4th 481, 98 Cal. Rptr. 2d 206, 208 (2000).

///

///

///

///

1  For the foregoing reasons and those set forth in the memorandum of points and
2  authorities supporting the motion, the United State's motion for summary judgment should be
3  granted.

          Respectfully submitted,

          JOSEPH P. RUSSONIELLO
          United States Attorney

          /s/ David L. Denier
          DAVID L. DENIER
          Assistant United States Attorney
          Tax Division