**E-Filed 6/11/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VICKI R. SEIDEL,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case Number C 07-3141<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  Plaintiff, Vicki R. Seidel ("Mrs. Seidel") brings this wrongful levy action pursuant to I.R.C. § 7426(b). Defendant, the United States of America ("the Government") moves for summary judgment. The Court has considered the moving and responding papers and the oral argument of counsel at the hearing on April 4, 2008. For the reasons set forth below, the Government's motion for summary judgment will be granted.

## I. BACKGROUND

  On October 23, 1996, pursuant to I.R.C. § 6672, the Internal Revenue Service ("IRS") assessed Plaintiff's husband, Thomas E. Seidel ("Mr. Seidel") a trust fund recovery penalty in the

---

[1] This disposition is not designated for publication and may not be cited.

sum of $601,251.24 for the tax period ending September 30, 1996. Denier Decl. ¶ 2, Ex. 9. According to the Government, Mr. Seidel incurred this penalty because he failed to collect and pay employment taxes in his capacity as president of T.E. Seidel Electronic, Inc. Smith Decl. ¶ 3. The IRS gave notice and made demand to Mr. Seidel for the assessment on October 23, 1996. Denier Decl ¶ 2, Ex. 9. On October 30, 1996, Mr. Seidel consented to the assessment and to collection of the trust fund recovery penalty. He also waived his right to file a claim for abatement after assessment. Denier Decl ¶ 2, Ex. 10.

On August 24, 2000, the IRS sent Mr. Seidel a Final Notice, Notice of Intent to Levy and Notice of Right to Hearing with respect to the penalty. Smith Decl. ¶ 10, Ex. 4. Mr. Seidel did not request a collection due process hearing. Smith Decl. ¶ 8. On May 29, 2007, Revenue Officer Joe Smith ("Smith") issued levies with respect to the following six entities: (1) Union Bank of California; (2) Marc Goodwin, Inc.; (3) Comerica Bank; (4) Cool Pacific Land Company; (5) Community Bank; and (6) Washington Mutual Bank. Smith Decl. ¶ 10, Ex. 4. On June 25, 2007, Smith issued a new levy with respect to Marc Goodwin, Inc. attaching all of Mrs. Seidel's compensation of the month of July 2007. The previous levy with respect to Marc Goodwin, Inc. had attached all of Mrs. Seidel's compensation for the month of June 2007. Smith Decl. ¶ 12, Ex. 5. The IRS also seized $321.20 from Mrs. Seidel's Washington Mutual bank account.

Mrs. Seidel's complaint asserts four claims: (1) damages for wrongful levy of funds from Mrs. Seidel's Washington Mutual account; (2) damages for wrongful levy of Mrs. Seidel's compensation; (3) permanent injunctive relief restraining the IRS from levying upon any property in which Mrs. Seidel has an interest; and (4) damages in the amount of $1,000,000 for reckless, intentional or negligent disregard of the internal revenue laws by Smith. The Government moves for summary judgment on the ground that the subject levies were proper. Mrs. Seidel opposes the motion.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

### III. DISCUSSION

I.R.C. § 7426 provides third parties the right to bring an action against the United States when property is wrongfully seized pursuant to a levy by the IRS. "Section 7426 contains two distinct prerequisites to its application: (1) that the plaintiff have an interest in or lien on the property at issue, and (2) that the levy be wrongful (i.e., that the property not be the taxpayer's)." *Flores v. United States*, 551 F.2d 1169, 1171 (9th Cir. 1977). The Ninth Circuit has explained that "a levy is wrongful if: (1) it's placed on property exempt under section 6334; (2) it wasn't placed on property in which the delinquent taxpayer had an interest; (3) it's invalid under sections 6323 or 6324(a)(2) or (b); or (4) the plaintiff's interest in the property is senior to the federal lien and will be destroyed by the levy." *Sessler v. United States*, 7 F.3d 1449, 1451 (9th Cir. 1993) (citing 26 CFR § 301.7426-1(b)).

Mrs. Seidel first contends that the levies against her monthly compensation and bank account were wrongful because the trust fund recovery penalty assessment made against Mr. Seidel was procedurally defective and invalid. However, § 7426 states expressly that "[f]or the purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." 26 U.S.C. §

3

7426(c). Morever, the Ninth Circuit has held explicitly that a claim that a levy was effected without proper notice is insufficient to ground a claim for relief under § 7426. *Id.*; *see also Shannon v. United States*, 521 F.2d 56, 59 (9th Cir. 1975) ("[O]ne who sues under § 7426 cannot challenge the validity of the assessment.").

Mrs. Seidel next asserts that a postnuptial property agreement between herself and Mr. Seidel is sufficient to preclude a levy against her assets. However, under California law, once a couple is married, any and all income earned or assets acquired during the marriage are community property, Cal. Fam. Code § 760, and community property is liable for either spouse's separate tax liabilities during marriage. *Babb v. Schmidt*, 496 F.2d 957, 959-60 (9th Cir. 1974). Although the Seidels were married both at the time of the assessment and its underlying acts, Mrs. Seidel argues that under Cal. Fam. Code § 852, the postnuptial agreement signed by both parties in 1997 has the affect of trumping California's community property law and thus protects her property from levy. However, the provision of the postnuptial agreement upon which Mrs. Seidel relies is contained in an addendum dated February 27, 2008.[2] Even if the postnuptial agreement were sufficient to shield Mrs. Seidel's assets from debt incurred following its execution, "a transmutation of real property is not effective as to third parties without notice thereof unless recorded." Cal. Family Code § 852(b). Here, the IRS obviously could not have received timely notice of the addendum because it was signed after the levies were issued.

Mrs. Seidel has not sought additional discovery pursuant to Rule 56(f) and has not

---

[2] Mrs. Seidel directs the Court's attention to the following language:

> earnings, income or benefits, no matter their nature, kind or source, from and after marriage, including but not limited to salary, bonuses, stock options, deferred compensation and retirement benefits, shall be the separate property of the party earning or acquiring such earnings, income or benefits as though the marriage had never existed.

Opposition, Exhibit 6. At oral argument, Mrs. Seidel indicated that her reliance on this clause in her papers was mistaken and that her interests in fact were protected by the original postnuptial agreement the Seidels executed in 1997. However, that agreement makes no mention of earnings income or benefits, nor does Mrs. Seidel offer any evidence that the IRS had notice of that agreement.

indicated that additional discovery might lead to evidence sufficient to defeat summary judgment. Accordingly, because Mrs. Seidel cannot show that the levies against her compensation and bank account were wrongful, summary judgment will be granted in favor of the Government.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

DATED: June 11, 2008

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

2

3   Chris Dietrich   venturelaw@gmail.com

4   Robert Lawrence Goldstein   rgoldstein@taxexit.com

5   Robert Alan Jones   rajltd@aol.com

6   David L. Denier   david.denier@usdoj.gov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-3141
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)